IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND 1 TRUST, individually
and on behalf of those similarly situated,

           Plaintiff,

**CLASS REPRESENTATION**

vs.

Case No: *15-CA-009871*

BUSINESS LAW GROUP, P.A.,
LM FUNDING, LLC, and
BRUCE RODGERS,

           Defendants.

Division *I*

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Wilmington Savings Fund Society, FSB, as trustee of the Primestar-H Fund 1 Trust ("Plaintiff"), on its behalf and for all those similarly situated, sues Defendants, Business Law Group, P.A. ("BLG"), LM Funding, LLC ("LMF"), and Bruce Rodgers ("Rodgers"), and alleges as follows:

### Parties, Jurisdiction, and Venue

1.     This is an action for injunctive relief and damages in excess of $15,000, exclusive of interest, costs, and attorneys' fees.

2.     This is an action asserting class action claims for declaratory and injunctive relief pursuant to Florida Rule of Civil Procedure 1.220(b)(2), and asserting class action claims for damages pursuant to Florida Rules of Civil Procedure 1.220(b)(3).

3.    At all times material, Plaintiff has been doing business in Hillsborough County and throughout the State of Florida, purchasing notes and mortgages securing residential properties in Florida. Plaintiff then improves and sells the residential properties.

4.    BLG is a Florida professional association with its principal place of business in Hillsborough County, Florida.

5.    LMF is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

6.    Rodgers is an individual residing in Hillsborough County, Florida.

## Introduction

7.    LMF is a specialty financing company that buys delinquent receivable accounts from condominium associations and homeowners associations. A delinquent account occurs when an owner within an association fails to pay the monthly assessments required for association membership. In exchange for funding each of its association clients, LMF receives an assignment of the delinquent receivable, which includes rights to collect the receivable and which is secured by a super priority lien against the unit or parcel.

8.    LMF earns most of its revenue by collecting or recovering the interest, late charges, and fees on the outstanding assessments, rather than the outstanding assessments themselves.

9.    Condominium associations and homeowners associations are governed by Florida Statutes, which grant particular protections to first mortgagees and their successors and assignees who obtain a judgment of foreclosure against an association member who defaulted on his or her mortgage and assessments.

10. Specifically, even though an association's lien is generally superior to a first mortgage, the Florida Statutes limit a first mortgagee's or its successor's or assignees' liability to an association, in certain instances described below, to an amount known as the "safe harbor."

11. Despite their knowledge of the "safe harbor" limitation, Defendants, as a matter of course and consistent with their business model, demand sums in excess of the "safe harbor" from first mortgagees and their successors and assignees.

12. Defendants' practice essentially holds first mortgagees and their successors and assignees hostage because they cannot obtain clear title and dispose of a property until they satisfy the association's lien.

13. Defendants' practice is illegal and results in Defendants being unjustly enriched at the expense of first mortgagees and their successors and assignees.

14. The Plaintiff Class seeks to enjoin Defendants' illegal practice and recover damages sustained as a result of the illegal practice.

## Community Associations

15. A community association, including a condominium association and a homeowners association ("HOA") (collectively, "Association"), is a corporation formed by a real estate developer for the purpose of marketing, selling, and managing units or parcels in a residential community. Many communities in Florida require Association membership as a condition to owning a unit or parcel in the communities.

16. Association members pay monthly assessments to the Association for shared common expenses.

17. In Florida, in addition to recorded declarations, condominium associations are governed by Chapter 718, Florida Statutes. HOAs are governed by Chapter 720, Florida Statutes.

18. Chapter 718 defines "assessment" as: "A share of the funds which are required for the payment of common expenses, which from time to time is assessed against the unit owner." Fla. Stat. § 718.103(1).

19. Chapter 720 defines "assessment" as: "A sum or sums of money payable to the association, to the developer or other owner of common areas, or to recreational facilities and other properties serving the parcels by the owners of one or more parcels as authorized in the governing documents, which if not paid by the owner of a parcel, can result in a lien against the parcel." Fla. Stat. § 720.301(1).

20. Pursuant to sections 718.116 and 720.3085, Florida Statutes, Associations have a lien on each unit/parcel to secure the payment of assessments.

21. Association liens are sometimes referred to as "super liens" or "super priority liens" because, in certain circumstances, they are superior to all liens other than tax liens, including the liens of first mortgagees.

22. To be valid, an Association must record a claim of lien in the public records, with information describing the unit/parcel. The claim of lien secures all unpaid assessments that are due and that may accrue subsequent to the recording of the claim of lien and before the entry of a certificate of title, as well as interest, late charges, and reasonable costs and attorney fees incurred by the Association incident to the collection process.

23. However, as described below, individualized charges such as interest, late charges, collection costs and attorneys' fees are not considered assessments for which first

{BC00076471:1}                                    4

mortgagees become liable when they qualify for the "safe harbor" provisions of Chapters 718 and 720.

24. When an Association member defaults on his or her assessment obligations, section 718.116 or section 720.3085 describes the member's liability and the Association's remedies.

25. In addition to defaulting on his or her assessment obligations, an Association member may default on his or her mortgage, resulting in a mortgage foreclosure action by a first mortgagee.

26. When this happens, section 718.116(b)1 clearly sets forth the liability of a first mortgagee, or its successor or assignee, as follows:

> The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:
>
> a. The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>
> b. One percent of the original mortgage debt. The provisions of this paragraph apply only if the first mortgagee joined the association as a defendant in the foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location which was known to or reasonably discoverable by the mortgagee.

Fla. Stat. § 718.116(b)1 (the "Condo Statute").

27. Section 720.3085(c) clearly sets forth the liability of a first mortgagee, or its successor or assignee, as follows:

> Notwithstanding anything to the contrary contained in this section, the liability of a first mortgagee, or its successor or assignee as a

subsequent holder of the first mortgage who acquires title to a parcel by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title, shall be the lesser of:

> 1. The parcel's unpaid common expenses and regular periodic or special assessments that accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or
>
> 2. One percent of the original mortgage debt.

The limitations on first mortgagee liability provided by this paragraph apply only if the first mortgagee filed suit against the parcel owner and initially joined the association as a defendant in the mortgagee foreclosure action. Joinder of the association is not required if, on the date the complaint is filed, the association was dissolved or did not maintain an office or agent for service of process at a location that was known to or reasonably discoverable by the mortgagee.

Fla. Stat. § 720.3085(c) (the "HOA Statute"). The Condo Statute and HOA Statute are referred to collectively as the "Statutes."

28.    Accordingly, first mortgagees and their successors and assignees who qualify for the "safe harbor" described above are only liable for a limited amount of assessments. Moreover, first mortgagees and their successors and assignees who qualify for the "safe harbor" are not liable for any of the previous unit/parcel owner's interest or late charges or the Association's costs or attorneys' fees.

29.    After a first mortgagee or its successor or assignee obtains a judgment of foreclosure, it customarily attempts to satisfy the lien of an Association in order to clear title and dispose of the property. To effectuate this process, the first mortgagee or its successor or assignee requests an estoppel certificate from the Association.

{BC00076471:1}                                6

30.    Pursuant to sections 718.116(8) and 720.30851, Florida Statutes, within 15 days of the date on which an Association receives a request for an estoppel certificate, the Association shall provide the certificate stating all assessments and other moneys owed by the owner or mortgagee with respect to the unit/parcel.

### The Defendants and Their Knowledge of the Condo and HOA Statutes

31.    Rodgers owns BLG.

32.    Rodgers's wife, Carollinn Gould, founded LMF in January, 2008.

33.    BLG and LMF share office space and common expenses.

34.    LMF is a sophisticated entity that buys Association debt.  LMF recently announced plans to become a wholly-owned subsidiary of a newly formed corporation that has filed a public offering with the Securities and Exchange Commission, LM Funding America, Inc. LM Funding America, Inc. filed a Form S-1 and multiple amendments (the "Form S-1"), which provides substantial detail about the business model, ownership and profitability of LMF.

35.    Rodgers is set to become Chairman of the Board and CEO of LM Funding America, Inc. and will remain a substantial stock-owner after the company goes public.

36.    From its inception through June, 2015, LMF has purchased receivables relating to approximately 11,000 units across nearly 500 Associations.

37.    LMF enters into contracts with Associations by which LMF purchases receivables, known as a Delinquent Assessment Proceeds Purchase Agreement ("Purchase Agreement").

38.    Pursuant to the Purchase Agreement, LMF pays the Association for an assignment of the Association's lien collection proceeds. The Purchase Agreement further provides that

"LMF must limit amounts funded to accounts it can collect in the event of a first mortgage foreclosure."

39.    Pursuant to the Purchase Agreement, the Association authorizes LMF to retain BLG.

40.    LMF and BLG are parties to a Services Agreement, which provides, in part:

a) BLG shall defer legal billing until such time a "Triggering Event" occurs. Triggering events are defined as the earlier of any of the following events:

| i. | A collection event occurs, which relieves all potential debtors from liability, otherwise concluding the representation; |
|---|---|
| ii. | Obtainment of title by LMF or its assigns in a lien foreclosure action; |
| iii. | Termination of the representation of BLG by LMF; or |
| iv. | Ongoing defense of a mortgage foreclosure, whereby LMF or its assigns are the unit owner. |

b) Upon the occurrence of a Triggering Event wherein BLG received no payment from the Delinquent Unit Owner, LMF shall pay to BLG $700. These fees are exclusive of costs as further addressed in Section 6 of this Agreement.

41.    In exchange for favorable terms, such as deferred billing, LMF retains BLG on its entire portfolio of Association debt, from collections to representation in foreclosure proceedings.

42.    Upon information and belief, LMF influences BLG's representation of its Association clients when LMF has an interest in the Association debt.

43.    In conducting its business, LMF relies heavily on the super priority status given to Association liens. As such, Defendants are intimately familiar with the Statutes.

44.    Multiple provisions of the Form S-1 demonstrate Defendants' knowledge of the Condo and HOA Statutes and, specifically, the safe harbor for first mortgagees.

45.     For example, the section titled "Risks Relating to Accounts" provides:

> Also, a holder of a first mortgage taking title through a foreclosure
> proceeding in which the Association is named as a defendant must
> only pay the Super Lien Amount in a state with a super lien statute.
> Although we purchase Accounts at a discount to the outstanding
> balance and the owner remains personally liable for any
> deficiency, we may decide that it is not cost-effective to pursue
> such a deficiency. As a result, the purchase or ownership of a
> significant number of Accounts which result in payment of only
> the Super Lien Amount or less where no statute specifying a Super
> Lien Amount applies, could adversely affect our financial
> condition and results of operations.

46.     Further, LMF's Association clients have been sued in at least two dozen declaratory judgment actions relating to the rights of Association and first mortgagees or their successors or assignees under the Condo Statute or HOA Statute. Each lawsuit was the direct result of BLG sending the plaintiff first mortgagees or its successor or assignee an estoppel certificate demanding amounts in excess of the "safe harbor" amounts set forth in the Condo Statute or HOA Statute.

47.     Upon information and belief, every court that has interpreted either the Condo Statute or HOA statute in such a declaratory judgment action has found that BLG, on behalf of an Association client, is not entitled to recover any amounts in excess of the "safe harbor" amount, including interest, late charges, costs and attorneys' fees. Claims in excess of the "safe harbor" amount are extinguished or discharged by a final judgment of foreclosure.

48.     BLG and/or Rodgers has been copied on at least 21 Final Judgments or similar Orders finding that an Association is not permitted to charge late fees, interest, collection costs or any other fees not explicitly authorized by either the Condo Statute or HOA Statute. True, complete, and authentic copies of the Final Judgments and Orders are attached as **Composite Exhibit A.**

49.    Despite their knowledge and understanding of the Statute, Defendants continue to

engage in their unlawful practices, as described below.

### The Statutes Adversely Affect Defendants' Business Model

50.    Generally, LMF buys delinquent accounts from Associations.  LMF receives an

assignment from the Association of the receivable, and then attempts to collect the debt.

51.    On its website, LMF describes its business model as follows:

> Typically LM Funding pays the "safe harbor" amount up front and
> covers all legal fees and costs. LM Funding retains collected
> interest and late fees and the association receives all recovered
> assessments. This product typically best suits condos and HOA's
> with significant cash flow needs, who want to collect as much of
> the past due amounts as possible, eliminate legal fees and are less
> sensitive about the time element of the collection process.

52.    Similarly, in the Form S-1, LMF describes its business model as follows:

> Our original product relies upon Florida statutory provisions that
> effectively protect the principal amount invested by us in each
> Account. In particular, Section 718.116(1), Florida Statutes, makes
> purchasers and sellers of a unit in an Association jointly and
> severally liable for all past due assessments, interest, late fees,
> legal fees, and costs payable to the Association. In addition, the
> statute grants to Associations a so-called "super lien", which is a
> category of lien that is given a statutorily higher priority than all
> other types of liens other than property tax liens. Under the Florida
> statute, a Florida Association's super lien has higher priority than
> all other lien holders, except that in the case of property tax liens.
> **The amount of the Association's priority over a first mortgage**
> **holder that takes title to a property through foreclosure (or**
> **deed in lieu), referred to as the Super Lien Amount, is limited**
> **to twelve months' past due assessments or, if less, one percent**
> **(1.0%) of the original mortgage amount.** Under our contracts
> with Associations for our original product, we pay Associations an
> amount up to the Super Lien Amount for the right to receive all
> collected interest and late fees on Accounts purchased from the
> Associations.

(emphasis supplied).

53.     Because LMF pays Associations the Super Lien Amount in exchange for the right to receive interest and late fees, LMF earns its profit from such interest and late fees.

54.     However, because the Statutes limit a first mortgagee's liability to the Super Lien Amount, there is no room for profit in the scenario where a first mortgagee takes title to a property through a foreclosure. In other words, when first mortgagees foreclose, LMF's claim to the interest and fees by which it makes its profit in all other scenarios is extinguished.

55.     As stated in the Form S-1, "the ownership of a significant number of accounts which result in payment of only the Super Lien Amount...could adversely affect our financial condition and results of operation."

56.     Thus, Defendants developed a practice to earn money on those accounts that should only result in payment of the Super Lien Amount.

## The Defendants' Routine Practice in Violation of the Statutes

57.     When an LMF Association client is named as a defendant in a foreclosure lawsuit brought by a first mortgagee or its successor or assignee, LMF appoints BLG as counsel for the Association.

58.     Although the Association is BLG's client, LMF maintains a substantial interest in the lawsuit because the Association has assigned its rights to LMF pursuant to a Purchase Agreement.

59.     BLG has a conflict of interest each time it represents an LMF Association client in a foreclosure action brought by a first mortgagee or its successor or assignee.

60.     The Association has an interest in recovering the Super Lien Amount to which it is entitled and replacing the foreclosed owner with an assessment-paying owner.

61. LMF has an interest in making a profit on the account, which it cannot do by recovering only the Super Lien Amount. As such, Defendants agree to demand amounts in excess of the Super Lien Amount.

62. As a matter of course and consistent with LMF's business model, BLG sends estoppel certificates to first mortgagees or their successors or assignees demanding amounts in excess of the "safe harbor" amounts provided by the Statutes.

63. In doing so, Defendants have actual knowledge that the first mortgagee's, successor's or assignee's liability is limited to the lesser of subpart 1 or 2 of the Statutes.

64. Defendants use their illegal estoppel certificates as leverage to extort payments to which Defendants (or BLG's Association clients) are not entitled.

65. When a first mortgagee or its successor or assignee receives an illegal estoppel certificate from BLG, it has only three options: (a) pay the amount requested so that it can avoid future carrying costs and transfer the property; (b) negotiate a settlement of some amount in between the amount demanded and the amount permitted by the Statutes; or (c) sue BLG's (and LMF's) Association client in a declaratory judgment action.

66. In all of these scenarios, first mortgagees or their successors or assignees incur costs, expenses, and damages that they should not have incurred had Defendants complied with clear statutory obligations.

## Plaintiff's Encounters with Defendants

67. Plaintiff is in the business of purchasing distressed assets, which include the notes and mortgages on properties either in default or currently in foreclosure. Plaintiff then receives an assignment of the note and mortgage and prosecutes the foreclosure action.

68.     In multiple instances, Plaintiff either filed a foreclosure action against an LMF and BLG Association client or prosecuted a foreclosure action to judgment as an assignee of a first mortgagee in which an LMF and BLG Association client was a named defendant.

69.     On August 28, 2014, Plaintiff obtained a Final Judgment of Foreclosure against numerous defendants, including Solaire at the Plaza Condominium Association, Inc. ("Solaire"). A true, complete, and authentic copy of the Judgment is attached as **Exhibit B.**

70.     BLG represented Solaire in the foreclosure action.

71.     Upon information and belief, Solaire is an LMF client.

72.     As set forth in the Judgment, the original mortgage debt was $226,500.00.

73.     The unit's unpaid common expenses and regular periodic assessments which accrued or became due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by Solaire were $4,262.88.

74.     Accordingly, Plaintiff's liability to Solaire was limited to $2,265.00.

75.     On November 19, 2014, BLG sent Plaintiff an estoppel certificate demanding payment of $31,131.55 to satisfy its client's assessment lien. A true, complete, and authentic copy of the November 19, 2014, estoppel certificate is attached as **Exhibit C.**

76.     In addition to demanding assessments in the amount of $16,126.41, BLG demanded payment for finance charges, late fees, legal fees, lien costs, underwriting, prior attorneys' fees, accelerated assessments, and other association costs.

77.     After Plaintiff's multiple requests for a proper estoppel certificate reflecting the "safe harbor" to which Plaintiff was entitled, BLG sent another illegal estoppel certificate on January 17, 2015, again demanding an amount in excess of the "safe harbor," $32,623.98.    A

true, complete, and authentic copy of the January 17, 2015, estoppel certificate is attached as **Exhibit D.**

78.     Plaintiff again requested a proper estoppel certificate and BLG again sent an illegal estoppel certificate. A true, complete, and authentic copy of the February 4, 2015, estoppel certificate is attached as **Exhibit E.**

79.     On March 26, 2015, Plaintiff sent a final demand for a proper estoppel certificate. BLG ignored the demand, forcing Plaintiff to file a lawsuit.

80.     At all times, BLG knew or should have known that its failure to provide a proper estoppel certificate was not supported by applicable law. Nevertheless, BLG briefly "defended" the case until a hearing was set on Plaintiff's Motion for Declaratory Summary Judgment, at which point BLG offered to "settle" the case.

81.     Finally, after multiple demands from Plaintiff's counsel and months of carrying costs on the subject property, on September 16, 2015, BLG sent an estoppel certificate demanding the amount of $4,981.90 to satisfy its client's lien. A true, complete, and authentic copy of the final estoppel certificate is attached as **Exhibit F.**

82.     All conditions precedent to the bringing and maintenance of this lawsuit have been met, have occurred, or have been waived.

83.     Plaintiff has retained the law firm of Bajo | Cuva | Cohen | Turkel to prosecute this action and is obligated to pay the firm's fees and costs for its services.

## CLASS REPRESENTATION ALLEGATIONS

84.     Plaintiff, individually and on behalf of all those similarly situated, makes the following class representation allegations.

85.     The proposed Class is defined as follows:

{BC00076471:1}                                                  14

> All first mortgagees and their successors or assignees who
> joined an LMF Association client in a foreclosure action in
> Florida, obtained title to the property at issue through a
> foreclosure judgment or deed in lieu of foreclosure, and to
> whom BLG, on behalf an LMF Association client, provided
> an estoppel certificate claiming entitlement to more than the
> limit provided by section 718.116(b) or 720.3085(c), Florida
> Statutes, on or after October 28, 2011.

(the "Plaintiff Class").

86.     While the exact number of Class members is unknown to Plaintiff at this time, there
are likely hundreds or perhaps thousands of first mortgagees, including their successors or
assignees, that fit the proposed definition of the Class. The identities of the members of the Class
are within the knowledge of and can be ascertained from the records of Defendants.

87.     The Class is so numerous that joinder of all of their members is impractical.

88.     Plaintiff's claims are typical of the claims of the members of the Class because
Plaintiff, like the Class members, received unlawful estoppel demands from BLG on behalf of an
LMF Association client.  Plaintiff and the members of the Class were also exposed to Defendants'
deceptive and unfair trade practices.  Similarly, Plaintiff, like all members of the Class, was
damaged by the conduct of Defendants and has no interests antagonistic to those of the members of
the Class.

89.     Plaintiff's claims arise from the same routine practice or course of conduct that give
rise to each Class member's claims.

90.     This action poses numerous questions of law and fact that are common to Plaintiff
and the members of the Class, and those common questions predominate over any questions
affecting only individual members of the Classes, including:

       a.      whether Defendants' routine practice of BLG sending first mortgagees or their successors or assignees estoppel demands on behalf of LMF Association clients claiming more than the client's statutory entitlement is a violation of the Statutes;

       b.      whether Defendants' routine practice of BLG sending first mortgagees or their successors or assignees estoppel demands on behalf of LMF Association clients claiming more than the client's statutory entitlement is an unlawful and/or a deceptive and unfair trade practice;

       c.      whether Defendants were unjustly enriched by the members of the Class as a result of their routine practice;

       d.      whether the Plaintiff Class is entitled to injunctive relief prohibiting Defendants' routine practice;

       e.      whether Defendants' routine practice has damaged Plaintiff and the members of the Class.

91.     Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in handling class actions involving, among other things, deceptive, unfair, and unconscionable trade practices. As a result, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

92.     Plaintiff brings this class action under Rule 1.220(b)(2), Florida Rules of Civil Procedure, because Defendants have acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final injunctive relief or declaratory relief concerning the Class as a whole appropriate.

93.     Plaintiff brings this class action under Rule 1.220(b)(3), Florida Rules of Civil Procedure, because a class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Because the amounts of the claims of each individual member of the Class are small relative to the cost and scope of this litigation, and due to the financial resources of Defendants, none of the members of the Class could justifiably seek legal redress individually for each instance of misconduct alleged in this case. Absent a class action, that misconduct would go unremedied. Further, individual litigation would significantly increase the delay and cost to all parties and would burden the judicial system. Class treatment ensures uniformity and consistency in results and will provide optimum notice and reimbursement to Class members.

94. There will be no manageability problems with prosecuting this case as a class action.

## COUNT I
## DECLARATORY RELIEF

95. Plaintiff realleges paragraphs 1 through 94.

96. This is an action for declaratory relief under Chapter 86 of the Florida Statutes.

97. The Plaintiff Class, as first mortgagees or their successors or assignees, are protected by the safe harbor provisions of the Statute.

98. BLG, as an agent for its Association clients, is bound by the terms of the Statutes.

99. The Statutes clearly and concisely limit the Plaintiff Class members' liability to Associations.

100. Defendants, however, routinely disregard their statutory obligations in an effort to extort sums from the Plaintiff Class.

101. Rodgers directs, assists, aids, and abets BLG violating the Statutes.

102. LMF directs, assists, aids, and abets BLG violating the Statutes.

103. It is Plaintiff's position that demanding any amount, including, but not limited to, assessments which came due more than 12 months before acquisition of title, interest, late

charges, fees, costs, attorneys' fees, and any other charges, in excess of the "safe harbor" provisions of the Statutes, is a violation of the Statutes.

104.   Plaintiff is in doubt concerning its rights under the Statutes and attendant Florida law, and a justiciable, bona fide, and present controversy exists between the Plaintiff Class and Defendants concerning the proper interpretation of the Statute.

105.   Plaintiff is entitled to have its uncertainty removed with respect to its rights and remedies under the Statutes.

106.   The parties have an actual, present, or adverse and antagonistic interest regarding the Statute.

107.   All interested parties and potential adverse interests are before this Court.

108.   The relief sought by Plaintiff in this action is not merely to seek legal advice or to obtain answers to questions propounded out of curiosity.

109.   Therefore, pursuant to sections 86.011 and 86.021, Florida Statutes, Plaintiff and the members of the Class may obtain a declaration of rights, status, or other equitable or legal relations under the Statutes.

WHEREFORE, the Plaintiff Class respectfully requests this Court to enter an Order declaring the practice of demanding any amount in excess of the lesser of the two amounts described in section 720.3085(c), Florida Statutes, to be unlawful and a violation of the Statute, and for such further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT – INJUNCTIVE RELIEF

110.   Plaintiff realleges paragraphs 1 through 94.

111. This is a cause of action by Plaintiff, individually and on behalf of all those similarly situated, pursuant to Rule 1.220(b)(2), Florida Rules of Civil Procedure, for injunctive relief against Defendants.

112. Pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), unconscionable, unfair, and deceptive acts or practices in the conduct of trade or commerce are unlawful. Fla. Stat. § 501.204(1). In addition, the violation of any "law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" constitutes a *per se* violation of FDUTPA. Fla. Stat. § 501.203(3)(c).

113. Anyone aggrieved by a violation of FDUTPA may bring an action for injunctive relief. Fla. Stat. § 501.211(1).

114. Defendants violated the Statutes when they made unlawful demands to first mortgagees or their successors or assignees, as described above.

115. Defendants' unlawful demands constitute a business practice that is unfair and deceptive because it offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Plaintiff and the members of the Class, all of whom are consumers, experienced Defendants' unfair and deceptive business practices, which were committed in the conduct of commerce or trade.

116. Further, Defendants violated the Statutes, which proscribe unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

117. Plaintiff seeks an injunction to enjoin future violations of FDUTPA and the Statutes and an award of its attorneys' fees pursuant to sections 501.211(2) and 501.2105, Florida Statutes.

19

WHEREFORE, the Plaintiff Class respectfully requests this Court to enter an Order enjoining Defendants and their agents from engaging in the practice of demanding any amount in excess of the "safe harbor" provisions of sections 718.116(1)(b)1 and 720.3085(c), Florida Statutes, from first mortgagees or their successors or assignees; awarding Plaintiff its attorneys' fees pursuant to sections 501.211(2) and 501.2105, Florida Statutes; and for such further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT – DAMAGES

118. Plaintiff realleges paragraphs 1 through 94.

119. This is a cause of action by Plaintiff, individually and on behalf of all those similarly situated, pursuant to Rule 1.220(b)(1) and/or 1.220(b)(3), Florida Rules of Civil Procedure, for actual damages against Defendants.

120. Pursuant to FDUTPA, unconscionable, unfair, and deceptive acts or practices in the conduct of trade or commerce are unlawful. Fla. Stat. § 501.204(1). In addition, the violation of any "law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" constitutes a *per se* violation of FDUTPA. Fla. Stat. § 501.203(3)(c).

121. Anyone aggrieved by a violation of FDUTPA may bring an action for actual damages. Fla. Stat. § 501.211(2).

122. Defendants violated the Statutes when they made unlawful demands to first mortgagees or their successors or assignees, as described above.

123. Defendants' unlawful demands constitute a business practice that is unfair and deceptive because it offends established public policy and is immoral, unethical, oppressive,

{BC00076471:1}                                        20

unscrupulous, and substantially injurious to consumers. Plaintiff and the members of the Class, all of whom are consumers, experienced Defendants' unfair and deceptive business practices, which were committed in the conduct of commerce or trade.

124.    Further, Defendants violated the Statutes, which proscribe unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

125.    As a direct and proximate result of Defendants' violations of the Statutes and FDUTPA, Plaintiff and the Plaintiff Class have incurred actual damages, including, but not limited to, amounts paid to BLG and its Association clients due to unlawful demands, carrying costs incurred while BLG's unlawful demands prevented Plaintiff and the Class from obtaining clear title to and disposing of properties, and other damages.

126.    Plaintiff seeks damages and attorneys' fees pursuant to sections 501.211(2) and 501.2105, Florida Statutes.

WHEREFORE, the Plaintiff Class demands judgment against Defendants for actual damages, interest, costs, attorneys' fees pursuant to sections 501.211(2) and 501.2105, Florida Statutes, and such further relief as the Court deems just and proper.

## COUNT IV
## UNJUST ENRICHMENT

127.    Plaintiff realleges paragraphs 1 through 94.

128.    Plaintiff and the Plaintiff Class have conferred a benefit on Defendants, who have knowledge of the benefit.

129.    Defendants voluntarily accepted and retained the benefits conferred.

130.    It would be inequitable for Defendants to retain the benefits without paying the value thereof to Plaintiffs.

WHEREFORE, the Plaintiff Class demands judgment against Defendants for damages, interest, costs, and such further relief as the Court deems just and proper.

## COUNT V
## CIVIL CONSPIRACY

131. Plaintiff realleges paragraphs 1 through 94.

132. Defendants agreed to send illegal estoppel certificates to first mortgagees, including their successors and assignees, as described above.

133. Defendants, through BLG, actually sent illegal estoppel certificates to Plaintiff and the Plaintiff Class.

134. As a direct and proximate cause of the acts done under the conspiracy, Plaintiff and the Plaintiff Class have incurred damages.

WHEREFORE, the Plaintiff Class demands judgment against Defendants for damages, interest, costs, and such further relief as the Court deems just and proper.

## COUNT VI
## RESTITUTION

135. Plaintiff realleges paragraphs 1 through 94.

136. Through their illegal estoppel certificates, Defendants violated Florida's public policy that protects all consumers from such unlawful conduct.

137. Defendants have also violated multiple Florida Statutes, as described above, which also represent Florida's public policy.

138. The Plaintiff Class are innocent parties to the transactions necessitated by Defendants' illegal estoppel certificates, including payment of the unlawful amounts and settlement for lesser, but still unlawful amounts in excess of the "safe harbor."

{BC00076471:1}                            22

139.   As a result of Defendants' violations of public policy and Florida Statutes, all agreements entered into between Defendants or their clients and the Plaintiff Class were void *ab initio* and unenforceable under Florida's century-old illegality doctrine.

140.   Defendants received payments made by the Plaintiff Class pursuant to the illegal and void agreements at issue that resulted from Defendants' violations of public policy and Florida Statutes.

141.   Defendants are required to disgorge and make full restitution to the Plaintiff Class of all sums of money paid to them pursuant to the illegal and unenforceable agreements, with no set-offs.

WHEREFORE, the Plaintiff Class demands judgment against Defendants for restitution of all amounts paid to Defendants or which Defendants earned resulting from payments in excess of the "safe harbor," interest, costs, and such further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff Class demands a trial by jury on all claims so triable.

Dated this 28th day of October, 2015.

> */s/ Kenneth G. Turkel*
> Kenneth G. Turkel, Esq.
> Florida Bar No. 867233
> Email: kturkel@bajocuva.com
> Brad F. Barrios, Esq.
> Florida Bar No. 35293
> Email: bbarrios@bajocuva.com
> **BAJO | CUVA | COHEN | TURKEL**
> 100 North Tampa Street, Suite 1900
> Tampa, Florida 33602
> (813) 443-2199 (telephone)
> (813) 443-2193 (facsimile)

J. Daniel Clark, Esq.
Florida Bar No. 0106471
Email: dclark@clarkmartino.com
**CLARK & MARTINO, P.A.**
3407 W. Kennedy Boulevard
Tampa, FL 33609
(813) 879-0700 (telephone)
(813) 879-5498 (facsimile)

*Counsel for Plaintiffs*

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN AND
FOR BREVARD COUNTY, FLORIDA

DEUTSCHE BANK TRUST COMPANY      )     CASE NO   05-2009-CA-052688
AMERICAS AS TRUSTEE FOR RALI     )
2005QS15.                        )
                                 )
            Plaintiff.           )
                                 )
-vs-                             )
                                 )
BRYAN L BENNETT. TURKEY          )
CREEK VILLAS CONDOMINIUM         )
ASSOCIATION, INC                 )
                                 )
            Defendants           )
_____)

## ORDER GRANTING MOTION TO ENFORCE FINAL JUDGMENT OF FORECLOSURE AND TO DETERMINE AMOUNTS DUE TO CONDOMINIUM ASSOCIATION

THIS CAUSE having come before the Court on March 24, 2014, upon Plaintiff.
DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2005QS15's
("Deutsche Bank"). Motion to Enforce Final Judgment of Foreclosure and to Determine
Amounts Due to Condominium Association, with Incorporated Memorandum of Law ("Motion
to Enforce")  The Court having reviewed the Motion to Enforce, and being otherwise duly
advised in the premises, it is hereby ORDERED and ADJUDGED that

1       This Court has jurisdiction to enforce the Final Judgment against the Defendant
Turkey Creek Villas Condominium Association, Inc  (the "Association"). which has refused to
acknowledge this Court's Final Judgment [1]

---

[1] *See City of North Miami v  M  L  & L  Enterprises.* 294 So 2d 42 (Fla  3d DCA 1974), *Buckley Towers Condominium, Inc v  Buchwald,* 321 So 2d 628 (Fla  3d DCA 1975)  *See also, Barnes v  Castle Beach Club Condo Assoc  Inc.,* 106 So 3d 86 (Fla  3d DCA 2013), *U.S  Bank Nat'l Assoc  as Tr  for the BNC Mortgage Loan Trust 2006-1 v  Valdes.* 2011 WL 10725878 (Fla Cir Ct  Palm Beach 2011) (Hoy. John J.J ) (determining amounts due

OTXM 593P9\1
3914886-003675

EXHIBIT A

Case # 05-2009-CA-052688-XXXX-XX
Document Page # 45



*22609829*

2    Deutsche Bank's Motion to Enforce is hereby GRANTED

3    Deutsche Bank, as a subsequent holder of the mortgage by virtue of being a "successor or assignee" of the first mortgagee of the foreclosed property, as defined in §718 116(1)(b)1 and (g), is protected under Fla Stat § 718 116(1)(b),[2] and required to pay the Association only the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments, which came due or accrued before Deutsche Bank's acquisition of title and which were not paid by the previous owner

4    The Association is not permitted to charge late fees, interest, attorney's fees, and collection costs that accrued prior to Deutsche Bank taking title, pursuant to its Certificate of

---

through the date or order, pre-title and post-title), *The Bank of New York as Tr for the Certificate Holders CWABS, Inc Asset-Backed Certificates, Series 2006-23 v Colombine*, 2011 WL 10725888 (Fla Cir Ct Palm Beach 2011) (Cotton, Roger B , J ) (determining amounts due through the date or order, pre-title and post-title), *US Bank v Motorola*, 2010 WL 8742249 (Fla Cir Ct Palm Beach 2010) (determining amounts both pre-title and post-title), *Fremont Investment and Loan v Earl Winston Roache, et al*, 2009 WL 8626511 (Fla Cir Ct Miami-Dade 2009) (Leesfield, Ellen L , J ) (determining amounts both pre-title and post-title), *Wells Fargo Bank N A As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset Backed Passed Through Certificates v Debesa*, 2011 WL 8151877 (Fla Cir Ct Miami-Dade 2011) (Schlesinger, John, J ) (determining amounts both pre-title and post-title), *As Lily LLC v Broseli Vazquez, Blue Bay Tower Condominium Assoc Inc et al*, 2013 WL 4519352 (Fla Cir Ct Miami-Dade 2013) (Thornton, John W , J ) (determining amounts both pre-title and post-title), *Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v Jill S Nickens*, 2014 WL 519354 (Fla 9th Jud Cir Orange Feb 6, 2014) (Eaton, O H , J ) (determining amounts both pre and post-title), *US1 Residential Properties, LLC v Ventzislav Slavov, Ocean Grande Condominium Association, Inc* 2013 WaL 5462324 (Fla Cir Ct St Johns Sept 26, 2013), *Aspen Shackleton II LLC v Graham*, 2013 WL 1874305 (Fla Cir Ct Brevard Apr 25, 2013) (Eaton, O H , J ) ("Issues such as this may be addressed post-judgment, as occurred in *Barnes v Castle Beach Club Condominium Association, Inc*, 106 So 3d 86 (Fla 3d DCA 2013), where the successful bidder at a foreclosure sale on condominium units filed a post-judgment motion to determine the amount due to condominium association "), *HSBC Bank USA, N A , As Trustee on Behalf of Ace Securities Corp Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp Home Equity Loan Trust, Series 2006-asops Asset Backed Pass-through Certificates v Abreu*, 2014 WL 708904 (Fla Cir Ct Duval Feb 24, 2014)(Buttner, Frederic A , J )(determining amounts both pre and post-title), *The Bank of New York Mellon Trust Co N A , fk/a The Bank of New York Trust Co, N A Successors to JPMorgan Chase Bank N A RAMP 2006-RS3 v Pahny V De Rosario, Case* No 2010-CA-13567, Order Granting Motion to Enforce Final Judgment of Foreclosure and to Determine Amounts Due to Condominium Association (Fla Cir Ct Duval March 12, 2014)(Bowden, Aaron K , J )(determining amounts both pre and post-title)

[2] Fla Stat § 718 116 specifically limits the liability of a first mortgagee or its successor or assignees (emphasis added on the plural for "assignees") *US1 Residential Properties, LLC v Ventzislav Slavov, Ocean Grande Condominium Association, Inc*, 2013 WL 5462324 (Fla Cir Ct St Johns Sept 26, 2013)

2

Title issued in this action on June 25, 2013,[3] nor is the Association permitted to charge late fees, interest, attorney's fees, and collection costs that accrued subsequent to Deutsche Bank taking title, pursuant to its Certificate of Title issued in this action on June 25, 2013 which accrued

---

[3] *See United States of America v. Forest Hill Gardens East Condo. Assoc. Inc.*, 2014 WL 28723 *2 (S.D.Fla January 3, 2014). *HSBC Bank USA, N.A., As Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-asap5, Asset Backed Pass-through Certificates v. Abreu,* 2014 WL 708904 (Fla Cir Ct. Duval Feb 24, 2014)(Buttner, Frederic A , J ). *Deutsche Bank Nat'l Trust Co., as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v. Nickens,* 2014 WL 519354 (Fla Cir Ct. Feb 6, 2014) *Fremont Investment and Loan v. Earl Winston Roache, et al,* 2009 WL 8626511 (Fla Cir Ct. 2009). *American Home Mortgage Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1 Asset Backed Passed Through Certificates v. Dabesa,* 2011 WL 8151877 (Fla Cir Ct. 2011). *Bank of New York v. Mirador 1200 Condo Assoc. Inc.,* 2012 WL 6916808 (Fla Cir Ct. 2012). *Residential Funding Co. LLC v. Lincoln Place Residences Condo Assoc, Inc.,* 2013 WL 1889386 (Fla Cir Ct. February 27, 2013). *Residential Funding Co., LLC v. Lincoln Place Residences Condo Assoc, Inc.,* 2012 WL 8015558 (Fla Cir Ct. 2012). *Bank of America v. Bermuda Dunes Private Residences Condo Assoc, Inc.,* 2012 WL 6916810 (Fla Cir Ct. 2012). *BAC Home Loans Servicing, L P v. The Plaza Condo Assoc, Inc.,* 2012 WL 8015571 (Fla Cir Ct. 2012), *Fed Nat'l Mortgage Assoc. v. Mirabella At World Gateway Condo. Assoc., Inc.,* 2012 WL 8015568 (Fla Cir Ct. 2012), *The Bank of New York Mellon v. The Plaza Condo Assoc. Inc.,* 2013 WL. 1889419 (Fla Cir Ct. February 7, 2013). *The Bank of New York, as Tr. for the Benefit of the Certificate Holders CWALT, Inc., Alternative Loan Trust 2007-OA8 Mortgage Pass-Through Certificates v. The Greens COA, Inc.,* 2013 WL 1889448 (Fla Cir Ct. March 14, 2013). *As Lily LLC v. Brisell Vazquez, Blue Bay Tower Condominium Assoc, Inc., et al,* 2013 WL 4519552 (Fla Cir Ct. 2013). *US Bank v. Matenalo,* 2010 WL 8742249 (Fla Cir Ct. 2010), *HSBC BANK USA, Nat'l Assoc. as Trustee for Nomura Asset Acceptance Corp. Mortgage Pass-Through Certificate Series 2006-AF1 v. Renaissance Villas Condo Assoc. Inc.,* 2011 WL 9919181 (Fla Cir Ct. 2011). *HSBC Bank USA, Nat'l Assoc. as Trustee for Nomura Asset Acceptance Corp. Mortgage Pass-Through Certificates, Series 2006-AR4 v. The Villas Condo Assoc. Inc.,* 2011 WL 9919180 (Fla Cir Ct. 2011). *Fed Nat'l Mortgage Assoc. v. Cordoba at Beach Park Condo Assoc. Inc.,* 2012 WL. 6916814 (Fla Cir Ct. 2012). *Deutsche Bank Nat'l Trust Co. as Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass Through Certificates, Series 2007-3 v. Tuscany No. 3 Condo Assoc. Inc.,* 2012 WL 8255399 (Fla Cir Ct. 2012), *The Bank of New York for the Benefit of the CWABS Inc. v. The Sterling Villages of Palm Beach Lakes Condo Assoc. Inc.,* 2012 WL 8255393 (Fla Cir Ct. 2012). *US Bank Nat'l Assoc. as Tr for the BNC Mortgage Loan Trust 2006-1 v. Valdes,* 2011 WL 10725878 (Fla Cir Ct. 2011). *The Bank of New York, as Tr. for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-23 v. Columbine* 2011 WL 10725888 (Fla Cir Ct. 2011), *Fed Nat'l Mortgage Assoc. v. Countryside Master Assoc. Inc.,* 2012 WL 6916812 (Fla Cir Ct. 2012). *Aspen Shackleton II LLC v. Graham,* 2013 WL 1874305 (Fla Cir Ct. April 25, 2013). *The Bank of New York, as Tr. for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-19CB, Mortgage Pass-Through Certificates, Series 2006-19CB v. River Walk Townhomes Assoc. Inc.,* 2012 WL 8015562 (Fla Cir Ct. 2012). *Bank of America, N.A. Successor by Merger to Bac Home Loans Servicing, LP v. Colonnade at the Forum Homeowners Assoc, Inc.,* 2012 WL 8015567 (Fla Cir Ct. 2012), *The Bank of New York as Tr. for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2005-62 Mortgage Pass Through Certificates, Series 2005-62 v. Serenade on Palmer Ranch Condo Assoc, Inc.,* 2013 WL 1889451 (Fla Cir Ct. February 19, 2013). *Fed Nat'l Mortgage Assoc. v. The Cove at Pearl Lake Condo Assoc., Inc.,* 2013 WL 1889432 (Fla Cir Ct. March 11, 2013). *Fed Nat'l Mortgage Assoc. v. The Quarter at Ybor Condo Assoc., Inc.,* 2013 WL 1889465 (Fla Cir Ct. March 5, 2013), *The Bank of New York as Tr. for the Benefit of the Certificate-Holders CW ALT Inc. Alternative Loan Trust 2007-OA10, Mortgage Pass-Through Certificates, Series 2007-OA10 v. The Sterling Villages of Palm Beach Lakes Condo Assoc. Inc.,* 2012 WL 8015574 (Fla Cir Ct. 2012)

3

solely due to the Association's failure to give only the proper estoppel amount as mandated by this Court's Final Judgment [4]

5      As of June 25, 2013, the total amount due to the Association pursuant to Fla. Stat. §718.116(b) is $1,003.00, which is 1% of the original mortgage debt

6      The Association is hereby ORDERED to accept from Deutsche Bank, as being full payment through April 30, 2014, (1) $1,003.00 (i.e., the safe-harbor amount of 1% of the mortgage), and (2) monthly assessments from June 25, 2013 through April 30, 2014, i.e. $3,049.32, totaling $4,052.32

7      Within ten (10) days of this Order, the Association shall provide an estoppel as specified above, that shall also include credit for any assessments already paid to the Association by Deutsche Bank, and this estoppel shall not include any late fees, interest, attorney's fees, and collection costs

8      Deutsche Bank is entitled to its attorney's fees and costs incurred as a result of obtaining this Order, pursuant to Florida Statutes Chapter 718 [5]  The Court reserves jurisdiction to determine the amount of the award

DONE AND ORDERED in Chambers, at Brevard County, Florida, on this 2 7 day of March, 2014

Circuit Court Judge,
Lisa Davidson

---

[4] Due to equitable principles as a result of the Association's refusal to provide a lawful estoppel letter and pursuant to Fla. Stat. § 718.303(2013). *See also HSBC Bank USA, N.A., As Trustee on Behalf of Ace Securities Corp Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-asap. Asset Backed Pass-through Certificates v. Abreu*, 2014 WL 708904 (Fla Cir Ct  Duval Feb 24, 2014)(Buttner, Frederic A. J). *Deutsche Bank Nat'l Trust Co., as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates Series 2007-NC3 v. Nickens* 2014 WL 519354 (Fla Cir Ct  Feb  6, 2014)

[5] *See Ocean Bank v. Caribbean Towers Condominium Association, Inc.*, 2013 WL 4081702, *2 (Fla  3d DCA 2013)

4

Copies to

Michael D Starks, Esq
Shafin Remtulla, Esq
Taraneh Maloney, Esq
Baker, Donelson, Bearman,
Caldwell, & Berkowitz, PC
SunTrust Center
200 South Orange Ave , Ste 2900
Post Office Box 1549
Orlando, FL 32802

Bruce M Rodgers, Esq
Jacob Brainard, Esq
Chad M Sweeting, Esq
Business Law Group, PA
301 W Platt Street, #375
Tampa, Fl 33606

Choice Legal Group, PA
1800 NW 49th Street, Suite 120
Ft Lauderdale, FL 33309

Soma A Bosinger, Esq
Gerland K Burton, Esq
Clayton & McCulloh
1065 Maitland Center Commons Blvd
Maitland, FL 32751

5

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA

THE BANK OF NEW YORK MELLON ) CASE NO.: 2010-CA-13567
TRUST COMPANY, N.A., F/K/A THE )
BANK OF NEW YORK TRUST )
COMPANY, N.A. SUCCESSORS TO )
JPMORGAN CHASE BANK, N.A., )
RAMP 2006-RS3, )
                           )
        Plaintiff, )
                           )
-vs- )
                           )
PALMY Y. DEL ROSARIO; MERRILL )
PINES CONDOMINIUM )
ASSOCIATION, et al., )
                           )
        Defendants. )
_____ )

**FILED**

**MAR 1 2 2014**

~~DeW Pinell~~
CLERK CIRCUIT COURT

## ORDER GRANTING MOTION TO ENFORCE FINAL JUDGMENT OF FORECLOSURE AND TO DETERMINE AMOUNTS DUE TO CONDOMINIUM ASSOCIATION

THIS CAUSE having come before the Court on March 12, 2014, upon Plaintiff. THE

BANK OF NEW YORK MELLON TRUST COMPANY, N.A., F/K/A THE BANK OF NEW

YORK TRUST COMPANY, N.A. SUCCESSORS TO JPMORGAN CHASE BANK, N.A.,

RAMP 2006-RS3's ("BoNY"), Motion to Enforce Final Judgment of Foreclosure and to

Determine Amounts Due to Condominium Association, with Incorporated Memorandum of Law

("Motion to Enforce"). The Court having reviewed the Motion to Enforce, the Response

thereto, and the Reply thereto, and being otherwise duly advised in the premises, it is hereby

ORDERED and ADJUDGED that:

1.    This Court has jurisdiction to enforce the Final Judgment against the Defendant, Merrill Pines Condominium Association, Inc. (the "Association"), which has refused to acknowledge this Court's Final Judgment.[1]

2.    BoNY's Motion to Enforce is hereby GRANTED.

3.    BoNY, as a subsequent holder of the mortgage by virtue of being a "successor or assignee" of the first mortgagee of the foreclosed property, as defined in §718.116(1)(b)1. and (g), is protected under Fla. Stat. § 718.116(1)(b),[2] and required to pay the Association only the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments, which came due or accrued before BoNY's acquisition of title and which were not paid by the previous owner.

---

[1] *See City of North Miami v. M. L. & L Enterprises*, 294 So.2d 42 (Fla. 3d DCA 1974); *Buckley Towers Condominium, Inc. v. Buchwald*, 321 So.2d 628 (Fla. 3d DCA 1975). *See also, Barnes v. Castle Beach Club Condominium Association, Inc.*, 106 So.3d 86 (Fla. 3d DCA 2013); *U.S. Bank Nat'l Assoc., as Tr for the BNC Mortgage Loan Trust 2006-1 v. Valdes*, 2011 WL 10725878 (Fla.Cir.Ct. Palm Beach 2011) (Hoy, John J., J.) (determining amounts due through the date or order, pre-title and post-title); *The Bank of New York as Tr for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-23 v. Columbine*, 2011 WL 10725888 (Fla.Cir.Ct. Palm Beach 2011) (Cotton, Roger B., J.) (determining amounts due through the date or order, pre-title and post-title); *US Bank v. Marciola*, 2010 WL 8742249 (Fla.Cir.Ct. Palm Beach 2010) (determining amounts both pre-title and post-title); *Fremont Investment and Loan v. Earl Winston Roache, et al*, 2009 WL 8626511 (Fla.Cir.Ct. Miami-Dade 2009) (Leesfield, Ellen L., J.) (determining amounts both pre-title and post-title); *Wells Fargo Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset Backed Passed Through Certificates v. Debesa*, 2011 WL 8151877 (Fla.Cir.Ct. Miami-Dade 2011) (Schlesinger, John, J.) (determining amounts both pre-title and post-title); *As Lily, LLC v. Brisell Vazquez, Blue Bay Tower Condominium Assoc., Inc., et al*, 2013 WL 4519352 (Fla.Cir.Ct. Miami-Dade 2013) (Thornton, John W., J.) (determining amounts both pre-title and post-title); *Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v. Jill S. Nickens*, 2014 WL 519354 (Fla. 9th Jud. Cir. Orange Feb. 6, 2014) (Eaton, O.H., J.) (determining amounts both pre and post-title); *USA Residential Properties, LLC v. Ventzislav Slavov, Ocean Grande Condominium Association, Inc.*, 2013 WaL 5462324 (Fla. Cir. Ct. St. Johns Sept. 26, 2013); *Aspen Shackleton II LLC v. Graham*, 2013 WL 1874305 (Fla.Cir.Ct. Brevard Apr. 25, 2013) (Eaton, O.H., J.) ("Issues such as this may be addressed post-judgment, as occurred in *Barnes v. Castle Beach Club Condominium Association, Inc.*, 106 So.3d 86 (Fla. 3d DCA 2013), where the successful bidder at a foreclosure sale on condominium units filed a post-judgment motion to determine the amount due to condominium association.").

[2] Fla. Stat. § 718.116 specifically limits the liability of a first mortgagee or its successor or assignees (emphasis added on the plural for "assignees"). *USA Residential Properties, LLC v. Ventzislav Slavov, Ocean Grande Condominium Association, Inc.*, 2013 WL 5462324 (Fla. Cir. Ct. St. Johns Sept. 26, 2013).

4.     The Association is not permitted to charge late fees, interest, attorney's fees, and collection costs that accrued prior to BoNY taking title, pursuant to its Certificate of Title issued in this action on July 17, 2013,[3] nor is the Association permitted to charge late fees, interest, attorney's fees, and collection costs that accrued subsequent to BoNY taking title, pursuant to its Certificate of Title issued in this action on July 17, 2013, which accrued solely due to the

---

[3] *See United States of America v. Forest Hill Gardens East Condo. Assoc., Inc.*, 2014 WL 28723 *2 (S.D.Fla. January 3, 2014); *HSBC Bank USA, N.A., As Trustee on Behalf of Ace Securities Corp Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-asaps, Asset Backed Pass-through Certificates v. Abreu*, 2014 WL 708904 (Fla.Cir.Ct. Duval Feb. 24, 2014)(Buttner, Frederic A., J.); *Deutsche Bank Nat'l Trust Co., as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v. Nickens*, 2014 WL 519354 (Fla.Cir.Ct. Feb. 6, 2014). *Fremont Investment and Loan v. Earl Winston Roache, et al,* 2009 WL 8626511 (Fla.Cir.Ct. 2009); *American Home Mortgage Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset Backed Passed Through Certificates v. Debesa,* 2011 WL 8151877 (Fla.Cir.Ct. 2011); *Bank of New York v. Mirador 1200 Condo Assoc., Inc*, 2012 WL 6916808 (Fla.Cir.Ct. 2012); *Residential Funding Co., LLC v. Lincoln Place Residences Condo Assoc., Inc.,* 2013 WL 1889386 (Fla.Cir.Ct. February 27, 2013); *Residential Funding Co., LLC v. Lincoln Place Residences Condo. Assoc., Inc.,* 2012 WL 8015558 (Fla.Cir.Ct. 2012); *Bank of America v. Bermuda Dunes Private Residences Condo. Assoc., Inc.,* 2012 WL 6916810 (Fla.Cir.Ct. 2012); *BAC Home Loans Servicing, L.P. v. The Plaza Condo. Assoc., Inc.,* 2012 WL 8015571 (Fla.Cir.Ct. 2012); *Fed. Nat'l Mortgage Assoc. v. Mirabella At World Gateway Condo. Assoc., Inc.,* 2012 WL 8015568 (Fla.Cir.Ct. 2012); *The Bank of New York Mellon v. The Plaza Condo. Assoc., Inc.,* 2013 WL 1889419 (Fla.Cir.Ct. February 7, 2013); *The Bank of New York as Tr for the Benefit of the Certificate Holders, CWALT, Inc., Alternative Loan Trust 2007-OA8 Mortgage Pass-Through Certificates v. The Greens COA, Inc.,* 2013 WL 1889448 (Fla.Cir.Ct. March 11, 2013); *As Lily, LLC v. Brisell Vazquez, Blue Bay Tower Condominium Assoc., Inc., et al,* 2013 WL 4519352 (Fla.Cir.Ct. 2013); *US Bank v. Mateiola,* 2010 WL 8742249 (Fla.Cir.Ct. 2010); *HSBC BANK USA, Nat'l Assoc as Trustee for Nomura Asset Acceptance Corp. Mortgage Pass-Through Certificate Series 2006-AFI v. Renaissance Villas Condo Assoc., Inc.,* 2011 WL 9919181 (Fla.Cir.Ct. 2011); *HSBC Bank USA, Nat'l Assoc., as Trustee for Namura Asset Acceptance Corp. Mortgage Pass-Through Certificates, Series 2006-AR4 v. The Villas Condo. Assoc., Inc.,* 2011 WL 9919180 (Fla.Cir.Ct. 2011); *Fed. Nat'l Mortgage Assoc v. Cordoba at Beach Park Condo. Assoc., Inc.,* 2012 WL 6916814 (Fla.Cir.Ct. 2012); *Deutsche Bank Nat'l Trust Co., as Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass Through Certificates, Series 2007-3 v. Tuscany No. 3 Condo. Assoc., Inc.,* 2012 WL 8255399 (Fla.Cir.Ct. 2012); *The Bank of New York for the Benefit of the CWABS, Inc. v. The Sterling Villages of Palm Beach Lakes Condo Assoc., Inc.,* 2012 WL 8255393 (Fla.Cir.Ct. 2012); *U.S. Bank Nat'l Assoc as Tr. for the BNC Mortgage Loan Trust 2006-1 v. Valdes,* 2011 WL 10725878 (Fla.Cir.Ct. 2011); *The Bank of New York as Tr. for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-23 v. Colombino,* 2011 WL 10725888 (Fla.Cir.Ct. 2011); *Fed. Nat'l Mortgage Assoc. v. Countryside Master Assoc., Inc.,* 2012 WL 6916812 (Fla.Cir.Ct. 2012); *Aspen Shackleton II LLC v. Graham,* 2013 WL 1874305 (Fla.Cir.Ct. April 25, 2013); *The Bank of New York, as Tr. for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-19CB, Mortgage Pass-Through Certificates, Series 2006-19CB v. River Walk Townhomes Assoc., Inc.,* 2012 WL 8015562 (Fla.Cir.Ct. 2012); *Bank of America, N.A., Successor by Merger to Bac Home Loans Servicing, LP v Colonnade at the Forum Homeowners Assoc., Inc.,* 2012 WL 8015567 (Fla.Cir.Ct. 2012); *The Bank of New York as Tr. for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2005-62 Mortgage Pass Through Certificates, Series 2005-62 v. Serenade on Palmer Ranch Condo Assoc., Inc.,* 2013 WL 1889451 (Fla.Cir.Ct. February 19, 2013); *Fed. Nat'l Mortgage Assoc. v. The Cove at Pearl Lake Condo. Assoc., Inc.,* 2013 WL 1889432 (Fla.Cir.Ct. March 11, 2013); *Fed. Nat'l Mortgage Assoc v. The Quarter at Ybor Condo. Assoc., Inc.,* 2013 WL 1889465 (Fla.Cir.Ct. March 5, 2013); *The Bank of New York, as Tr. for the Benefit of the Certificate-Holders CWALT, Inc., Alternative Loan Trust 2007-OA10, Mortgage Pass-Through Certificates, Series 2007-OA10 v. The Sterling Villages of Palm Beach Lakes Condo. Assoc., Inc.,* 2012 WL 8015574 (Fla.Cir.Ct. 2012).

Association's failure to give only the proper estoppel amount as mandated by this Court's Final Judgment.[4]

5.  As of July 17, 2013, the total amount due to the Association pursuant to Fla. Stat. §718.116(b) is $1,030.15 which is 1% of the original mortgage debt.

6.  The Association is hereby ORDERED to accept from BoNY, as being full payment through the end of 2013: (1) $1,030.15 (*i.e.*, the safe-harbor amount of 1% of the mortgage); (2) the pro-rated portion of monthly assessments ($190.00 per month in 2013) from July 17, 2013 through July 31, 2013 (15 days in July 2013 prorated at $6.13 per day, *i.e.* $91.95); and (3) the monthly dues assessments from August 1, 2013 through December 31, 2013 (*i e.* $950.00), totaling $2,072.10.

7.  Within ten (10) days of this Order, the Association shall provide an estoppel as specified above, that shall also include the dues assessments for January, February, and March of 2014, and this estoppel shall not include any late fees, interest, attorney's fees, and collection costs. In the event that the Association does not comply with this Court's Order, BoNY shall use the 2013 dues amounts of $190.00 per month for January, February, and March of 2014, and shall add $570.00 to the total amount set forth in paragraph 6 above, and in that event, this Order shall serve as the estoppel for the total amount due and owing to the Association, and upon payment of same, BoNY will be able to sell the property in reliance upon this Order as the estoppel.

---

[4] Due to equitable principles as a result of the Association's refusal to provide a lawful estoppel letter and pursuant to Fla. Stat. § 718 303(2013) *See also HSBC Bank USA, N.A. As Trustee on Behalf of Ace Securities Corp. Home Equity Loan Trust and for the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2006-asap5, Asset Backed Pass-through Certificates v. Abreu*, 2014 WL 708904 (Fla.Cir.Ct. Duval Feb. 24, 2014)(Buttner, Frederic A., J.); *Deutsche Bank Nat'l Trust Co, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v Nickens*, 2014 WL 519354 (Fla.Cir Ct. Feb. 6, 2014).

8. BoNY is entitled to its attorney's fees and costs incurred as a result of obtaining this Order, pursuant to Florida Statutes Chapter 718.[5] The Court reserves jurisdiction to determine the amount of the award.

DONE AND ORDERED in Chambers, at Duval County, Florida on this $12$ day of March, 2014.

Circuit Court Judge

Copies to:

Michael D. Starks, Esq.
Taraneh Maloney, Esq.
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
SunTrust Center
200 South Orange Ave., Ste. 2900
Post Office Box 1549
Orlando, FL 32802

Jacob Brainard, Esq.
Bruce M. Rodgers, Esq.
BUSINESS LAW GROUP, P.A.
301 West Platt Street, Suite 375
Tampa, FL 33606

Gweneth M. Brimm, Esq.
Johnson & Freedman, LLC
400 Northridge Road, Suite 100, M/S 27
Sandy Springs, GA 30350

Neil C. Spector, Esq.
Kass, Shuler, Soloman, Spector,
Foyle & Singer, P.A
P.O. Box 800
Tampa, FL 33601

_____

[5] See Ocean Bank v. Caribbean Towers Condominium Association, Inc., 2013 WL 4081702, *2 (Fla. 3d DCA 2013).

OTXM 590117 v1
2914856-004715

.

.

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

HSBC BANK USA, N.A., AS TRUSTEE ON )  CASE NO.: 2009-CA-007638
BEHALF OF ACE SECURITIES CORP. )
HOME EQUITY LOAN TRUST AND FOR )
THE REGISTERED HOLDERS OF ACE )
SECURITIES CORP. HOME EQUITY LOAN )
TRUST, SERIES 2006-ASAP5, ASSET )
BACKED PASS-THROUGH CERTIFICATES, )
                                                         )

                Plaintiff,            )

                                                        )

v.                                                     )

MIGUEL ABREU, et al,             )

                Defendants.      )



### ORDER GRANTING MOTION TO ENFORCE FINAL
### JUDGMENT OF FORECLOSURE AND TO DETERMINE AMOUNTS
### DUE TO CONDOMINIUM ASSOCIATION

THIS CAUSE having come before the Court on February 24, 2014, upon Plaintiff, HSBC

BANK USA, N.A., AS TRUSTEE ON BEHALF OF ACE SECURITIES CORP. HOME

EQUITY LOAN TRUST AND FOR THE REGISTERED HOLDERS OF ACE SECURITIES

CORP. HOME EQUITY LOAN TRUST, SERIES 2006-ASAP5, ASSET BACKED PASS-

THROUGH CERTIFICATES's ("**HSBC**"), Motion to Enforce Final Judgment of Foreclosure

and to Determine Amounts Due to Condominium Association, with Incorporated Memorandum

of Law ("**Motion to Enforce**"). The Court having reviewed the Motion to Enforce, the

Response thereto, and the Reply thereto, and being otherwise duly advised in the premises, it is

hereby ORDERED and ADJUDGED that:

1

1.    This Court has jurisdiction to enforce the Final Judgment against the Defendant, Merrill Pines Condominium Association, Inc. (the "Association"), which has refused to acknowledge this Court's Final Judgment.[1]

2.    HSBC's Motion to Enforce is hereby GRANTED.

3.    HSBC, as a subsequent holder of the mortgage by virtue of being a "successor or assignee" of the first mortgagee of the foreclosed property, as defined in §718.116(1)(b)1. and (g), is protected under Fla. Stat. § 718.116(1)(b),[2] and required to pay the Association only the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments, which came due or accrued before HSBC's acquisition of title and which were not paid by the previous owner.

---

[1] *See City of North Miami v. M. L. & L. Enterprises*, 294 So.2d 42 (Fla. 3d DCA 1974); *Buckley Towers Condominium, Inc. v. Buchwald*, 321 So.2d 628 (Fla. 3d DCA 1975). *See also, Barnes v. Castle Beach Club Condominium Association, Inc.*, 106 So.3d 86 (Fla. 3d DCA 2013); *U.S. Bank Nat'l Assoc., as Tr. for the BNC Mortgage Loan Trust 2006-1 v. Valdes*, 2011 WL 10725878 (Fla.Cir.Ct. Palm Beach 2011) (Hoy, John J., J.) (determining amounts due through the date or order, pre-title and post-title); *The Bank of New York as Tr. for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-23 v. Colombine*, 2011 WL 10725888 (Fla.Cir.Ct. Palm Beach 2011) (Cotton, Roger B., J.) (determining amounts due through the date or order, pre-title and post-title); *US Bank v. Mateiola*, 2010 WL 8742249 (Fla.Cir.Ct. Palm Beach 2010) (determining amounts both pre-title and post-title); *Fremont Investment and Loan v. Earl Winston Roache, et al*, 2009 WL 8626511 (Fla.Cir.Ct. Miami-Dade 2009) (Leesfield, Ellen L., J.) (determining amounts both pre-title and post-title); *Wells Fargo Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset Backed Passed Through Certificates v. Debesa*, 2011 WL 8151877 (Fla.Cir.Ct. Miami-Dade 2011) (Schlesinger, John, J.) (determining amounts both pre-title and post-title); *As Lily, LLC v. Brisell Vazquez, Blue Bay Tower Condominium Assoc., Inc., et al*, 2013 WL 4519352 (Fla.Cir.Ct. Miami-Dade 2013) (Thornton, John W., J.) (determining amounts both pre-title and post-title); *Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v. Jill S. Nickens*, 2014 WL 519354 (Fla. 9th Jud. Cir. Orange Feb. 6, 2014) (Eaton, O.H., J.) (determining amounts both pre and post-title); *USA Residential Properties, LLC v. Ventzlislav Slavov, Ocean Grande Condominium Association, Inc.*, 2013 WuL 5462324 (Fla. Cir. Ct. St. Johns Sept. 26, 2013); *Aspen Shackleton II LLC v. Graham*, 2013 WL 1874305 (Fla.Cir.Ct. Brevard Apr. 25, 2013) (Eaton, O.H., J.) ("Issues such as this may be addressed post-judgment, as occurred in *Barnes v. Castle Beach Club Condominium Association, Inc.*, 106 So.3d 86 (Fla. 3d DCA 2013), where the successful bidder at a foreclosure sale on condominium units filed a post-judgment motion to determine the amount due to condominium association.").

[2] Fla. Stat. § 718.116 specifically limits the liability of a first mortgagee or its successor **or assignees** (emphasis added on the plural for "assignees"). *USA Residentiol Properties, LLC v. Ventzlislav Slavov, Ocean Grande Condominium Association, Inc.*, 2013 WL 5462324 (Fla. Cir. Ct. St. Johns Sept. 26, 2013).

4.     The Association is not permitted to charge late fees, interest, attorney's fees, and collection costs that accrued prior to HSBC taking title, pursuant to its Certificate of Title issued in this action on June 12, 2013,[3] nor is the Association permitted to charge late fees, interest, attorney's fees, and collection costs that accrued subsequent to HSBC taking title, pursuant to its Certificate of Title issued in this action on June 12, 2013, which accrued solely due to the

---

[3] *See United States of America v. Forest Hill Gardens East Condo. Assoc., Inc.*, 2014 WL 28723 *2 (S.D.Fla. January 3, 2014); *Fremont Investment and Loan v. Earl Winston Roache, et al*, 2009 WL 8626511 (Fla.Cir.Ct. 2009); *American Home Mortgage Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset Backed Passed Through Certificates v. Debesa*, 2011 WL 8151877 (Fla.Cir.Ct. 2011); *Bank of New York v. Mirador 1200 Condo. Assoc., Inc.*, 2012 WL 6916808 (Fla.Cir.Ct. 2012); *Residential Funding Co., LLC v. Lincoln Place Residences Conda. Assoc., Inc.*, 2013 WL 1889386 (Fla.Cir.Ct. February 27, 2013); *Residential Funding Co., LLC v. Lincoln Place Residences Condo. Assoc., Inc.*, 2012 WL 8015558 (Fla.Cir.Ct. 2012); *Bank of America v. Bermuda Dunes Private Residences Condo. Assoc., Inc.*, 2012 WL 6916810 (Fla.Cir.Ct. 2012); *BAC Home Loans Servicing, L.P. v. The Plaza Condo. Assoc., Inc.*, 2012 WL 8015571 (Fla.Cir.Ct. 2012); *Fed. Nat'l Mortgage Assoc. v. Mirabella At World Gateway Condo. Assoc., Inc.*, 2012 WL 8015568 (Fla.Cir.Ct. 2012); *The Bank of New York Mellon v. The Plaza Condo. Assoc., Inc.*, 2013 WL 1889419 (Fla.Cir.Ct. February 7, 2013); *The Bank of New York as Tr. for the Benefit of the Certificate Holders, CWALT, Inc., Alternative Loan Trust 2007-OA8 Mortgage Pass-Through Certificates v. The Greens COA, Inc.*, 2013 WL 1889448 (Fla.Cir.Ct. March 11, 2013); *As Lily, LLC v. Brisell Vazquez, Blue Bay Tower Condominium Assoc., Inc., et al*, 2013 WL 4519352 (Fla.Cir.Ct. 2013); *US Bank v. Moteiala*, 2010 WL 8742249 (Fla.Cir.Ct. 2010); *HSBC BANK USA, Nat'l Assoc. as Trustee for Namura Asset Acceptance Corp. Mortgage Pass-Through Certificate Series 2006-AF1 v. Renaissance Villas Condo Assoc., Inc.*, 2011 WL 9919181 (Fla.Cir.Ct. 2011); *HSBC Bank USA, Nat'l Assoc., as Trustee for Namura Asset Acceptance Corp. Mortgage Pass-Through Certificates, Series 2006-AR4 v. The Villas Condo. Assoc., Inc.*, 2011 WL 9919180 (Fla.Cir.Ct. 2011); *Fed. Nat'l Mortgage Assoc. v. Cordoba at Beach Park Condo. Assoc., Inc.*, 2012 WL 6916814 (Fla.Cir.Ct. 2012); *Deutsche Bank Nat'l Trust Co., as Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass Through Certificates, Series 2007-3 v. Tuscany No. 3 Condo. Assoc., Inc.*, 2012 WL 8255399 (Fla.Cir.Ct. 2012); *The Bank of New York for the Benefit of the CWABS, Inc. v. The Sterling Villages of Palm Beach Lakes Condo. Assoc., Inc.*, 2012 WL 8255393 (Fla.Cir.Ct. 2012); *U.S. Bank Nat'l Assoc., as Tr. for the BNC Mortgage Loan Trust 2006-1 v. Valdes*, 2011 WL 10725878 (Fla.Cir.Ct. 2011); *The Bank of New York as Tr. for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-23 v. Colombine*, 2011 WL 10725888 (Fla.Cir.Ct. 2011); *Fed. Nat'l Mortgage Assoc. v. Countryside Master Assoc., Inc.*, 2012 WL 6916812 (Fla.Cir.Ct. 2012); *Aspen Shackleton II LLC v. Graham*, 2013 WL 1874305 (Fla.Cir.Ct. April 25, 2013); *The Bank of New York, as Tr. for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-19CB, Mortgage Pass-Through Certificates, Series 2006-19CB v. River Walk Townhomes Assoc., Inc.*, 2012 WL 8015562 (Fla.Cir.Ct. 2012); *Bank of America, N.A., Successor by Merger to Bac Home Loans Servicing, LP v. Colonnade at the Forum Homeowners Assoc., Inc.*, 2012 WL 8015567 (Fla.Cir.Ct. 2012); *The Bank of New York as Tr. for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2005-62 Mortgage Pass Through Certificates, Series 2005-62 v. Serenade on Palmer Ranch Condo. Assoc., Inc.*, 2013 WL 1889451 (Fla.Cir.Ct. February 19, 2013); *Fed. Nat'l Mortgage Assoc. v. The Cove at Pearl Lake Conda. Assoc., Inc.*, 2013 WL 1889432 (Fla.Cir.Ct. March 11, 2013); *Fed. Nat'l Mortgage Assoc. v. The Quarter at Ybor Condo. Assoc., Inc.*, 2013 WL 1889465 (Fla.Cir.Ct. March 5, 2013); *The Bank of New York, as Tr. for the Benefit of the Certificate-Holders CWALT, Inc., Alternative Loan Trust 2007-OA10, Mortgage Pass-Through Certificates, Series 2007-OA10 v. The Sterling Villages of Palm Beach Lakes Conda. Assoc., Inc.*, 2012 WL 8015574 (Fla.Cir.Ct. 2012); *Deutsche Bank Nat'l Trust Co., as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v. Nickens*, 2014 WL 519354 (Fla.Cir.Ct. Feb. 6, 2014).

Association's failure to give only the proper estoppel amount as mandated by this Court's Final Judgment.[4]

5.    As of June 12, 2013, the total amount due to the Association pursuant to Fla. Stat. §718.116(b) is $1,067.78 which is 1% of the original mortgage debt.

6.    The Association is hereby ORDERED to accept from HSBC, as being full payment through the end of 2013: (1) $1,067.78 (*i.e.*, the safe-harbor amount of 1% of the mortgage); (2) the pro-rated portion of monthly assessments ($190 per month in 2013) from June 12, 2013 through June 30, 2013 (19 days in June 2013 prorated at $6.33 per day, *i.e.* $120.33); (3) the monthly dues assessments from July 2013 through December 31, 2013 (*i.e.* $1,140.00), totaling $2,328.11.

7.    Within 10 days of this Order, the Association shall provide an estoppel as specified above, that shall also include the dues assessments for January and February of 2014, and this estoppel shall not include any late fees, interest, attorney's fees, and collection costs. In the event that the Association does not comply with this Court's Order, HSBC shall use the 2013 dues amounts of $190 per month for both January and February of 2014, and shall add $380 to the total amount set forth in paragraph 6 above, and in that event, this Order shall serve as the estoppel for the total amount due and owing to the Association, and upon payment of same, HSBC will be able to sell the property in reliance upon this Order as the estoppel.

---

[4] Due to equitable principles as a result of the Association's refusal to provide a lawful estoppel letter and pursuant to Fla. Stat. § 718.303(2013). *See also Deutsche Bank Nat'l Trust Co., as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 Mortgage Pass-Through Certificates, Series 2007-NC3 v. Nickens*, 2014 WL 519354 (Fla.Cir.Ct. Feb. 6, 2014).

4

8.   ~~HSBC is entitled to its attorney's fees and costs incurred as a result of obtaining~~ ~~this Order, pursuant to Florida Statutes Chapter 718.~~[5] ~~The Court reserves jurisdiction to~~ ~~determine the amount of the award.~~

DONE AND ORDERED in Chambers, at Duval County, Florida on this _24_ day of February, 2014.

_____

Circuit Court Judge

Copies to:

Michael D. Starks, Esq.
Taraneh Maloney, Esq.
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
SunTrust Center
200 South Orange Ave., Ste. 2900
Post Office Box 1549
Orlando, FL 32802

Jacob Brainard, Esq.
BUSINESS LAW GROUP, P.A.
301 West Platt Street, Suite 375
Tampa, FL 33606

Law Offices of Elizabeth R. Wellborn, P.A.
350 Jim Moran Blvd., Suite 100
Deerfield Beach, FL 33442

W. David Vaughn, Esq.
817 N. Main Street
Jacksonville, FL 32202

---

[5] *See Ocean Bank v. Caribbean Towers Condominium Association, Inc.*, 2013 WL 4081702, *2 (Fla. 3d DCA 2013).

5

2/6/2014 4:35 PM FILED IN OFFICE CLERK CIRCUIT COURT ORANGE CO FL

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR ORANGE
COUNTY, FLORIDA

DEUTSCHE BANK NATIONAL )   CASE NO.: 2009-CA-022357-O
TRUST COMPANY, AS TRUSTEE FOR )
THE REGISTERED HOLDERS OF )
MORGAN STANLEY ABS CAPITAL I )
INC. TRUST 2007-NC3 MORTGAGE )
PASS-THROUGH    CERTIFICATES, )
SERIES 2007-NC3, )
                                      )
            Plaintiff, )
                                      )
-vs- )
                                      )
JILL S. NICKENS A/K/A JILL )
NICKENS, et al., )
                                      )
            Defendants. )
_____ )

## AMENDED ORDER GRANTING MOTION TO ENFORCE FINAL JUDGMENT OF FORECLOSURE AND TO DETERMINE AMOUNTS DUE TO CONDOMINIUM ASSOCIATION

THIS CAUSE having come before the Court on February 4, 2014, upon Plaintiff,

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE

REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-

NC3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC3's ("Deutsche

Bank"), Motion to Enforce Final Judgment of Foreclosure and to Determine Amounts Due to

Condominium Association ("Motion to Enforce"). The Court having reviewed the Motion to

Enforce, the Response thereto, and the Reply thereto, and being otherwise duly advised in the

premises, it is hereby ORDERED and ADJUDGED that:

1.    This Court has jurisdiction to enforce the Final Judgment against the Association.

2.    Deutsche Bank's Motion to Enforce is hereby GRANTED.

1

O KPD 583300 v1
2914856-004698

3.      Deutsche Bank, as a subsequent holder of the mortgage by virtue of being a "successor or assignee" of the first mortgagee of the foreclosed property, as defined in §718.116(1)(b)1. and (g), is protected under Fla. Stat. § 718.116(1)(b),[1] and required to pay Defendant, Lexington Place Condominium Association, Inc. ("Defendant") only the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments, which came due or accrued before Deutsche Bank's acquisition of title and which were not paid by the previous owner.

4.      Defendant is not permitted to charge late fees, interest, attorney's fees, and collection costs that accrued prior to Deutsche Bank taking title, pursuant to its Certificate of Title issued in this action on June 18, 2013,[2] nor is Defendant permitted to charge late fees,

---

[1] Fla. Stat. § 718.116 specifically limits the liability of a first mortgagee or its successor or assignees (emphasis added on the plural for "assignees"). *USA Residential Properties, LLC v. Ventzlislav Slavov, Ocean Grande Condominium Association, Inc.*, 2013 WL 5462324 (Fla. Cir. Ct. St. Johns Sept. 26, 2013).

[2] *See United States of America v. Forest Hill Gardens East Condo. Assoc., Inc.*, 2014 WL 28723 *2 (S.D.Fla. January 3, 2014); *Fremont Investment and Loan v. Earl Winston Roache, et al*, 2009 WL 8626511 (Fla.Cir.Ct. 2009); *American Home Mortgage Bank, N.A., As Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset Backed Passed Through Certificates v. Debesa*, 2011 WL 8151877 (Fla.Cir.Ct. 2011); *Bank of New York v. Mirador 1200 Condo. Assoc., Inc.*, 2012 WL 6916808 (Fla.Cir.Ct. 2012); *Residential Funding Co., LLC v. Lincoln Place Residences Condo. Assoc., Inc.*, 2013 WL 1889386 (Fla.Cir.Ct. February 27, 2013); *Residential Funding Co., LLC v. Lincoln Place Residences Condo. Assoc., Inc.*, 2012 WL 8015558 (Fla.Cir.Ct. 2012); *Bank of America v. Bermuda Dunes Private Residences Condo. Assoc., Inc.*, 2012 WL 6916810 (Fla.Cir.Ct. 2012); *BAC Home Loans Servicing, L.P. v. The Plaza Condo. Assoc., Inc.*, 2012 WL 8015571 (Fla.Cir.Ct. 2012); *Fed. Nat'l Mortgage Assoc. v. Mirabella At World Gateway Condo. Assoc., Inc.*, 2012 WL 8015568 (Fla.Cir.Ct. 2012); *The Bank of New York Mellon v. The Plaza Condo. Assoc., Inc.*, 2013 WL 1889419 (Fla.Cir.Ct. February 7, 2013); *The Bank of New York as Tr. for the Benefit of the Certificate Holders, CWALT, Inc., Alternative Loan Trust 2007-OA8 Mortgage Pass-Through Certificates v. The Greens COA, Inc.*, 2013 WL 1889448 (Fla.Cir.Ct. March 11, 2013); *As Lily, LLC v. Brisell Vazquez, Blue Bay Tower Condominium Assoc., Inc., et al*, 2013 WL 4519352 (Fla.Cir.Ct. 2013); *US Bank v. Matciola*, 2010 WL 8742249 (Fla.Cir.Ct. 2010); *HSBC BANK USA, Nat'l Assoc. as Trustee for Nomura Asset Acceptance Corp. Mortgage Pass-Through Certificate Series 2006-AF1 v. Renaissance Villas Condo Assoc., Inc.*, 2011 WL 9919181 (Fla.Cir.Ct. 2011); *HSBC Bank USA, Nat'l Assoc., as Trustee for Nomura Asset Acceptance Corp. Mortgage Pass-Through Certificates, Series 2006-AR4 v. The Villas Condo. Assoc., Inc.*, 2011 WL 9919180 (Fla.Cir.Ct. 2011); *Fed. Nat'l Mortgage Assoc. v. Cordoba at Beach Park Condo. Assoc., Inc.*, 2012 WL 6916814 (Fla.Cir.Ct. 2012); *Deutsche Bank Nat'l Trust Co., as Trustee Under the Pooling and Servicing Agreement Relating to Impac Secured Assets Corp., Mortgage Pass Through Certificates, Series 2007-3 v. Tuscany No. 3 Condo. Assoc., Inc.*, 2012 WL 8255399 (Fla.Cir.Ct. 2012); *The Bank of New York for the Benefit of the CWABS, Inc. v. The Sterling Villages of Palm Beach Lakes Condo. Assoc., Inc.*, 2012 WL 8255393 (Fla.Cir.Ct. 2012); *U.S. Bank Nat'l Assoc., as*

2

O KPD 5S3300 v1
2914356-004698

Ω

interest, attorney's fees, and collection costs that accrued subsequent to Deutsche Bank taking
title, pursuant to its Certificate of Title issued in this action on June 18, 2013, which accrued
solely due to the Association's failure to give only the proper estoppel amount as mandated by
this Court's Final Judgment.[3]

5. As of June 18, 2013, the total amount due to Defendant pursuant to Fla. Stat.
§718.116(b) is $1,640.50, which is 1% of the original mortgage debt.

6. Defendant is hereby ORDERED to produce an estoppel to Deutsche Bank, within
ten (10) days of the date of this Order, which will only include: (1) $1,640.50; (2) the pro-rated
portion of monthly assessments from June 18, 2013 through June 30, 2013 ( i.e. $108.97); and
(3) the monthly dues assessments from July 2013 through February 2014 (i.e. $2,032.40),
totaling $3,781.87. The estoppel shall not include late fees, interest, attorney's fees, and
collection costs. In the event that Defendant does not comply with this Court's Order, this Order
shall serve as an estoppel for the total amount due and owing to Defendant.

---

*Tr. for the BNC Mortgage Loan Trust 2006-1 v. Valdes,* 2011 WL 10725878 (Fla.Cir.Ct. 2011); *The Bank of New York as Tr. for the Certificate Holders CWABS, Inc. Asset-Backed Certificates, Series 2006-23 v. Colombine,* 2011 WL 10725888 (Fla.Cir.Ct. 2011); *Fed. Nat'l Mortgage Assoc. v. Countryside Master Assoc., Inc.,* 2012 WL 6916812 (Fla.Cir.Ct. 2012); *Aspen Shackleton II LLC v. Groham,* 2013 WL 1874305 (Fla.Cir.Ct. April 25, 2013); *The Bank of New York, as Tr. for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-19CB, Mortgage Pass-Through Certificates, Series 2006-19CB v. River Wolk Townhomes Assoc., Inc.,* 2012 WL 8015562 (Fla.Cir.Ct. 2012); *Bank of America, N.A., Successor by Merger to Bac Home Loans Servicing, LP v. Colonnade at the Forum Homeowners Assoc., Inc.,* 2012 WL 8015567 (Fla.Cir.Ct. 2012); *The Bank of New York as Tr. for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2005-62 Mortgage Pass Through Certificates, Series 2005-62 v. Serenade on Palmer Ranch Conda. Assoc., Inc.,* 2013 WL 1889451 (Fla.Cir.Ct. February 19, 2013); *Fed. Nat'l Mortgage Assoc. v. The Cove at Pearl Lake Condo. Assoc., Inc.,* 2013 WL 1889432 (Fla.Cir.Ct. March 11, 2013); *Fed. Nat'l Mortgage Assoc. v. The Quarter at Ybor Condo. Assoc., Inc.,* 2013 WL 1889465 (Fla.Cir.Ct. March 5, 2013); *The Bank of New York, as Tr. for the Benefit of the Certificate-Holders CWALT, Inc., Alternative Loan Trust 2007-OA10, Mortgage Pass-Through Certificates, Series 2007-OA10 v. The Sterling Villages of Palm Beach Lakes Condo. Assoc., Inc.,* 2012 WL 8015574 (Fla.Cir.Ct. 2012).

[3] Due to equitable principles as a result of Defendant's refusal to provide a lawful estoppel letter and pursuant to Fla. Stat. § 718.303(2013).

3

2r6/2014 4:35 PM FILED IN OFFICE CLERK CIRCUIT COURT ORANGE CO FL

7.    Deutsche Bank is entitled to its attorney's fees and costs incurred as a result of
obtaining this Order, pursuant to Florida Statutes Chapter 718.[4]    The Court reserves
jurisdiction to determine the amount of the award.

DONE AND ORDERED in Chambers, at Orange County, Florida on this __*le*__ day of

February, 2014.

O.H. Eaton, Jr.
Circuit Court Judge

Copies to:

Michael D. Starks, Esq.
Taraneh Maloney, Esq.
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
SunTrust Center
200 South Orange Ave., Ste. 2900
Post Office Box 1549
Orlando, Florida 32802

Candice J. Gundel, Esq.
BUSINESS LAW GROUP, P.A.
301 West Platt Street, Suite 375
Tampa, FL 33606

Joseph N. Dayan, Esq.
Shapiro, Fishman and Gaché, LLP
4630 Woodland Corporate Boulevard, Suite 100
Tampa, FL 33614

---

[4] *See Ocean Bank v. Caribbean Towers Condominium Association, Inc.*, 2013 WL 4081702, *2 (Fla. 3d DCA 2013).

4

O KPD 583300 v1
2914856-004698

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2010-CA-00679-01

WELLS FARGO BANK, N.A.,
AS TRUSTEE FOR SARM 2005-
15,

    Plaintiff,

v.

BRETT D. HOMEYER; LE CLUB AT
OLD   CUTLER   CONDOMINIUM
ASSOCIATION, INC., et al.,

    Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE
### FINAL JUDGMENT AND TO DETERMINE CLAIMS FORECLOSED

THIS CAUSE came before the Court at 9:00 A.M., on September 4, 2013, on Plaintiff,

WELLS FARGO BANK, N.A., AS TRUSTEE FOR SARM 2005-15'S (the "Plaintiff"), Motion

to Enforce Final Judgment and to Determine Claims Foreclosed, and the Court having reviewed

the Motion and the record, having heard the argument of counsel, and being otherwise fully

advised in the premises, it is hereby

**ORDERED and ADJUDGED as follows:**

1.    The Motion to Enforce Final Judgment and to Determine Claims Foreclosed is

hereby GRANTED.

2.    This Court has jurisdiction over the parties and jurisdiction to consider the issues

raised by the parties.

3.    The Plaintiff is the successor and assignee of the first mortgagee in this action, as

defined in the Declaration of Condominium of Le Club at Old Cutler, A Condominium (the

"Declaration"), and Chapter 718, *Florida Statutes*.

4.     Pursuant to the Declaration and the Final Judgment of Foreclosure (the "Final Judgment"), the claim and lien of Defendant, LB CLUB AT OLD CUTLER CONDOMINIUM ASSOCIATION, INC. (the "Association"), was extinguished when Plaintiff purchased the subject property at the foreclosure sale and the Clerk of this Court issued the Certificate of Title.

5.     The Association's claim of lien and all interest for all past due assessments, interest, late fees, attorneys' fees, and any and all other charges have been fully extinguished or discharged by entry of the Final Judgment.

6.     Pursuant to the Declaration, the Association is not entitled to receive any amounts from the Plaintiff for assessments or other amounts coming due prior to the issuance of the Certificate of Title.

7.     The Association is only entitled to receive the following amounts from the Plaintiff:

| (1) | Unpaid Assessments from before Wells Fargo acquired title (1% of original mortgage): | $1,327.20 |
| (2) | Unpaid Assessments since Wells Fargo acquired title from May 22, 2013, to September 30, 2013: | $1,524.78 |
| (3) | Late Fees for May 2013 – September 2013: | $ 100.00 |
| | TOTAL DUE THROUGH 9/30/2013: | $2,951.98 + interest from 5/13 to 7/13 |

8.     Upon payment of the amounts listed above, pursuant to the Declaration and Florida law, Plaintiff will have fully satisfied its liability to the Association for all assessments, interest, late fees, attorneys' fees, and all other charges that are owed to the Association in regard to the subject property, through September 30, 2013.

9.     The Association's lien against the Property that is recorded at O.R. Book 27952, Page 2741, of the Official Records of Miami-Dade County, Florida, was foreclosed by entry of the Final Judgment, is hereby null and void, and is released as a matter of record. The Association is

further directed to file and record a Release of Lien as to the subject property within ten (10) days of payment by the Plaintiff.

10.   ~~Plaintiff is entitled to an award of attorneys' fees and costs in this matter as the prevailing party in accordance with Section 8.8(a) of the Declaration and § 718.303(1), Florida Statutes.~~

11.   The Court continues to reserve and preserve jurisdiction to enter such other further orders as are necessary in this action including, but not limited to, an order awarding attorneys' fees and costs to the Plaintiff.   .

DONE and ORDERED in Miami, Miami-Dade County, Florida, on this _____ day of

_____, 2013. **CONFORMED COPY**

SEP 04 2013 HON. STANFORD BLAKE
STANFORD BLAKE CIRCUIT COURT JUDGE
Circuit Court Judge

Copies to:

Bart R. Valdes, Esq.
de Beaubien, Knight, Simmons,
Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606

Rose Brill, Esq.
Business Law Group, P.A.
301 West Platt Street, #375
Tampa, Florida 33606

Gladstone Law Group, P.A.
1499 West Palmetto Park Road
Suite 300
Boca Raton, Florida 33486

James D. Allen, Esq.
Cooke Law Group
5245 S.W. 158 Lane, 2nd Floor
Miami, Florida 33157

3

David A. Kobrin, Esq.
David A. Kobrin, P.A.
8900 S.W. 107 Avenue, Suite 206
Miami, Florida 33176

Navy Federal Credit Union
820 Follin Lane
Vienna, Virginia 22180

4

Doc # 2013145546, OR BK 16402 Page 764, Number Pages: 2, Recorded 06/07/2013 02:42 PM, Ronnie Fussell CLERK CIRCUIT COURT DUVAL COUNTY RECORDING $0.00

.

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

HSBC BANK USA, NATIONAL
ASSOCIATION CORP. HOME EQUITY
LOAN TRUST, SERIES 2006-NC3,
ASSET BACKED PASS-THROUGH
CERTIFICATES,

NO.: 2012-CA-011666

Plaintiff,

vs.

THE PRESERVE AT SAN JOSE
CONDOMINIUM ASSOCIATION, INC.
Defendants.

_____/

## FINAL JUDGMENT

This cause having come before the Court on April 29, 2013, upon Plaintiff's, THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-HY12 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-HY12 (hereinafter "Plaintiff"), Motion for Summary Final Judgment on Counts I, II, and III, Attorney's Fees and Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on I, II, III, and Attorney's Fees and Costs, and Affidavit in Support Thereof is GRANTED.

2. That on or about October 24, 2012, the Plaintiff filed a three (3) count Complaint against the Defendant. Count I is an *Action for Compliance under Fla. Stat. §718.116 (1)(b)*; Count II is an *Action for Declaratory Relief*; and Count III is an *Action for Unjust Enrichment*.

3. There are no genuine issues of material fact in this case wherefore the only determination for the Court to make is whether the Plaintiff is entitled to the safe harbor protections enumerated in Fla. Stat. §718.116(1)(b) and whether the Defendant has been unjustly enriched.

4. The Plaintiff is a successor or assignee to the first mortgagee by virtue of the fact that the Plaintiff subsequently held the first mortgage in the underlying foreclosure action.

1092-4564

The unpaid assessments due to Defendant is limited by Fla. Stat. §718.116(1)(b), to the lesser of twelve months of unpaid common expenses or one percent of the original mortgage debt.

5.  That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title on February 17, 2012.

6.  This Court finds that the Plaintiff conferred a benefit upon the Defendant by submitting payment under protest in the amount of $27,884.34; that the Defendant had knowledge of the benefit and accepted the benefit by virtue of the fact that the Defendant cashed the check dated August 8, 2012; and that it would be inequitable for the Defendant to retain the benefit because the Plaintiff is entitled to the safe harbor protections enumerated in Fla. Stat. §718.116(1)(b).

7.  The Defendant is Ordered to reimburse the Plaintiff within 10 days of the date of this Judgment.

8.  This Court retains jurisdiction to enforce this Final Judgment. The Court also grants the Plaintiff attorneys fees pursuant to §718.303 as the prevailing party but reserves on the amount

DONE AND ORDERED in Chambers in Duval County, Florida, this ___ day of
June , 2013

Circuit Court Judge

Copies furnished to:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, Fl 33433

Michael Casanover, Esq., Business Law Group, P.A., 301 W Platt St., #375, Tampa, Fl 33606

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

SERENADA   ON   PALMER   RANCH
CONDOMINIUM ASSOCIATION, INC.

NO.: 2012 CC 000329 NC

Plaintiff,

vs.

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST 2005-31,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-31

Defendant.

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS CWALT,
INC., ALTERNATIVE LOAN TRUST 2005-
31, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-31

Counter-Claimant,

vs.

SERENADA ON PALMER RANCH
CONDOMINIUM ASSOCIATION, INC.

Counter-Defendant

## FINAL JUDGMENT

This cause having come before the Court on May 6, 2013, upon Defendant, THE BANK
OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2005-31,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-31 (hereinafter
"Defendant"), Motion for Summary Final Judgment on Counts I, II, and III, Attorney's Fees and
Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and
having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1092-4602



1. Defendant's Motion for Summary Final Judgment on I, II, III, and Attorney's Fees and Costs, and Affidavit in Support Thereof is GRANTED.

2. The Defendant is a successor or assignee to the first mortgagee by virtue of the fact that the Defendant subsequently held the first mortgage in the underlying foreclosure action. The unpaid assessments due to Plaintiff is limited by Fla. Stat. §718.116(1)(b), to the lesser of twelve months of unpaid common expenses or one percent of the original mortgage debt.

3. This Court finds that the Defendant conferred a benefit upon the Plaintiff by submitting payment under protest in the amount of $11,619.54; that the Plaintiff had knowledge of the benefit and accepted the benefit by virtue of the fact that the Plaintiff cashed the check; and that it would be inequitable for the Plaintiff to retain the benefit because the Defendant is entitled to the safe harbor protections enumerated in Fla. Stat. §718.116(1)(b).

4. The Plaintiff is Ordered to reimburse the Defendant within 15 days of the date of this Judgment.

5. The Court grants the Defendant attorneys fees pursuant to §718.303 as the prevailing party but reserves on the amount.

6. This Court retains jurisdiction to enforce this Final Judgment.

DONE AND ORDERED in Chambers in SARASOTA County, Florida, this ___ day of May, 2013.

Circuit Court Judge
JUDGE EMANUEL L. GALBO

Copies furnished to:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33433

Jake Brainard, Esq., Business Law Group, P.A., 301 W. Platt St., #375, Tampa, FL 33606

1092-4602

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

THE GREENS COA, INC.

NO.: 2012-CA-012194

Plaintiff,

vs.

BANK OF AMERICA, N.A., SUCCESSOR BY
MERGER TO BAC HOME LOANS
SERVICING, LP FKA COUNTRYWIDE
HOME LOANS SERVICING, LP FOR THE
BENEFIT OF DEUTSCHE ALT-A
SECURITIES MORTGAGE LOAN TRUST
SERIES 2007-AR2, ET AL.

Defendant.
_____/

### FINAL JUDGMENT

This cause having come before the Court on April 16, 2013 upon Defendant, BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP FOR THE BENEFIT OF DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST SERIES 2007-AR2's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof is GRANTED.

2. That on or about July 23, 2012, the Plaintiff filed a two (2) count Complaint against the Defendant. Count I – Foreclosure, and Count II – Personal Judgment.

3. Defendant's Answer was filed on September 24, 2012.

4. That per Rule 1.51, the Defendant, is seeking a Summary Final Judgment against the Plaintiff.

5. There are no genuine issues of material fact in this case wherefore the only determination for the Court to make is whether the Defendant is eligible for the safe harbor protections enumerated in Florida Statute §718.116(1)(b).

1092-5028

6.  That HSBC BANK USA, AS TRUSTEE FOR THE HOLDERS DEUTSCHE ALT-A
    SECURITIES MORTGAGE LOAN TRUST SERIES 2007-AR2 assigned its bid at
    foreclosure to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC
    HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
    SERVICING, LP FOR THE BENEFIT OF DEUTSCHE ALT-A SECURITIES
    MORTGAGE LOAN TRUST SERIES 2007-AR2 for the purpose of documenting a
    change in trustee.

7.  That the trust DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST
    SERIES 2007-AR2 remained the trust which brought the foreclosure, obtained a final
    judgment of foreclosure, and which now holds title to the subject property.

8.  As a result, the unpaid assessments due to Plaintiff are limited by Fla. Stat.
    §718.116(1)(b), to the lesser of twelve months of unpaid common expenses or one
    percent of the original mortgage debt.

9.  That the Plaintiff is not permitted to charge late fees, interest, and collection costs that
    accrued prior to Defendant taking title.

10. This Court retains jurisdiction to enforce this Final Judgment. The Court reserves on
    the issue of attorney's fees.

DONE AND ORDERED in Orlando, ORANGE County, Florida, this Original signed by. Mirok day of
April, 2013.                                                  Circuit Court Judge this.

APR 22 2013

and conformed copies were.
furnished by Judicial Assistant

Circuit Court Judge

Copies furnished:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33433

Jake Brainard, Esq., Business Law Group, P.A., 301 W. Platt St., #375, Tampa, FL 33606

1092-5028

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

AURORA LOAN SERVICES, LLC,         CASE NO.: 2009 CA 002497

    Plaintiff,

vs.

VALERIE NALL, ET AL.,

    Defendant.

_____ _____ _____ . __/

## ORDER ON PLAINTIFF'S MOTION TO ENFORCE FINAL JUDGMENT AND TO DETERMINE AMOUNTS DUE TO DEFENDANT SEAHAWK AT PONTE VERDA LAKES II CONDOMINIUM ASSOCIATION, INC. PURSUANT TO FLA. STAT. §718.116

This cause having come before the Court on upon Plaintiff, AURORA LOAN
SERVICES, LLC'S Motion to Enforce Final Judgment and to Determine Amounts Due to
Defendant SEAHAWK AT PONTE VERDA LAKES II CONDOMINIUM ASSOCIATION,
INC. Pursuant to Fla. Stat. §718.116 and the Court having heard argument of counsel and having
reviewed the pleadings, it is thereupon:

**ORDERED AND ADJUDGED** that:

1.    Plaintiff's Motion to Enforce Final Judgment and to Determine Amounts Due to
Defendant SEAHAWK AT PONTE VERDA LAKES II CONDOMINIUM ASSOCIATION,
INC. Pursuant to Fla. Stat. §718.116 is hereby **GRANTED**.

2.    The Plaintiff's liability to the Defendant, SEAHAWK AT PONTE VERDA
LAKES II CONDOMINIUM ASSOCIATION, INC., is limited by Fla. Stat. §718.116(1)(b).

3.    That Plaintiff, as an assignee to the first mortgagee of the foreclosed Property, is
protected under Fla. Stat. §718.116(1)(b) and required to pay the Defendant the lesser of 1% of
the original mortgage, or the last 12 months of unpaid common expenses and regular periodic

1190-177 (2133)

*Aurora Loan Services, LLC vs. Valerie Nall, et al.*
*St. Johns Circuit Case No.: 2009 CA 002497*
*Order on Plaintiff's Motion to Enforce Final Judgment and to Determine Amounts Due to Defendant Seahawk at*
*Ponte Verda Lakes II Condominium Association, Inc. Pursuant to Fla. Stat §718 116*
*Page 2*

4. That the Defendant is not permitted to charge late fees, interest, and collection

costs that accrued prior to Plaintiff taking title.

5. The Defendant is Ordered to produce an estoppel for an amount that does not

exceed the safe harbor provision of Fla. Stat. §718.116(1)(b) within 10 days of the date of this

Order. In the event that the Defendant does not comply with this Court's Order, this Judgment

shall serve as an estoppel for the total amounts due and owing to the Defendant.

6. This Court retains jurisdiction to enforce this Order.

DONE AND ORDERED in Chambers in St. Johns County, Florida, this _____ day of

April, 2013.

**EDWARD E. HEDSTROM**
**SENIOR JUDGE**

APR 1 7 2013

Circuit Court Judge

**SIGNED AND DATED**

Copies Furnished:

Avri Ben-Hamo, Esq.
Aldridge|Connors, LLP
1615 South Congress Avenue, Suite 101
Delray Beach, FL 33445

Stephen A. Hould, Esq.
920 Third Street, Suite D
Neptune Beach, FL 32266
Attorney for Valerie Nall

Suntrust Bank
c/o Janet Bullock, Authorized Legal Agent
303 Peachtree Street, NE
Atlanta, GA 30308

Jane Doe
n/k/a Melissa Wilkes
2133 Seahawk Drive
Ponte Vedra Beach, FL 32082

Elizabeth R. Wellborn, P.A.
350 Jim Moran Blvd., Suite 100
Deerfield Beach, FL 33442

Ponte Vedra Lakes Owners Association, Inc.
c/o First Coast Association Management, R.A.
11555 Central Parkway, Suite 801
Jacksonville, FL 32224

Bruce Martin Rodgers Esq.
Business Law Group, P.A.
301 W. Platt St., #375
Tampa, FL 33606
Attorney for Seahawk at Ponte Vedra Lakes II
Condo. Assoc., Inc.

1190-177 (2133)

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

NATIONSTAR MORTGAGE, ET AL.,

    Plaintiff,

vs.                           CASE NO: 10-CA-035670 (02)

RESEMBRIK A. SOLORZANO, ET AL.,

    Defendant(s).

_____/

## ORDER GRANTING PLAINTIFF'S MOTION

THIS MATTER having come before the Court on March 15, 2013, upon Plaintiff's Motion to

Enforce Final Judgment and Determine Amounts Due Defendant Monte Carlo Condominium

Association, Inc., and the Court being fully advised in the premises, it is therefore,

    ORDERED and ADJUDGED:

    1.  Plaintiff's Motion is GRANTED.

DONE and ORDERED in Chambers this ___ day of March, 2013 in Miami, Miami-Dade County,

Florida.

CONFORMED COPY

APR 08 2013

SPENCER EIG
CIRCUIT COURT JUDGE

_____
Circuit Court Judge

cc:    Avri Ben-Hamo, Esq.
       Erika Muller, Esq.
       Joseph A. Carballo, Esq.
       Bruce M. Rodgers, Esq.
       Michael H. Casanover, Esq.

RECEIVED
APR 15 2013
BY:_____

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

DEUTSCHE BANK NATIONAL TRUST
COMPANY ON BEHALF OF FINANCIAL
ASSET        SECURITIES        CORP.,
SOUNDVIEW HOME LOAN TRUST 2007-
WMC1, ASSET BACKED CERTIFICATES,
SERIES 2007-WMC1.

CASE NO.: 502007CA008621XXXXMB

Plaintiff,

vs.

NOLVIA BARAHONA, ET AL.

Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO ENFORCE FINAL JUDGMENT AND TO DETERMINE AMOUNTS DUE TO DEFENDANT CITYSIDE CONDOMINIUM ASSOCIATION, INC. PURSUANT TO FLA. STAT. §718.116

This cause having come before the Court on upon Plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY ON BEHALF OF FINANCIAL ASSET SECURITIES CORP., SOUNDVIEW HOME LOAN TRUST 2007-WMC1, ASSET BACKED CERTIFICATES, SERIES 2007-WMC1's Motion to Enforce Final Judgment and to Determine Amounts Due to Defendant CITYSIDE CONDOMINIUM ASSOCIATION, INC. Pursuant to Fla. Stat. §718.116 and the Court having heard argument of counsel and having reviewed the pleadings, it is thereupon:

**ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Enforce Final Judgment and to Determine Amounts Due to Defendant CITYSIDE CONDOMINIUM ASSOCIATION, INC. Pursuant to Fla. Stat. §718.116 is hereby **GRANTED**.

2. The Plaintiff's liability to the Defendant, CITYSIDE CONDOMINIUM ASSOCIATION, INC. is limited by Fla. Stat. §718.116(1)(b).

3. That Plaintiff, as a successor to the first mortgagee of the foreclosed Property, is protected under Fla. Stat. §718.116(1)(b) and required to pay the Defendant the lesser

of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiff's acquisition of title and which were not paid by the previous owner.

4. That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title.
15 sec

5. The Defendant is Ordered to produce an estoppel pursuant to this Order within 10 days of the date of this Order.

6. This Court retains jurisdiction to enforce this Order.

DONE AND ORDERED in Chambers in PALM BEACH County, Florida, this ____ day of March, 2013. **SIGNED & DATED**

**MAR 2 5 2013**

_____
Circuit Court Judge JUDGE SUSAN R. LUBITZ

Copies to:

Avri Ben-Hamo, Esquire, Aldridge Connors, LLP, 7000 W. Palmetto Park Rd Suite 300, Boca Raton, FL 33433

Albertelli Law, Jonathan G. Murray, Esq., P.O. Box 23028, Tampa, FL 33623

Nolvia Barahona, 15891 Southwest 12th Street, Pembroke Pines, FL 33027

Elian Rosario, 16608 NW 70th CT., Miami, FL 33014

Cityside Condominium Association, Inc., c/o Jeffrey N. Estis, Registered Agent, 1771 Cityside Drive, West Palm Beach, FL 33491

Mortgage Electronic Registration Systems, Inc., c/o Ben V., Senior Counsel, 1595 Spring Hill Road, Suite 310, Vienna, VA 22182

Unknown Spouse of Elian Rosario n/k/a Mirna Rauno, 16608 NW 70th CT., Miami, FL 33014

Law Offices of David J. Stern, P.A., 900 South Pine Island Road, Suite 400, Plantation, FL 33324

Maria B. Solomon, Esq., 1501 NW 49th St., Ste 206, Fort Lauderdale, Florida 33309

Bruce M. Rodgers, Esq., 301 W. Platt St., Suite 375, Tampa, FL 33606

1037-52546

2013/03/22 16:37:05    1   /2

INSTRUMENT#: 2013105944, BK: 21748 PG: 1002 PGS: 1002 - 1003 03/18/2013 at
02:31:25 PM,      DEPUTY CLERK:SMEANY Pat Frank,Clerk of the Circuit Court
Hillsborough County

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

WELLS FARGO BANK, NA

              Plaintiff,

vs.

ONE LAUREL PLACE CONDOMINIUM
ASSOCIATION, INC.
              Defendant.
_____/

NO.: 12-CA-016830

## FINAL JUDGMENT

This cause having come before the Court on March 4, 2013 upon Plaintiff, WELLS
FARGO BANK, NA's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees
and Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and
having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees
   and Costs, and Affidavit in Support Thereof is GRANTED.

2. That on or about October 24, 2012, the Plaintiff filed a three (3) count Complaint
   against the Defendant. Count I is an *Action for Compliance under Fla. Stat §718.116
   (1)(b);* Count II is an *Action for Declaratory Relief*; and Count III is an *Action for
   Damages Pursuant to §718.303(1)(a)*.

3. There are no genuine issues of material fact in this case wherefore the only
   determination for the Court to make is whether the Plaintiff is entitled to the safe
   harbor protections enumerated in Fla. Stat. §718.116(1)(b).

4. That Plaintiff, as an assignee or successor of the first mortgagee of the foreclosed
   Property, is protected under Fla. Stat. §718.116(1)(b) and required to pay the
   Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid
   common expenses and regular periodic assessments which came due or accrued before
   Plaintiff's acquisition of title and which were not paid by the previous owner.

5. That the Defendant is not permitted to charge late fees, interest, and collection costs
   that accrued prior to Plaintiff taking title.

1113-746164

2013/03/22 16:37:05    2    /2

Bk 21748 Pg 1003

_____

6. This Court retains jurisdiction to enforce this Final Judgment. The Court Grants the Plaintiff attorney's fees pursuant to Fla. Stat. §718.303, but reserves on the amount.

DONE AND ORDERED in HILLSBOROUGH County, Florida, this $\int \alpha^{\alpha}$ day of March, 2013.

Circuit Court Judge

Copies furnished:

Avrl Ben-Hamo, Esq., Aldridge Connors LLP, 1615 Congress Avenue, Suite 200, Delray Beach, FL 33445

Michael Casanover, Esq., Business Law Group, P.A., 301 W. Platt St., #375, Tampa, FL 33606

1113-746184

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

THE BANK OF NEW YORK AS TRUSTEE          CASE NO.: 2011-CA-016673-O
FOR THE BENEFIT OF THE CERTIFICATE
HOLDERS, CWALT INC., ALTERNATIVE
LOAN TRUST 2007-OA8 MORTGAGE
PASS-THROUGH CERTIFICATES,

    Plaintiff,

vs.

THE GREENS COA, INC.,

    Defendant.

_____/

## FINAL JUDGMENT

This cause having come before the Court on February 28, 2013, upon Plaintiff's, THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS, CWALT INC., ALTERNATIVE LOAN TRUST 2007-OA8 MORTGAGE PASS-THROUGH CERTIFICATES, Motion for Summary Final Judgment on Counts 1, 2 and 3, Attorney's Fees and Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1.    Plaintiff's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof is GRANTED.

2.    That on or about August 24, 2012, the Plaintiff filed a three (3) count Complaint against the Defendant. Count I is an *Action for Compliance under Fla. Stat §718.116 (1)(b)*; Count II is an *Action for Declaratory Relief*; and Count III is an *Action for Unjust Enrichment.*

3.    That per Rule 1.510, the Plaintiff, is seeking a Summary Final Judgment against the Defendant.

4.    There are no genuine issues of material fact in this case wherefore the only determination for the Court to make is whether the Plaintiff is entitled to the statutory limitations enumerated in Fla. Stat. §718.116(1)(b) and whether the Defendant has been unjustly enriched from their failure to comply with said statute.

5.     As an assignee and / or successor of the first mortgage, the Plaintiff does qualify for the "safe harbor" limitation pursuant to Fla. Stat. §718.116(1)(b).

6.     Plaintiff's liability for assessments that accrued prior to July 18, 2011, the date Plaintiff took title to the subject property, is limited to the lesser of 1% of the original mortgage or the last 12 months of unpaid common expenses and regular periodic assessments.

7.     That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title on July 18, 2011.

8.     That Plaintiff conferred a benefit on Defendant by submitting payment in the amount of $24,818.21 on June 26, 2012. That Defendant accepted said benefit, and that it would be inequitable for the Defendant to retain said benefit.

9.     The Defendant is ordered to reimburse Plaintiff any amounts that exceeds the "safe harbor" limitation enumerated in Fla. Stat. §718.116(1)(b),

10.     The Court reserved ruling on the issue of entitlement to attorney's fees.

11.     This Court retains jurisdiction to enforce this Final Judgment.

DONE AND ORDERED in Chambers in Orange County, Florida, this _____ day of March, 2013.

MAR 1 1 2011

                              JUDGE PATRICA A. DOHERTY
                              Circuit Court Judge

Copies furnished to:

Avri Ben-Hamo, Esq.,                    Jacob Brainard, Esq
Aldridge Connors LLP,                    Business Law Group, P.A.
1615 South Congress Avenue, Suite 101    301 W. Platt Street #375
Delray Beach, FL 33445                   Tampa, FL 33606

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST 2006-
HY12 MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-HY12

NO.: 2012-CA-005918-O (Div. 40)

Plaintiff,

vs.

THE PLAZA CONDOMINIUM
ASSOCIATION, INC.
Defendants.

_____/

ǀ                          **FINAL JUDGMENT**

This cause having come before the Court on March 7, 2013, upon Plaintiff's, THE
BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT,
INC. ALTERNATIVE LOAN TRUST 2006-HY12 MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2006-HY12 (hereinafter "Plaintiff"), Motion for Summary Final
Judgment on Counts I, II, and III, Attorney's Fees and Costs, and Affidavit in Support Thereof
and the Court having heard argument of counsel and having reviewed the pleadings, it is
thereupon:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on I, II, III, and Attorney's Fees and
   Costs, and Affidavit in Support Thereof is GRANTED.

2. That on or about October 31, 2012, the Plaintiff filed an Amended three (3) count
   Complaint against the Defendant. Count I is an *Action for Compliance under Fla. Stat.
   §718.116 (1)(b);* Count II is an *Action for Declaratory Relief;* and Count III is an
   *Action for Unjust Enrichment.*

3. There are no genuine issues of material fact in this case wherefore the only
   determination for the Court to make is whether the Plaintiff is entitled to the safe
   harbor protections enumerated in Fla. Stat. §718.116(1)(b) and whether the Defendant
   has been unjustly enriched.

1149-046

4.  The Plaintiff is a successor or assignee to the first mortgagee by virtue of the fact that the Plaintiff subsequently held the first mortgage in the underlying foreclosure action. The unpaid assessments due to Defendant is limited by Fla. Stat. §718.116(1)(b), to the lesser of twelve months of unpaid common expenses or one percent of the original mortgage debt.

5.  That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title on November 15, 2011.

6.  This Court finds that the Plaintiff conferred a benefit upon the Defendant by submitting payment under protest in the amount of $25,296.78; that the Defendant had knowledge of the benefit and accepted the benefit by virtue of the fact that the Defendant cashed the check dated June 21, 2012; and that it would be inequitable for the Defendant to retain the benefit because the Plaintiff is entitled to the safe harbor protections enumerated in Fla. Stat. §718.116(1)(b).

7.  The Defendant is Ordered to reimburse the Plaintiff within 10 days of the date of this Judgment.

8.  This Court retains jurisdiction to enforce this Final Judgment. The Court ~~also grants~~ reserver jurisdiction

and

the Plaintiff attorneys fees pursuant to §718.303 as the prevailing party ~~but reserves~~ on the amount.

DONE AND ORDERED in Chambers in Orange County, Florida, this $\frac{7}{}$ day of March 2013.

## /s/A. THOMAS MIHOK

Circuit Court Judge

Copies furnished to:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33433

Michael Casanover, Esq., Business Law Group, P.A., 301 W. Platt St., #375, Tampa, FL 33606

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

FEDERAL   NATIONAL   MORTGAGE
ASSOCIATION

NO.: 12-CA-016526

Plaintiff,

vs.

THE QUARTER AT YBOR CONDOMINIUM
ASSOCIATION, INC.

Defendant.
_____/

## FINAL JUDGMENT

This cause having come before the Court on February 18, 2013 upon Plaintiff, FEDERAL
NATIONAL MORTGAGE ASSOCIATION's Motion for Summary Final Judgment on Counts 1
and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof and the Court having heard
argument of counsel and having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees
   and Costs, and Affidavit in Support Thereof is GRANTED.

2. That on or about October 18, 2012, the Plaintiff filed a three (3) count Complaint
   against the Defendant. Count I is an *Action for Compliance under Fla. Stat §718.116
   (1)(b);* Count II is an *Action for Declaratory Relief*; and Count III is an *Action for
   Damages Pursuant to §718.303(1)(a).*

3. There are no genuine issues of material fact in this case wherefore the only
   determination for the Court to make is whether the Plaintiff is entitled to the safe
   harbor protections enumerated in Florida Statute 718.116(1)(b).

4. A first mortgage was given to Wells Fargo Bank, N.A. encumbering the property
   located at 2010 East Palm Avenue Unit #14-312, Tampa, Florida.

5. In its mortgage foreclosure complaint, Wells Fargo Bank, N.A. alleged that as
   Servicer for the owner [of the Note] and acting on behalf of the owner with authority
   to do so, it is the present designated holder of the Note and Mortgage with authority to
   pursue the present action.

6. On June 15, 2012, a Final Judgment of Foreclosure was awarded to Wells Fargo Bank,
   N.A.

1113-746192

Set of the Assessment of Expedia

7. On June 25, 2012, Wells Fargo Bank, N.A. assigned the right to bid at foreclosure sale to Federal National Mortgage Association.

8. That Plaintiff, as owner of the Note, is protected under Fla. Stat. §718.116(1)(b) and required to pay the Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiff's acquisition of title and which were not paid by the previous owner.

9. That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title.

10. This Court retains jurisdiction to enforce this Final Judgment. The Court also reserves on the issue of entitlement to attorneys fees.

DONE AND ORDERED in HILLSBOROUGH County, Florida, this _____ day of *Martin* February, 2013.

_____
Circuit Court Judge

Copies furnished:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33433

Michael Casanover, Esq., Business Law Group, P.A., 301 W. Platt St. #375, Tampa, FL 33606

1113-716192

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

RESIDENTIAL FUNDING COMPANY, LLC,
FKA RESIDENTIAL FUNDING CORPORATION,

NO.: 2011-40537-CA-01

Plaintiff,

vs.

LINCOLN PLACE RESIDENCES
CONDOMINIUM ASSOCIATION, INC.

Defendant.

_____/

## FINAL JUDGMENT

This cause having come before a special Magistrate on December 20, 2012, upon Plaintiff's, RESIDENTIAL FUNDING COMPANY, LLC, FKA RESIDENTIAL FUNDING CORPORATION, Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof is **GRANTED**.

2. There are no genuine issues of material fact in this case wherefore the only determination for the Court to make is whether the Defendant has failed to comply with Florida Statute 718.116.

3. That Plaintiff, as a successor or assignee of the first mortgagee of the foreclosed Property, is protected under Fla. Stat. §718.'16(1)(b) and required to pay the Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiff's acquisition of title and which were not paid by the previous owner.

4. That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title to the subject property on July 14, 2011.

1248-028   1610 Lenox Avenue #217, Miami Beach, FL



5. The Defendant is Ordered to produce an estoppel in accordance with this Judgment and with Fla. Stat. §718.116(1)(b) within 10 days of the date of this Order.

6. This Court retains jurisdiction to enforce this Final Judgment. The Court also reserves ruling as to Plaintiff entitlement to attorney's fees and costs pursuant to Fla. Stat. §718.303.

DONE AND ORDERED in Chambers in Miami-Dade County, Florida, this ____ day of DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 02/27/13.

SARAH ZABEL
CIRCUIT COURT JUDGE

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed and stamped original Order sent to court file by Judge Zabel's staff.

Copies furnished to:

Avri Ben-Hamo, Esq.
Aldridge Connors LLP,
(abenhamo@aclawllp.com and assoc.lit@aclawllp.com)

Michael H. Casanover, Esq.
Business Law Group, P.A.,
(mcasanover@blawgroup.com and service@blawgroup.com)

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

THE BANK OF NEW YORK AS TRUSTEE
FOR THE CERTIFICATE HOLDERS
CWALT, INC. ALTERNATIVE LOAN
TRUST 2005-62 MORTGAGE PASS
THROUGH CERTIFICATES, SERIES 2005-
62

NO.: 11-CA-010249 NC

Plaintiff,

vs.

SERENADE ON PALMER RANCH
CONDOMINIUM ASSOCIATION, INC.

Defendant.

_____/

## FINAL JUDGMENT

This cause having come before the Court on February 19, 2013 upon Plaintiff, THE
BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST 2005-62 MORTGAGE PASS THROUGH CERTIFICATES,
SERIES 2005-62's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees and
Costs, and Affidavit in Support Thereof and the Court having heard argument of counsel and
having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on Counts 1 and 2, Attorney's Fees
   and Costs, and Affidavit in Support Thereof is GRANTED.

2. That on or about December 16, 2011, the Plaintiff filed a three (3) count Complaint
   against the Defendant. Count I is an *Action for Compliance under Fla. Stat §718.116
   (1)(b);* Count II is an *Action for Declaratory Relief;* and Count III is an *Action for
   Damages Pursuant to §718.303(1)(a).*

3. Defendant's Answer was filed on January 20, 2012.

4. That per Rule 1.51, the Plaintiff, is seeking a Summary Final Judgment against the
   Defendant.

5. There are no genuine issues of material fact in this case wherefore the only
   determination for the Court to make is whether the Defendant has failed to comply
   with Florida Statute 718.116.

6. That Plaintiff, as an assignee or successor of the first mortgagee of the foreclosed
   Property, is protected under Fla. Stat. §718.116(1)(b) and required to pay the

1092-3673

Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiff's acquisition of title and which were not paid by the previous owner.

7. That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title.

8. That Plaintiff's liability to Defendant is limited to:

| | |
|---|---|
| 1% of the original debt | $ 1,239.00 |
| Monthly Assessments: | |
| July 19, 2011 through August 1, 2011 *Prorated Assessment $178.00 per month /31 days $5.74 per diem x 12 days* | 68.88 |
| August 1, 2011 through February 28, 2013 *$178.00 per month x* | 3,382.00 |
| Late fees and Interest | 844.18 |
| Total: | $5,534.06 |

9. This Court finds that the Plaintiff is entitled to Summary Final Judgment that is limited to the amount specified in this Judgment.

10. The Defendant is Ordered to produce an estoppel for an amount that does not exceed $5,534.06 within 10 days of the date of this Judgment. In the event that the Defendant does not comply with this Court's Order, this Judgment shall serve as an estoppel for the total amounts due and owing to the Defendant as described in paragraph 8.

11. This Court retains jurisdiction to enforce this Final Judgment. The Court ~~grants~~ *reserves on the issue of* Plaintiff ~~entitlement to~~ attorneys fees pursuant to Fla. Stat. §718.303(1)(a) ~~but~~ *and* reserves on the amount.



DONE AND ORDERED in SARASOTA County, Florida, this _____ day of February, 2013.

ORIGINAL SIGNED
FEB 1 9 2013

RICK DeFURIA
CIRCUIT JUDGE
Circuit Court Judge

Copies furnished:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33433
Michael Casanover, Esq., Business Law Group, P.A., 301 W. Platt St. #375, Tampa, FL 33606

1092-3678

IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN AND
FOR ALACHUA COUNTY, FLORIDA

CASE NO.: 01-2009-CA-005928

ARCH BAY HOLDINGS, LLC -- SERIES
2010B,

    Plaintiff,

v.

YAHNA M. YOUNG; CRICKET CLUB
CONDOMINIUM ASSOCIATION, INC.,
et al.,

    Defendants.

_____/

### ORDER GRANTING MOTION TO ENFORCE FINAL JUDGMENT

THIS CAUSE came before the Court at 9:00 a.m., on November 30, 2012, on the Plaintiff, ARCH BAY HOLDINGS, LLC – SERIES 2010B'S. 'the "Plaintiff"), Motion to Enforce Final Judgment, and the Court having reviewed the Motion and the record, having heard the argument of counsel, and otherwise being fully advised in the premises, it is hereby.

    ORDERED and ADJUDGED as follows:

    1.    The Motion to Enforce Final Judgment is hereby GRANTED.

    2.    This Court has jurisdiction over the parties and to consider the issues raised by the parties.

    3.    The Plaintiff is the assignee of the first mortgage in this action, as defined in Chapter 718, *Florida Statutes*.

    4.    Pursuant to the Final Summary Judgment of Foreclosure, the claim of Defendant, CRICKET CLUB CONDOMINIUM ASSOCIATION, INC. (the "Association"), was extinguished when Plaintiff purchased the subject property at the foreclosure sale and the Clerk of

this Court issued the Certificate of Sale, except that Plaintiff remained obligated to the Association for the lesser of the prior twelve (12) months of unpaid assessments or one percent (1%) of the original mortgage debt in accordance with § 718.116(b), *Florida Statutes*. In this case, one percent (1%) of the original mortgage debt is less than the prior twelve (12) months of assessments

5.      The Association's claims for additional past due assessments, interest, late fees, attorneys' fees and all other charges have been fully extinguished or discharged

6.      The Association is entitled to receive the following amounts from the Plaintiff pursuant to § 718.116(b), *Florida Statutes*:

|  |  |
|---|---|
| (1) One percent (1%) of the original mortgage debt: | $ 1,604.55 |
| (2) Unpaid Assessments since Plaintiff acquired title | $ 1,349.69 |
| (3) Late Fees for June 2012 – November 2012: | $ 125.00 |
| **TOTAL:** | $ 3,079.24 |

7.      Upon payment of the amount listed above, pursuant to § 718.116, *Florida Statutes*, Plaintiff will have fully satisfied its liability to the Association for all assessments, interest, late fees, attorneys' fees and all other charges that came due prior to the issuance of the Certificate of Title to Plaintiff and during Plaintiff's ownership of the property.

8.      The Court continues to reserve and preserve jurisdiction to enter such other further orders that are necessary in this action.

DONE and ORDERED in at Gainesville, Alachua County, Florida, on this __17__ day of _____, 2013

ORIGINAL SIGNED BY
MARY DAY COKER
CIRCUIT JUDGE

CIRCUIT COURT JUDGE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail delivery to: Bart R. Valdes, Esq., 609 West Horatio Street, Tampa, Florida 33606;

8

Michael Casanover, Esq., Business Law Group, P.A., 301 West Platt Street, #375, Tampa, Florida 33606; Law Offices of Daniel C. Consuegra, 9204 King Palm Drive, Tampa, Florida 33619; ~~Yates M. Young, 4535 N.W. 31ᵈ Avenue, Gainesville, Florida 32606~~, on this _22_ day of _____ _Jan_ , 201~~3~~.

ORIGINAL SIGNED BY
K. JANOUS
FORECLOSURE CASE MANAGER
JUDICIAL ASSISTANT/ATTORNEY

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

OXFORD PLACE AT TAMPA PALMS
CONDOMINIUM ASSOCIATION.
INC.,

CASE NO.: 12-CA-006528
Judge Robert A. Foster, Jr.

      Plaintiff/Counter Defendant,

vs.

WELLS FARGO BANK, N.A, ET AL.,

      Defendant/Counter Claimant.

_____/

### FINAL JUDGMENT

This cause came on before the Court on upon Defendant, WELLS FARGO BANK, N.A.,
Motion for Default Final Judgment and Motion for Attorney's Fees ad Costs and the Court
having heard argument of counsel and having reviewed the pleadings, it is thereupon:

ORDERED AND ADJUDGED that:

1.      That on or about October 10, 2012, the Defendant filed its Answer, Affirmative
Defenses and Counterclaim against the Plaintiff.    Count I is an *Action for Compliance under
Fla. Stat §718.116(1)(b)*; Count II is an *Action for Declaratory Relief*; and Count III is an *Action
for Damages Pursuant to §718.303(1)(a)*.

2.      That on September 24, 2012, service of process was obtained upon the Plaintiff.

3.      That on October 26, 2012, Defendant filed a Motion for Clerk's Default. On
November 2, 2012 a Default was entered by the Clerk against the Plaintiff for their failure to file
a responsive pleading.

4.      That per Rule 1.500(e), the Defendant, is seeking a Final Judgment against the
Plaintiff.

5.      That Defendant acquired title of the Property as the first mortgagee or its assignee or successor in a foreclosure proceeding in Hillsborough County, Florida.

6.      That the original amount of the mortgage was $171,466.00; and it was recorded on January 29, 2007, in Official Records Book 17389 at Page 1599 of the Public Records of Hillsborough County.

7.      That final Judgment of foreclosure was entered December 1, 2011, granting Defendant a lien in the foreclosed amount which is superior to any right, title, interest, or claim of the Plaintiff. The Judgment was recorded on December 14, 2011, in Official Record Book 20854 at Pages 1521 of the Public Records of Hillsborough County.

8.      That Defendant owns the property located at 5125 Palm Springs Blvd., #6204, Tampa, Florida (hereinafter "the Property"), by virtue of a certificate of title recorded on January 30, 2012 in Official Records Book 20926 at Page 1559 of the Public Records of Hillsborough County.

> CONDOMINIUM UNIT PARCEL KNOWN AS UNIT 6204 OF OXFORD PLACE AT TAMPA PALMS, A CONDOMINIUM (CONDOMINIUM), ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF (DECLARATION), RECORDED IN OFFICIAL RECORDS BOOK 16175, PAGES 0218, IN THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA, AND ANY AND ALL AMENDMENTS THERETO, TOGETHER WITH AN UNDIVIDED INTEREST IN AND TO THE COMMON ELEMENTS APPURTENANT THERETO AS SPECIFIED IN SAID DECLARATION.

9.      The Defendant, through its agent, requested an estoppel certificate from the Plaintiff. The Plaintiff issued Defendant an estoppel certificate on March 13, 2012 for $33,037.86.

10.     That Defendant, as an assignee or successor of the first mortgagee of the foreclosed Property, is protected under Fla. Stat. §718.116(1)(b) and required to pay the Plaintiff

*Oxford Place at Tampa Palms Condo Assn vs Wells Fargo Bank N A*
*Hillsborough Circuit Case No  12-CA-006528*
*Final Judgment*
*Page 3*

the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and

regular periodic assessments which came due or accrued before Defendant's acquisition of title

and which were not paid by the previous owner.

    11.    That the Plaintiff is not permitted to charge late fees, interest, and collection costs

that accrued prior to Defendant taking title on January 18, 2012.

    12.    The Plaintiff is Ordered to produce an estoppel for amounts due through

December 31, 2012 within 10 days of this Final Judgment.

    13.    That Defendant is entitled to Attorney's Fees and Costs as follows:

| | |
|---|---|
| Attorney's fees<br>Finding as to reasonable number of hours (16 hours)<br>Finding as to reasonable hourly rate ($175.00/hour) | $3,342.50 |
| Court costs, now taxed | 395.00 |
| **TOTAL** | **$3,756.60** |

That shall bear interest at the rate of 4.75% a year.

    17.    This Court retains jurisdiction to enforce this Final Judgment.

DONE AND ORDERED in Chambers in Hillsborough County, Florida, this _____ day of

December, 2012.

ORIGINAL SIGNED
CONFORMED COPY

DEC 1 7 2012

_____
Circuit Court Judge

ROBERT A. FOSTER, JR
CIRCUIT JUDGE

Copies furnished:

Avri Ben-Hamo, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca
Raton, FL 33433

Bruce M. Rodgers, Esq., Business Law Group, P.A., 301 W. Platt Street, #375, Tampa, FL.
33606

1113-745499 (5125 #6204)



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BANK OF NEW YORK (THE) (TR),                   NO.: 11-05694CA09

Plaintiff,

vs.

MIRADOR 1200 CONDOMINIUM
ASSOCIATION, INC.,

Defendant.

_____

**FINAL JUDGMENT**

This cause having come before the Court on June 12, 2012, upon Plaintiff's, BANK OF
NEW YORK (THE) (TR) (hereinafter "Plaintiff"), Motion for Summary Final Judgment on
Counts I and III, Attorney's Fees and Costs, and Affidavit in Support Thereof and the Court
having heard argument of counsel and having reviewed the pleadings, it is thereupon

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Final Judgment on I and III, and Attorney's Fees and
   Costs, and Affidavit in Support Thereof is GRANTED

2. That on or about September 21, 2011, the Plaintiff filed an Amended three (3) count
   Complaint against the Defendant. Count I is an *Action for Compliance under Fla. Stat.
   §718.116 (1)(b)* Count II is an *Action for Declaratory Relief*, and Count III is an
   *Action for Unjust Enrichment*.

3. Defendant's Answer and Affirmative Defenses were filed on November 10, 2011.

4. That per Rule 1.510, the Plaintiff, is seeking a Summary Final Judgment against the
   Defendant

5. There are no genuine issues of material fact in this case wherefore the only
   determination for the Court to make is whether the Defendant has failed to comply
   with Florida Statute § 718.116.

6. The Plaintiff is a successor to the first mortgagee by virtue of the fact that the Plaintiff
   subsequently held the first mortgage in the underlying foreclosure action. The unpaid
   assessments due to Defendant is limited by Fla. Stat. §718.116(1)(b), to the lesser of
   twelve months of unpaid common expenses or one percent of the original mortgage
   debt

Page 1 of 3

7.  The original amount of the mortgage was $304,000; and it was recorded on March 6, 2007, in Official Records Book 25417 at Page 2318 of the Public Records of Miami-Dade County.

8.  That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title on July 9, 2010

9.  That Plaintiff's liability to Defendant is limited to

| | |
|---|---|
| 1% original mortgage | $3,040.00 |
| Monthly Assessments | |
| * Monthly Assessments from | |
| 7/09/2010 – 7/31/2010 | |
| $406.29/31 days - $13.11 per diem x 23 days | $301.53 |
| 8/01/2010 – 5/1/2011 | $4,255.60 |
| Late Fees | $250.00 |
| Finance Charges (Interest) | $277.99 |
| Total: | $8,125.12 |

10  This Court finds that the Plaintiff conferred a benefit upon the Defendant by submitting payment under protest in the amount of $37,969.98; that the Defendant had knowledge of the benefit and accepted the benefit by virtue of the fact that the Defendant cashed the check on May 23, 2011; and that it would be inequitable for the Defendant to retain the benefit because the Plaintiff is entitled to the safe harbor protections enumerated in Fla. Stat. §718.116(1)(b).

11  The Defendant is Ordered to reimburse the Plaintiff $29,844.86 within 10 days of the date of this Judgment.

12. This Court retains jurisdiction to enforce this Final Judgment. The Court also reserves on the issue of entitlement and amount of attorney's fees to the Plaintiff for prosecuting this action.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 06/14/12 10:50 PM.

Page 2 of

ORIGINAL

JUDGE JERALD BAGLEY

JERALD BAGLEY
CIRCUIT COURT JUDGE

| FINAL ORDERS AS TO ALL PARTIES |
| --- |
| SRS DISPOSITION NUMBER   12 |
| THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S) THIS CASE IS CLOSED AS TO ALL PARTIES |
| Judge's Initials   JB |

The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, or hand-delivery, to all parties/counsel of record for whom facsimile numbers were not provided and file proof of service with the Clerk of Court.

Signed and stamped original Order sent to court file by Judge Bagley's staff. Electronic copy furnished ONLY to any below listed recipient(s) by facsimile whose facsimile number(s) is/are CORRECTLY FORMATTED and listed herein.

Circuit Court Judge

Copies furnished to

Avri Ben-Hano, Esq., Aldridge Connors LLP, 7000 W. Palmetto Park Road, Suite 300, Boca Raton, FL 33433 [Fax Avri Ben-Hano, Esq. to 1-561-367-9454]

Brandon R. Burg, Esq., Business Law Group, P.A., 301 W. Platt St., #375, Tampa, FL 33606 [Fax Brandon R. Burg, Esq. to 1-813-253-3820]

Bk 28157 Pg 4427 CFN 20120437392 06/21/2012 08 51 21 Pg 3 of 3 Mia-Dade Cty, FL

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

WELLS FARGO BANK, N.A., A/K/A
WACHOVIA MORTGAGE, A
DIVISION OF WELLS FARGO BANK
N.A., F/K/A WACHOVIA MORTGAGE,
FSB F/K/A WORLD SAVINGS BANK,
FSB,                                                    NO.: 11-CA-013882

                    Plaintiff,

vs.

THE MADISON AT SOHO CONDOMINIUM
ASSOCIATION, INC.,

                    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY FINAL JUDGMENT ON COUNTS 1 AND 2

THIS CAUSE having come before the Court on May 10, 2012, upon Plaintiff's Motion for Final Summary Judgment on Counts 1 and 2, the Court having reviewed the pleadings, and being otherwise fully advised in the premises, the Court finds as follows:

ORDERED AND ADJUDGED

1.     Plaintiff's Motion for Amended Summary Final Judgment on Counts 1 and 2, Attorney's Fees and Costs, and Affidavit in Support Thereof is GRANTED.

2.     That Plaintiff is protected under Fla. Stat. §718.116(1)(b)(1) and required to pay the Defendant the lesser of 1% of the original mortgage, or the last 12 months of unpaid common expenses and regular periodic assessments which came due or accrued before Plaintiff's acquisition of title and which were not paid by the previous owner.

3.     That the Defendant is not permitted to charge late fees, interest, and collection costs that accrued prior to Plaintiff taking title.

4.   The parties stipulate and agree that the amount of liability for assessments, pre and post taking title, through May, 2012, is $5,000.00.

5.   The Defendant shall provide Plaintiff's Counsel an estoppel certificate in accordance with this Order by Wednesday May 16, 2012.

6.   This Court retains jurisdiction to enforce this Consent Final Judgment.

7.   The Court retains jurisdiction on Plaintiff's Count III, Action for Damages Pursuant to Fla. Stat. §718.303 (1)(a).

8.   The Court reserves on the issue of entitlement and amount of attorney's fees to the Plaintiff for prosecuting this action.

DONE AND ORDERED in Chambers in Tampa, Hillsborough County, Florida, on this _____ day of _____ _____, 2012.

ORIGINAL SIGNED

MICHELLE SISCO          MAY 2 2 2012
CIRCUIT COURT JUDGE     MICHELLE SISCO
                        CIRCUIT JUDGE

Copies furnished to:

Avri Ben-Hamo, Esq., ALDRIDGE CONNORS, LLP, 7000 West Palmetto Park Road, Suite 300, Boca Raton, Florida 33433

Brandon R. Burg, Esq., BUSINESS LAW GROUP, P.A., 301 W. Platt St., #375, Tampa, FL 33606

DOC # 20140443874 B: 10798 P: 4251
09/02/2014 08 49 AM  Page 1 of 6
Rec Fee: $0.00
Deed Doc Tax: $0.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Martha O Haynie, Comptroller
Orange County, FL
Ret To: ORANGE COUNTY CLERK OF COURT
ERECORD

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

Case No. 2012-CA-014661-O
Division    33

WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND I TRUST
    Plaintiff,

vs.

FELIXON GUADALUPE, AND
UNKNOWN TENANTS/OWNERS,
    Defendants.
_____/

FILED IN OPEN COURT
THIS 28 DAY OF August, 2014
BY ____ Weel Clerk ____ D.C.

## FINAL JUDGMENT OF FORECLOSURE

**THIS CAUSE** came before the Court for non-jury trial on August 28, 2014. Upon the evidence presented, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Final judgment in Plaintiff's favor is hereby granted.

2. The Court has jurisdiction over the subject matter hereof and the parties hereto, and the equities herein are with the Plaintiff. All necessary parties have been served, and proof of such service is in the court file.

3. **Amounts Due and Owing.** Plaintiff, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, is due:

| Principal | $226,500.00 |
| Accrued interest 01/01/2010 to 08/28/2014 | $68,607.80 |

1

EXHIBIT B

Per Diem interest at $40.34

| | |
|---|---|
| Pre Accelerated Late Charges | $0.00 |
| Title Search | $0.00 |
| Title Update | $0.00 |
| Property Taxes | $3,587.17 |
| Hazard Insurance | $2,441.27 |
| Prior Servicers Escrow | $1,973.31 |

Attorneys' Fees:

Finding as to reasonable number of hours:

Finding as to reasonable hourly rate:

Other*:$675.00

| | |
|---|---|
| Attorneys' Fees Total | $675.00 |

* (The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)

**Court Costs:**

| | |
|---|---|
| Filing Fee | $0.00 |
| Service of Process | $0.00 |
| Recording Fee | $0.00 |
| **SUBTOTAL** | $303,784.55 |

**Additional Costs:**

| | |
|---|---|
| Property Inspections | $146.95 |
| **GRAND TOTAL** | $303,931.50 |

4. **Interest.** The grand total amount referenced in paragraph 3 shall bear interest from this date forward at the prevailing legal rate of interest, which is presently 4.75% a year.

2

5. **Lien on Property.** Plaintiff, whose address is: 4600 SOUTH SYRACUSE ST., SUITE

700, DENVER, CO 80237, holds a lien for the grand total sum superior to all claims or estates of

the defendant(s), on the following described property in Orange County, Florida:

> CONDOMINIUM UNIT 1308, BUILDING 1, SOLAIRE AT THE PLAZA
> CONDOMINIUM, TOGETHER WITH AN UNDIVIDED INTEREST IN THE
> COMMON ELEMENTS, ACCORDING TO THE DECLARATION OF
> CONDOMINIUM THEREOF RECORDED IN OFFICIAL RECORD BOOK 9104,
> PAGE 2226, AS AMENDED FROM TIME TO TIME, OF THE PUBLIC RECORDS
> OF ORANGE COUNTY, FLORIDA.

Property address: 155 SOUTH COURT AVE, ORLANDO, FL 32801.

6. **Sale of Property.** If the grand total amount with interest at the rate described in

paragraph 4 and all costs accrued subsequent to this judgment are not paid, the Clerk of this

Court shall sell the subject property at public sale, on _____OCT 2_____, 2014, at 11

AM., to the highest bidder for cash after having first given notice as required by Section 45.031,

Florida Statutes. The subject property shall be sold by electronic sale at: online at

www.myorangeclerk.realforeclose.com.

7. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed

for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided, however,

that the purchaser of the property for sale shall be responsible for documentary stamps affixed to

the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the

total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is

necessary to pay the bid in full.

8. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the

proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs;

second, documentary stamps affixed to the Certificate; third, Plaintiff's attorneys' fees; fourth,

the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph

4 from this date to the date of the sale; and by retaining any remaining amount pending the

further order of this Court.

3

9. **Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.

10. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including without limitation, orders authorizing writs of possession and an award of attorney's fees, to enter a deficiency judgment against those parties who may be personally liable and not discharged in bankruptcy, to enter a reforeclosure judgment/order to correct errors or omissions in the foreclosure action, and to determine the amounts due any association under §718.116 or §720.3085.

11. In the event that additional sums are expended by Plaintiff to protect its interest, including but not limited to real estate taxes, hazard insurance, property preservation, or other necessary costs, Plaintiff shall file an affidavit setting forth such expenditures and the Court may enter an order awarding Plaintiff the amount expended and add it to the total amount due under this final judgment.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

4

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the following additional language applies:)

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 425 N. ORANGE AVE., ROOM 310 CIVIL DIVISION, ORLANDO, FLORIDA (TELEPHONE: 407-836-2278 (FORECLOSURES)), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT "Community Legal Services of Mid-Florida, Inc.-Orlando, 407-841-7777", TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT Community Legal Services of Mid-Florida, Inc.-Or, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

5

12. The purchaser of a condominium unit or of a home owner association property at the

judicial sale scheduled herein shall be responsible for assessments and other charges in

accordance with Florida Statutes §§718.116 and 720.3085, respectively.

DONE AND ORDERED at Orange County, Florida, on _____8/28/14_____.

CIRCUIT JUDGE

Conformed Copy furnished to:

Ian J. MacAlister
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601-0800
ForeclosureService@kasslaw.com
Attorney for Plaintiff

UNKNOWN SPOUSE OF FELIXON GUADALUPE N/K/A RENEE GUADALUPE
7107 LAKE CARLISEL BLVD.
ORLANDO, FL 32829

FELIXON GUADALUPE
7107 LAKE CARLISEL BLVD.
ORLANDO, FL 32829

TRI-CITY ELECTRIC CONTRACTORS, INC.
430 WEST DRIVE
ALTAMONTE SPRINGS, FL 32714

PIRANHA TECHNOLOGIES, INC.
6250 EDGEWATER DR., SUITE 1300
ORLANDO, FL 32810

THE PLAZA LAND CONDOMINIUM ASSOCIATION, INC.
121 S. ORANGE AVENUE
ORLANDO, FL 32801

SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC.
155 S. COURT AVENUE
ORLANDO, FL 32801

327599/1343338/idh

6

Business Law Group, P.A.
301 W. Platt St. #375
Tampa, FL 33606

Dave Coppage

November 19, 2014

Re: Estoppel Request – SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC. #1308

Property: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

Pursuant to your recent request, the following amounts are due in order to satisfy the lien on Unit Number 1308.

Upon payment in full of all amounts due hereunder to Business Law Group, P.A. ("BLG"), association accepts the Payor's payment as satisfaction of debts hereby sought and Payor forever releases association of all claims related to this transaction. Please be advised that if payment is made under protest or with rights reserved, any payment made pursuant to this estoppel letter will be applied pursuant to Florida Statute 718.116(3).

The following amounts are valid through 11/30/2014 contingent on no further fees or charges being incurred subsequent to the date of this letter.

| Finance Charges | $7,231.42 |
|---|---|
| Late Fees | $1,400.00 |
| Legal Fees | $1,055.00 |
| Lien Costs | $70.00 |
| Underwriting | $125.00 |
| Prior Attorneys Fees | $779.98 |
| Assessments | $16,126.41 |
| Accelerated Assessments | $4,258.74 |
| Other Association Costs | $85.00 |
| **TOTAL BALANCE DUE** | **$31,131.55** |

Please make payment payable to Business Law Group, P.A. and send to the above address. If available please include a copy of the Warranty Deed.

A check payable to Solaire at The Plaza equal to two months of assessments is due at closing for Capital Contributions.

The association reserves the right to demand additional funds before or subsequent to the release of lien to correct any error or omission in these figures made in good faith, whether mathematical, clerical, typographic, or otherwise. The payoff figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this payoff statement.

Sincerely,

Sarah E Foster Esq.

Cc SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC.

# EXHIBIT C



## FLORIDA BANK

### DOMESTIC INCOMING WIRING INSTRUCTIONS

**Beneficiary Bank:**

Bank Name.                          Florida Bank, Tampa, Florida
Routing Number (ABA):      063112249

**Beneficiary Information:**

Customer Acct #:             159653501
Customer Name:              Business Law Group Trust Account

*All Wires must include: Association Name and Unit Number*

Please note that our cut off time for incoming wires is 4:00 p m. (EST)

**BUSINESS LAW GROUP, P.A.**
ATTORNEYS AT LAW

November 19, 2014, 8:06 pm

Solaire at The Plaza - Unit 1308 Owner's Ledger
Physical Address: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

| | |
|---|---|
| A/R: Finance Charges | $7,231.42 |
| A/R: Late Fees | $1,400.00 |
| A/R: Legal Fees | $1,055.00 |
| A/R: Lien Costs | $70.00 |
| A/R: Underwriting | $125.00 |
| A/R: Prior Attorneys Fees | $779.98 |
| A/R: Assessments | $16,126.41 |
| A/R: Accelerated Assessments | $4,258.74 |
| A/R: Other Association Costs | $85.00 |
| **TOTAL** | **$31,131.55** |

| Type | | | | |
|---|---|---|---|---|
| Invoice | Assessments  BEG BAL | 03/08/2010 | $173 52 | $173 53 |
| Invoice | Other Association Costs - COLL COST | 03/17/2010 | $5.00 | $178.52 |
| Invoice | Finance charges | 04/01/2010 | $1 71 | $180 23 |
| Invoice | Assessments | 04/01/2010 | $358 55 | $538.78 |
| Invoice | Late Fees - For  BEG BAL 3/8/2010 | 04/01/2010 | $25 00 | $563 78 |
| Invoice | Other Association Costs - COLL COST | 04/22/2010 | $5.00 | $568.78 |
| Invoice | Finance charges | 05/01/2010 | $6 56 | $575 34 |
| Invoice | Late Fees - For: Assess 4/1/2010 | 05/01/2010 | $25.00 | $600.34 |
| Invoice | Assessments | 05/01/2010 | $358 55 | $958 89 |
| Invoice | Other Association Costs - COLL COST | 05/18/2010 | $25.00 | $983.89 |
| Invoice | Finance charges | 06/01/2010 | $11 35 | $995 24 |
| Invoice | Assessments | 06/01/2010 | $358 55 | $1,353.79 |
| Invoice | Late Fees  For  Assess 5/1/2010 | 06/01/2010 | $25 00 | $1 378 79 |
| Invoice | Other Association Costs - COLL COST | 06/14/2010 | $50.00 | $1,428.79 |
| Invoice | Finance charges | 07/01/2010 | $15 40 | $1,444 19 |
| Invoice | Late Fees - For: Assess 6/1/2010 | 07/01/2010 | $25.00 | $1,469.19 |
| Invoice | Assessments | 07 01/2010 | $358 55 | $1 827 74 |
| Invoice | Assessments | 08/01/2010 | $358.55 | $2,186.29 |
| Invoice | Late Fees  For  Assess 7/1/2010 | 08/01/2010 | $25 00 | $2,211 29 |
| Invoice | Finance Charges | 08/01/2010 | $20.48 | $2,231 77 |
| Invoice | Finance Charges | 09/01/2010 | $25 05 | $2,256 8: |
| Invoice | Late Fees - For: Assess 8/1/2010 | 09/01/2010 | $25.00 | $2,281.82 |
| Invoice | Assessments | 09 01/2010 | $358 55 | $2,640 3? |
| Invoice | Assessments | 10/01/2010 | $358.55 | $2,998 92 |
| Invoice | Late Fees  For  Assess 9  2010 | 10 01 2010 | $25 00 | $3,023 92 |
| Invoice | Finance Charges | 10/01/2010 | $28.66 | $3,052 58 |
| Invoice | Finance Charges | 11/01 2010 | $34 19 | $3,086 77 |
| Invoice | Late Fees - For  Assess 10/1/2010 | 11/01/2010 | $25.00 | $3,111.77 |
| Invoice | Assessments | 11/01/2010 | $358 55 | $3,470 32 |
| Invoice | Assessments | 12/01/2010 | $358 55 | $3,828 87 |
| Invoice | Late Fees - For  Assess 11-1/2010 | 12 01/2010 | $25.00 | $3 853 87 |
| Invoice | Finance Charges | 12/01/2010 | $37.50 | $3,891.37 |
| Invoice | Finance Charges | 01/01/2011 | $43 32 | $3,934 69 |
| Invoice | Late Fees - For  Assess 12/1/2010 | 01/01/2011 | $25 00 | $3,959.69 |
| Invoice | Assessments | 01/01/2011 | $356 13 | $4,315 82 |
| Invoice | Assessments | 02/01/2011 | $356 13 | $4,671.95 |
| Invoice | Late Fees  For  Assess 1  2:11 | 02 01 2011 | $25 00 | $4,696 95 |
| Invoice | Finance Charges | 02 01/2011 | $47 86 | $4,744.81 |

| Type | | | | |
|---|---|---|---|---|
| Invoice | Finance Charges | 03/01/2011 | $47.32 | $4,792.13 |
| Invoice | Late Fees - For: Assess 2/1/2011 | 03/01/2011 | $25.00 | $4,817 13 |
| Invoice | Assessments | 03/01/2011 | $356.13 | $5,173.26 |
| Invoice | Assessments | 04/01/2011 | $356.13 | $5,529.39 |
| Invoice | Late Fees - For Assess 3/1/2011 | 04/01/2011 | $25.00 | $5,554.39 |
| Invoice | Finance Charges | 04/01/2011 | $56.93 | $5,611.32 |
| Invoice | Finance Charges | 05/01/2011 | $59 49 | $5,670.81 |
| Invoice | Late Fees - For: Assess 4/1/2011 | 05/01/2011 | $25.00 | $5,695.81 |
| Invoice | Assessments | 05/01/2011 | $356 13 | $6,051 94 |
| Invoice | Assessments | 06/01/2011 | $356.13 | $6,408.07 |
| Invoice | Late Fees  For  Assess 5/1/2011 | 06/01/2011 | $25 00 | $6,433 07 |
| Invoice | Finance Charges | 06/01/2011 | $66.01 | $6,499.08 |
| Invoice | Finance Charges | 07/01/2011 | $68.27 | $6,567 35 |
| Invoice | Late Fees - For: Assess 6/1/2011 | 07/01/2011 | $25.00 | $6,592.35 |
| Invoice | Assessments | 07/01/2011 | $356 11 | $6,948 48 |
| Invoice | Assessments | 08/01/2011 | $356.13 | $7,304.61 |
| Invoice | Late Fees  For  Assess 7/1/2011 | 08/01/2011 | $25 00 | $7,329 61 |
| Invoice | Finance Charges | 08/01/2011 | $75.08 | $7,404.69 |
| Invoice | Finance Charges | 09/01/2011 | $79 62 | $7,484 31 |
| Invoice | Late Fees - For: Assess 8/1/2011 | 09/01/2011 | $25.00 | $7,509.31 |
| Invoice | Assessments | 09/01/2011 | $356 13 | $7,865 44 |
| Invoice | Assessments | 10/01/2011 | $356.13 | $8,221.57 |
| Invoice | Late Fees  For  Assess 9/1/2011 | 10/01/2011 | $25 00 | $8,246 57 |
| Invoice | Finance Charges | 10/01/2011 | $81.44 | $8,328.01 |
| Invoice | Underwriting  Underwriting Cost | 10/01/2011 | $125 00 | $8,453 01 |
| Invoice | Legal Fees | 10/01/2011 | $779.98 | $9,232.99 |
| Payment | Finance Charges | 10/26/2011 | $ 600 00 | $8,632 99 |
| Invoice | Finance Charges | 11/01/2011 | $88.69 | $8,721.68 |
| Invoice | Late Fees | 11/01/2011 | $25 00 | $8 746 68 |
| Invoice | Assessments | 11/01/2011 | $356.13 | $9,102.81 |
| Invoice | Legal Fees | 11/02/2011 | $180 00 | $9,?8? 81 |
| Invoice | Lien Costs | 11/02/2011 | $10.00 | $9,292.81 |
| Invoice | Finance Charges | 12/01/2011 | $90 2? | $9,383 03 |
| Invoice | Assessments | 12/01/2011 | $356.13 | $9,739.16 |
| Invoice | Late Fees | 12/01 2011 | $25 00 | $9 764 16 |
| Invoice | Finance Charges | 01/01/2012 | $97.77 | $9,861.93 |
| Invoice | Late Fees | 01/01/2012 | $25 00 | $9 886 91 |
| Invoice | Assessments - Batch Corrected Assessment To 2012 Values | 01/01/2012 | $352.01 | $10,238 94 |
| Invoice | Assessments  Batch  orrected Assessment I o 2012 Values | 01 01/2012 | $3 87? 11 | $14,111 05 |
| Invoice | Finance Charges | 02/01/2012 | $151.58 | $14,262.63 |
| Invoice | Late Fees | 02 01/2012 | $25 00 | $14 28 ̄ 63 |
| Invoice | Legal Fees | 02/28/2012 | $180.00 | $14,467.63 |
| Invoice | Lien Costs | 02/28 2012 | $20 00 | $14,48 ̄ 63 |
| Invoice | Finance Charges | 03/01/2012 | $141 80 | $14,629 43 |
| Invoice | Late Fees | 03 01/2012 | $25 00 | $14,654 43 |
| Invoice | Late Fees | 04/01/2012 | $25 00 | $14,679 43 |
| Invoice | Finance Charges | 04 01 2012 | $151 58 | $14,831 01 |
| Invoice | Finance Charges | 05/01/2012 | $146.69 | $14,977 70 |
| Invoice | Late Fees | 05 01/2012 | $25 00 | $15 002 70 |
| Invoice | Late Fees | 06/01/2012 | $25.00 | $15,027.70 |
| Invoice | Finance Charges | 06/01/2012 | $151 58 | $15 179 28 |
| Invoice | Finance Charges | 07/01/2012 | $146.69 | $15,325.97 |
| Invoice | Late Fees | 07/01/2012 | $25 00 | $15,350 97 |
| Invoice | Late Fees | 08/01/2012 | $25 0 | $15,375 97 |
| Invoice | Finance Charges | 08/01/2012 | $151 58 | $15,52 55 |
| Invoice | Finance Charges | 09/01/20 2 | $151 58 | $15,679 13 |

| Type | Description | Date | Amount | Balance |
|---|---|---|---|---|
| Invoice | Late Fees | 09/01/2012 | $25.00 | $15,704.13 |
| Invoice | Finance Charges | 10/01/2012 | $146.69 | $15,850.82 |
| Invoice | Late Fees | 10/01/2012 | $25.00 | $15,875.82 |
| Invoice | Late Fees | 11/01/2012 | $25.00 | $15,900.82 |
| Invoice | Finance Charges | 11/01/2012 | $151.58 | $16,052.40 |
| Invoice | Finance Charges | 12/01/2012 | $146.69 | $16,199.09 |
| Invoice | Late Fees | 12/01/2012 | $25.00 | $16,224.09 |
| Invoice | Late Fees | 01/01/2013 | $25.00 | $16,249.09 |
| Invoice | Finance Charges | 01/01/2013 | $151.58 | $16,400.67 |
| Invoice | Assessments | 01/02/2013 | $4,224.12 | $20,624.79 |
| Invoice | Finance Charges | 02/01/2013 | $205.39 | $20,830.18 |
| Invoice | Late Fees | 02/01/2013 | $25.00 | $20,855.18 |
| Invoice | Legal Fees | 02/12/2013 | $180.00 | $21,035.18 |
| Invoice | Lien Costs | 02/12/2013 | $20.00 | $21,055.18 |
| Invoice | Finance Charges | 03/01/2013 | $185.52 | $21,240.70 |
| Invoice | Late Fees | 03/01/2013 | $25.00 | $21,265.70 |
| Invoice | Late Fees | 04/01/2013 | $25.00 | $21,290.70 |
| Invoice | Finance Charges | 04/01/2013 | $205.39 | $21,496.09 |
| Invoice | Finance Charges | 05/01/2013 | $198.77 | $21,694.86 |
| Invoice | Late Fees | 05/01/2013 | $25.00 | $21,719.86 |
| Invoice | Late Fees | 06/01/2013 | $25.00 | $21,744.86 |
| Invoice | Finance Charges | 06/01/2013 | $205.39 | $21,950.25 |
| Invoice | Finance Charges | 07/01/2013 | $198.77 | $22,149.02 |
| Invoice | Late Fees | 07/01/2013 | $25.00 | $22,174.02 |
| Invoice | Late Fees | 08/01/2013 | $25.00 | $22,199.02 |
| Invoice | Finance Charges | 08/01/2013 | $205.39 | $22,404.41 |
| Invoice | Finance Charges | 09/01/2013 | $205.39 | $22,609.80 |
| Invoice | Late Fees | 09/01/2013 | $25.00 | $22,634.80 |
| Invoice | Late Fees | 10/01/2013 | $25.00 | $22,659.80 |
| Invoice | Finance Charges | 10/01/2013 | $198.77 | $22,858.57 |
| Invoice | Finance Charges | 11/01/2013 | $205.39 | $23,063.96 |
| Invoice | Late Fees | 11/01/2013 | $25.00 | $23,088.96 |
| Invoice | Late Fees | 12/01/2013 | $25.00 | $23,113.96 |
| Invoice | Finance Charges | 12/01/2013 | $198.77 | $23,312.73 |
| Invoice | Finance Charges | 01/01/2014 | $205.39 | $23,518.12 |
| Invoice | Assessments | 01/01/2014 | $355.24 | $23,873.36 |
| Invoice | Late Fees | 01/01/2014 | $25.00 | $23,898.36 |
| Invoice | Accelerated Assessments | 01/07/2014 | $3,907.64 | $27,806.00 |
| Invoice | Legal Fees | 01/29/2014 | $190.00 | $27,996.00 |
| Invoice | Lien Costs | 01/29/2014 | $20.00 | $28,016.00 |
| Invoice | Finance Charges | 02/01/2014 | $259.07 | $28,275.07 |
| Invoice | Late Fees | 02/01/2014 | $25.00 | $28,300.07 |
| Invoice | Late Fees | 03/01/2014 | $25.00 | $28,325.07 |
| Invoice | Finance Charges | 03/01/2014 | $234.00 | $28,559.07 |
| Invoice | Finance Charges | 04/01/2014 | $259.07 | $28,818.14 |
| Invoice | Late Fees | 04/01/2014 | $25.00 | $28,843.14 |
| Invoice | Late Fees | 05/01/2014 | $25.00 | $28,868.14 |
| Invoice | Finance Charges | 05/01/2014 | $250.71 | $29,118.85 |
| Invoice | Finance Charges | 06/01/2014 | $259.07 | $29,377.92 |
| Invoice | Late Fees | 06/01/2014 | $25.00 | $29,402.92 |
| Invoice | Late Fees | 07/01/2014 | $25.00 | $29,427.92 |
| Invoice | Finance Charges | 07/01/2014 | $250.71 | $29,678.63 |
| Invoice | Finance Charges | 08/01/2014 | $259.07 | $29,937.70 |
| Invoice | Late Fees | 08/01/2014 | $25.00 | $29,962.70 |
| Invoice | Late Fees | 09/01/2014 | $25.00 | $29,987.70 |
| Invoice | Finance Charges | 09/01/2014 | $259.0 | $30,246.77 |
| Invoice | Finance Charges | 10/01/2014 | $250.71 | $30,497.48 |

| Invoice | Late Fees | 10/01/2014 | $25.00 | $30,522.48 |
|---------|-----------|------------|--------|------------|
| Invoice | Late Fees | 11/01/2014 | $25.00 | $30,547.48 |
| Invoice | Finance Charges | 11/01/2014 | $259.07 | $30,806.55 |
| Payment | Legal Fees   Move Prior Legal Fees To New Account | 11/08/2014 | $-779.98 | $30,026.57 |
| Invoice | Prior Attorneys Fees - Move Prior Legal Fees To New Account | 11/08/2014 | $779.98 | $30,806.55 |
| Invoice | Accelerated Assessments   Move Acceleration To New Account | 11/08/2014 | $351.10 | $31,157.65 |
| Payment | Assessments - Move Acceleration To New Account | 11/08/2014 | $-351.10 | $30,806.55 |
| Invoke | A/R Legal Fees   Estoppels Preparation Fee | 11/19/2014 | $325.00 | $31,131.55 |

# W-9

(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

## Request for Taxpayer
## Identification Number and Certification

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Solaire at the Plaza Condominium Association Inc.

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor  ☑ C Corporation  ☐ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

Exempt payee

Address (number, street, and apt. or suite no.)

155 South Court Avenue

City, state, and ZIP code

Orlando, FL 32801

Requester's name and address (optional)

List account number(s) here (optional)

---

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN on page 3.*

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

2 0 - 8 0 7 9 1 7 6

---

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**   Signature of U.S. person ▶ *[signature]*   Date ▶ 01 - 27 - 2014

---

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

| Form **W-9**<br>(Rev. August 2013)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | Give Form to the<br>requester. Do not<br>send to the IRS. |

Name as shown on your income tax return

**Business Law Group**

Business name/disregarded entity name if different from above

Check appropriate box for federal tax classification:
☐ Individual/sole proprietor   ☐ C Corporation   ☑ S Corporation   ☐ Partnership   ☐ Trust/estate

Exemptions (see instructions):
Exempt payee code (if any) _____
Exemption from FATCA reporting code (if any) _____

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

Address (number, street, and apt. or suite no.)
**301 West Platt Street #375**

Requester's name and address (optional)

City, state, and ZIP code
**Tampa, FL 33606**

List account number(s) here (optional)

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number: ___ - __ - ____

Employer identification number: **3 5 - 2 2 1 1 9 3 7**

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below), and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

Sign Here   Signature of U.S. person ▶ _____   Date ▶ **10/20/14**

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** The IRS has created a page on IRS.gov for information about Form W-9, at www.irs.gov/w9. Information about any future developments affecting Form W-9 (such as legislation enacted after we release it) will be posted on that page.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct.

**Note.** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.



**FLORIDA BANK**

## DOMESTIC INCOMING WIRING INSTRUCTIONS

Beneficiary Bank:

Bank Name:                   Florida Bank, Tampa, Florida
Routing Number (ABA):   063112249

Beneficiary Information:

Customer Acct #:        159653501
Customer Name.        Business Law Group Trust Account

*All Wires must include:  Association Name and Unit Number*

Please note that our cut off time for incoming wires is 4:00 p.m. (LST)

Business Law Group, P.A.
301 W. Platt St. #375
Tampa, FL 33606

Dave Coppage

January 17, 2015

Re: Estoppel Request – SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC. #1308

Property: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

Pursuant to your recent request, the following amounts are due in order to satisfy the lien on Unit Number 1308.

Upon payment in full of all amounts due hereunder to Business Law Group, P.A. association accepts the Payor's payment as satisfaction of debts hereby sought and Payor forever releases association of all claims related to this transaction. Please be advised that if payment is made under protest or with rights reserved, any payment made pursuant to this estoppel letter will be applied pursuant to Florida Statute 718.116(3).

The following amounts are valid through 01/31/2015 contingent on no further fees or charges being incurred subsequent to the date of this letter.

| Finance Charges | $7,742.44 |
|---|---|
| Late Fees | $1,450.00 |
| Legal Fees | $1,495.00 |
| Lien Costs | $70.00 |
| Legal Costs | $3.78 |
| Underwriting | $250.00 |
| Prior Attorneys Fees | $779.98 |
| Assessments | $20,747.78 |
| Other Association Costs | $85.00 |
| TOTAL BALANCE DUE | $32,623.98 |

Please make payment payable to Business Law Group, P.A. and send to the above address. If available please include a copy of the Warranty Deed.

A check payable to Solaire at The Plaza equal to two months of assessments is due at closing for Capital Contributions.

The association reserves the right to demand additional funds before or subsequent to the release of lien to correct any error or omission in these figures made in good faith, whether mathematical, clerical, typographic, or otherwise. The payoff figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this payoff statement.

Sincerely,

Sarah E. Foster

Sarah E. Foster, Esq.

Cc:SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC.

# EXHIBIT D

January 17, 2015, 9:38 am

## BUSINESS LAW GROUP, P.A.
ATTORNEYS AT LAW

Solaire at The Plaza - Unit 1308 Owner's Ledger
Physical Address: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

| Account | Amount |
| --- | --- |
| A/R: Finance Charges | $7,742.44 |
| A/R: Late Fees | $1,450.00 |
| A/R: Legal Fees | $1,495.00 |
| A/R: Lien Costs | $70.00 |
| A/R: Legal Costs | $3.78 |
| A/R: Underwriting | $250.00 |
| A/R: Prior Attorneys Fees | $779.98 |
| A/R: Assessments | $20,747.78 |
| A/R: Other Association Costs | $85.00 |
| **TOTAL** | **$32,623.98** |

| Type | Description | Date | Amount | Balance |
| --- | --- | --- | --- | --- |
| Invoice | Assessments - BEG BAL | 03/08/2010 | $173.52 | $173.52 |
| Invoice | Other Association Costs - COLL COST | 03/17/2010 | $5.00 | $178.52 |
| Invoice | Assessments | 04/01/2010 | $358.55 | $537.07 |
| Invoice | Late Fees - For: BEG. BAL. 3/8/2010 | 04/01/2010 | $25.00 | $562.07 |
| Invoice | Finance Charges | 04/01/2010 | $1.71 | $563.78 |
| Invoice | Other Association Costs - COLL COST | 04/22/2010 | $5.00 | $568.78 |
| Invoice | Finance Charges | 05/01/2010 | $6.56 | $575.34 |
| Invoice | Late Fees - For: Assess 4/1/2010 | 05/01/2010 | $25.00 | $600.34 |
| Invoice | Assessments | 05/01/2010 | $358.55 | $958.89 |
| Invoice | Other Association Costs - COLL COST | 05/18/2010 | $25.00 | $983.89 |
| Invoice | Assessments | 06/01/2010 | $358.55 | $1,342.44 |
| Invoice | Late Fees - For: Assess 5/1/2010 | 06/01/2010 | $25.00 | $1,367.44 |
| Invoice | Finance Charges | 06/01/2010 | $11.35 | $1,378.79 |
| Invoice | Other Association Costs - COLL COST | 06/14/2010 | $50.00 | $1,428.79 |
| Invoice | Finance Charges | 07/01/2010 | $15.40 | $1,444.19 |
| Invoice | Late Fees - For: Assess 6/1/2010 | 07/01/2010 | $25.00 | $1,469.19 |
| Invoice | Assessments | 07/01/2010 | $358.55 | $1,827.74 |
| Invoice | Assessments | 08/01/2010 | $358.55 | $2,186.29 |
| Invoice | Late Fees - For: Assess 7/1/2010 | 08/01/2010 | $25.00 | $2,211.29 |
| Invoice | Finance Charges | 08/01/2010 | $20.48 | $2,231.77 |
| Invoice | Finance Charges | 09/01/2010 | $25.05 | $2,256.82 |
| Invoice | Late Fees - For: Assess 8/1/2010 | 09/01/2010 | $25.00 | $2,281.82 |
| Invoice | Assessments | 09/01/2010 | $358.55 | $2,640.37 |
| Invoice | Assessments | 10/01/2010 | $358.55 | $2,998.92 |
| Invoice | Late Fees - For: Assess 9/1/2010 | 10/01/2010 | $25.00 | $3,023.92 |
| Invoice | Finance Charges | 10/01/2010 | $28.66 | $3,052.58 |
| Invoice | Finance Charges | 11/01/2010 | $34.19 | $3,086.77 |
| Invoice | Late Fees - For: Assess 10/1/2010 | 11/01/2010 | $25.00 | $3,111.77 |
| Invoice | Assessments | 11/01/2010 | $358.55 | $3,470.32 |
| Invoice | Assessments | 12/01/2010 | $358.55 | $3,828.87 |
| Invoice | Late Fees - For: Assess 11/1/2010 | 12/01/2010 | $25.00 | $3,853.87 |
| Invoice | Finance Charges | 12/01/2010 | $37.50 | $3,891.37 |
| Invoice | Finance Charges | 01/01/2011 | $43.32 | $3,934.69 |
| Invoice | Late Fees - For: Assess 12/1/2010 | 01/01/2011 | $25.00 | $3,959.69 |
| Invoice | Assessments | 01/01/2011 | $356.13 | $4,315.82 |
| Invoice | Assessments | 02/01/2011 | $356.13 | $4,671.95 |
| Invoice | Late Fees - For: Assess 1/1/2011 | 02/01/2011 | $25.00 | $4,696.95 |
| Invoice | Finance Charges | 02/01/2011 | $47.86 | $4,744.81 |

| Type | Description | Date | Amount | Balance |
|---|---|---|---|---|
| Invoice | Finance Charges | 03/01/2011 | $47.32 | $4,792.13 |
| Invoice | Late Fees - For: Assess 2/1/2011 | 03/01/2011 | $25.00 | $4,817.13 |
| Invoice | Assessments | 03/01/2011 | $356.13 | $5,173.26 |
| Invoice | Assessments | 04/01/2011 | $356.13 | $5,529.39 |
| Invoice | Late Fees - For: Assess 3/1/2011 | 04/01/2011 | $25.00 | $5,554.39 |
| Invoice | Finance Charges | 04/01/2011 | $56.93 | $5,611.32 |
| Invoice | Finance Charges | 05/01/2011 | $59.49 | $5,670.81 |
| Invoice | Late Fees - For: Assess 4/1/2011 | 05/01/2011 | $25.00 | $5,695.81 |
| Invoice | Assessments | 05/01/2011 | $356.13 | $6,051.94 |
| Invoice | Assessments | 06/01/2011 | $356.13 | $6,408.07 |
| Invoice | Late Fees - For: Assess 5/1/2011 | 06/01/2011 | $25.00 | $6,433.07 |
| Invoice | Finance Charges | 06/01/2011 | $66.01 | $6,499.08 |
| Invoice | Finance Charges | 07/01/2011 | $68.27 | $6,567.35 |
| Invoice | Late Fees - For: Assess 6/1/2011 | 07/01/2011 | $25.00 | $6,592.35 |
| Invoice | Assessments | 07/01/2011 | $356.13 | $6,948.48 |
| Invoice | Assessments | 08/01/2011 | $356.13 | $7,304.61 |
| Invoice | Late Fees - For: Assess 7/1/2011 | 08/01/2011 | $25.00 | $7,329.61 |
| Invoice | Finance Charges | 08/01/2011 | $75.08 | $7,404.69 |
| Invoice | Finance Charges | 09/01/2011 | $79.62 | $7,484.31 |
| Invoice | Late Fees - For: Assess 8/1/2011 | 09/01/2011 | $25.00 | $7,509.31 |
| Invoice | Assessments | 09/01/2011 | $356.13 | $7,865.44 |
| Invoice | Assessments | 10/01/2011 | $356.13 | $8,221.57 |
| Invoice | Late Fees - For: Assess 9/1/2011 | 10/01/2011 | $25.00 | $8,246.57 |
| Invoice | Finance Charges | 10/01/2011 | $81.44 | $8,328.01 |
| Invoice | Legal Fees | 10/01/2011 | $779.98 | $9,107.99 |
| Adjustment | Legal Fees - Move Prior Legal Fees To New Account | 10/01/2011 | $-779.98 | $8,328.01 |
| Invoice | Underwriting - Underwriting Cost | 10/01/2011 | $125.00 | $8,453.01 |
| Adjustment | Prior Attorneys Fees - Move Prior Legal Fees To New Account | 10/01/2011 | $779.98 | $9,232.99 |
| Payment | Finance Charges | 10/26/2011 | $-600.00 | $8,632.99 |
| Invoice | Finance Charges | 11/01/2011 | $88.69 | $8,721.68 |
| Invoice | Late Fees | 11/01/2011 | $25.00 | $8,746.68 |
| Invoice | Assessments | 11/01/2011 | $356.13 | $9,102.81 |
| Invoice | Legal Fees | 11/02/2011 | $180.00 | $9,282.81 |
| Invoice | Lien Costs | 11/02/2011 | $10.00 | $9,292.81 |
| Invoice | Finance Charges | 12/01/2011 | $90.22 | $9,383.03 |
| Invoice | Assessments | 12/01/2011 | $356.13 | $9,739.16 |
| Invoice | Late Fees | 12/01/2011 | $25.00 | $9,764.16 |
| Invoice | Finance Charges | 01/01/2012 | $97.77 | $9,861.93 |
| Invoice | Late Fees | 01/01/2012 | $25.00 | $9,886.93 |
| Invoice | Assessments - Batch Corrected Assessment To 2012 Values | 01/01/2012 | $352.01 | $10,238.94 |
| Invoice | Assessments - Batch Corrected Assessment To 2012 Values | 01/01/2012 | $3,872.11 | $14,111.05 |
| Invoice | Finance Charges | 02/01/2012 | $151.58 | $14,262.63 |
| Invoice | Late Fees | 02/01/2012 | $25.00 | $14,287.63 |
| Invoice | Legal Fees | 02/28/2012 | $180.00 | $14,467.63 |
| Invoice | Lien Costs | 02/28/2012 | $20.00 | $14,487.63 |
| Invoice | Finance Charges | 03/01/2012 | $141.80 | $14,629.43 |
| Invoice | Late Fees | 03/01/2012 | $25.00 | $14,654.43 |
| Invoice | Late Fees | 04/01/2012 | $25.00 | $14,679.43 |
| Invoice | Finance Charges | 04/01/2012 | $151.58 | $14,831.01 |
| Invoice | Finance Charges | 05/01/2012 | $146.69 | $14,977.70 |
| Invoice | Late Fees | 05/01/2012 | $25.00 | $15,002.70 |
| Invoice | Late Fees | 06/01/2012 | $25.00 | $15,027.70 |
| Invoice | Finance Charges | 06/01/2012 | $151.58 | $15,179.28 |
| Invoice | Finance Charges | 07/01/2012 | $146.69 | $15,325.97 |

| Type | Description | Date | Amount | Balance |
|------|-------------|------|--------|---------|
| Invoice | Late Fees | 07/01/2012 | $25.00 | $15,350.97 |
| Invoice | Late Fees | 08/01/2012 | $25.00 | $15,375.97 |
| Invoice | Finance Charges | 08/01/2012 | $151.58 | $15,527.55 |
| Invoice | Finance Charges | 09/01/2012 | $151.58 | $15,679.13 |
| Invoice | Late Fees | 09/01/2012 | $25.00 | $15,704.13 |
| Invoice | Finance Charges | 10/01/2012 | $146.69 | $15,850.82 |
| Invoice | Late Fees | 10/01/2012 | $25.00 | $15,875.82 |
| Invoice | Late Fees | 11/01/2012 | $25.00 | $15,900.82 |
| Invoice | Finance Charges | 11/01/2012 | $151.58 | $16,052.40 |
| Invoice | Finance Charges | 12/01/2012 | $146.69 | $16,199.09 |
| Invoice | Late Fees | 12/01/2012 | $25.00 | $16,224.09 |
| Invoice | Late Fees | 01/01/2013 | $25.00 | $16,249.09 |
| Invoice | Finance Charges | 01/01/2013 | $151.58 | $16,400.67 |
| Invoice | Assessments | 01/02/2013 | $4,224.12 | $20,624.79 |
| Invoice | Finance Charges | 02/01/2013 | $205.39 | $20,830.18 |
| Invoice | Late Fees | 02/01/2013 | $25.00 | $20,855.18 |
| Invoice | Lien Costs | 02/12/2013 | $20.00 | $20,875.18 |
| Invoice | Legal Fees | 02/12/2013 | $180.00 | $21,055.18 |
| Invoice | Finance Charges | 03/01/2013 | $185.52 | $21,240.70 |
| Invoice | Late Fees | 03/01/2013 | $25.00 | $21,265.70 |
| Invoice | Late Fees | 04/01/2013 | $25.00 | $21,290.70 |
| Invoice | Finance Charges | 04/01/2013 | $205.39 | $21,496.09 |
| Invoice | Finance Charges | 05/01/2013 | $198.77 | $21,694.86 |
| Invoice | Late Fees | 05/01/2013 | $25.00 | $21,719.86 |
| Invoice | Late Fees | 06/01/2013 | $25.00 | $21,744.86 |
| Invoice | Finance Charges | 06/01/2013 | $205.39 | $21,950.25 |
| Invoice | Finance Charges | 07/01/2013 | $198.77 | $22,149.02 |
| Invoice | Late Fees | 07/01/2013 | $25.00 | $22,174.02 |
| Invoice | Late Fees | 08/01/2013 | $25.00 | $22,199.02 |
| Invoice | Finance Charges | 08/01/2013 | $205.39 | $22,404.41 |
| Invoice | Finance Charges | 09/01/2013 | $205.39 | $22,609.80 |
| Invoice | Late Fees | 09/01/2013 | $25.00 | $22,634.80 |
| Invoice | Late Fees | 10/01/2013 | $25.00 | $22,659.80 |
| Invoice | Finance Charges | 10/01/2013 | $198.77 | $22,858.57 |
| Invoice | Finance Charges | 11/01/2013 | $205.39 | $23,063.96 |
| Invoice | Late Fees | 11/01/2013 | $25.00 | $23,088.96 |
| Invoice | Late Fees | 12/01/2013 | $25.00 | $23,113.96 |
| Invoice | Finance Charges | 12/01/2013 | $198.77 | $23,312.73 |
| Invoice | Assessments | 01/01/2014 | $355.24 | $23,667.97 |
| Invoice | Finance Charges | 01/01/2014 | $205.39 | $23,873.36 |
| Invoice | Late Fees | 01/01/2014 | $25.00 | $23,898.36 |
| Invoice | Assessments | 01/07/2014 | $3,907.64 | $27,806.00 |
| Invoice | Legal Fees | 01/29/2014 | $190.00 | $27,996.00 |
| Invoice | Lien Costs | 01/29/2014 | $20.00 | $28,016.00 |
| Invoice | Finance Charges | 02/01/2014 | $259.07 | $28,275.07 |
| Invoice | Late Fees | 02/01/2014 | $25.00 | $28,300.07 |
| Invoice | Late Fees | 03/01/2014 | $25.00 | $28,325.07 |
| Invoice | Finance Charges | 03/01/2014 | $234.00 | $28,559.07 |
| Invoice | Finance Charges | 04/01/2014 | $259.07 | $28,818.14 |
| Invoice | Late Fees | 04/01/2014 | $25.00 | $28,843.14 |
| Invoice | Late Fees | 05/01/2014 | $25.00 | $28,868.14 |
| Invoice | Finance Charges | 05/01/2014 | $250.71 | $29,118.85 |
| Invoice | Finance Charges | 06/01/2014 | $259.07 | $29,377.92 |
| Invoice | Late Fees | 06/01/2014 | $25.00 | $29,402.92 |
| Invoice | Late Fees | 07/01/2014 | $25.00 | $29,427.92 |
| Invoice | Finance Charges | 07/01/2014 | $250.71 | $29,678.63 |
| Invoice | Finance Charges | 08/01/2014 | $259.07 | $29,937.70 |

| Type | Description | Date | Amount | Balance |
|------|-------------|------|--------|---------|
| Invoice | Late Fees | 08/01/2014 | $25.00 | $29,962.70 |
| Invoice | Late Fees | 09/01/2014 | $25.00 | $29,987.70 |
| Invoice | Finance Charges | 09/01/2014 | $259.07 | $30,246.77 |
| Invoice | Finance Charges | 10/01/2014 | $250.71 | $30,497.48 |
| Invoice | Late Fees | 10/01/2014 | $25.00 | $30,522.48 |
| Invoice | Late Fees | 11/01/2014 | $25.00 | $30,547.48 |
| Invoice | Finance Charges | 11/01/2014 | $259.07 | $30,806.55 |
| Invoice | Finance Charges - Finance Charges | 12/01/2014 | $251.32 | $31,057.87 |
| Invoice | Late Fees - Late Fees | 12/01/2014 | $25.00 | $31,082.87 |
| Invoice | Legal Fees - Attorney Review | 12/08/2014 | $250.00 | $31,332.87 |
| Invoice | Underwriting - Underwriting Cost | 12/08/2014 | $125.00 | $31,457.87 |
| Invoice | Legal Fees - Charge For Generating A 30 Day Letter | 12/10/2014 | $190.00 | $31,647.87 |
| Invoice | Legal Costs - Certified Postage Fee | 12/10/2014 | $3.78 | $31,651.65 |
| Invoice | Assessments - Regular Recurring Assessments | 01/01/2015 | $362.63 | $32,014.28 |
| Invoice | Finance Charges - Finance Charges | 01/01/2015 | $259.70 | $32,273.98 |
| Invoice | Late Fees - Late Fees | 01/01/2015 | $25.00 | $32,298.98 |
| Invoice | A/R: Legal Fees - Estoppels Preparation Fee | 01/17/2015 | $325.00 | $32,623.98 |

Business Law Group, P.A.
301 W. Platt St. #375
Tampa, Fl. 33606

Jonathan Ilea

February 24, 2015

Re: Estoppel Request – SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC. #1308

Property: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

Pursuant to your recent request, the following amounts are due in order to satisfy the lien on Unit Number 1308.

Upon payment in full of all amounts due hereunder to Business Law Group, P.A. association accepts the Payor's payment as satisfaction of debts hereby sought and Payor forever releases association of all claims related to this transaction. Please be advised that if payment is made under protest or with rights reserved, any payment made pursuant to this estoppel letter will be applied pursuant to Florida Statute 718.116(3).

The following amounts are valid through 03/31/2015 contingent on no further fees or charges being incurred subsequent to the date of this letter.

| Finance Charges | $8,249.67 |
| Late Fees | $1,500.00 |
| Legal Fees | $1,550.00 |
| Lien Costs | $90.00 |
| Legal Costs | $7.56 |
| Underwriting | $250.00 |
| Prior Attorneys Fees | $779.98 |
| Assessments | $21,473.04 |
| Other Association Costs | $810.26 |
| **TOTAL BALANCE DUE** | **$34,710.51** |

Pursuant to Florida Statute 718.116(1)(b) you/your Client may be entitled to reduced liability in the amount itemized below after satisfying the elements of the aforementioned statute. If you believe that you qualify for the reduced liability provided for in Florida Statute 718.116(1)(b), then please provide us with information/documentation that you believe establishes your eligibility for the reduction.

| Legal Fees | $820.00 |
| Underwriting | $125.00 |
| Legal Costs | $7.56 |
| Lien Costs | $20.00 |
| Safe Harbor Amount | $2,265.00 |
| Prorated Assessment | $190.75 |
| Finance Charges | $181.90 |
| Late Fees | $125.00 |
| Assessments | $1,798.37 |
| Other Association Costs | $725.26 |
| **TOTAL BALANCE DUE** | **$6,258.84** |

In accordance with Florida Statutes payments will be applied first to accrued interest, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred, and then to the delinquent assessments. Payment for less than the total amount owed without first establishing the applicability of the statutory reduction in 718.116(1)(b) will not result in a release of the lien.

EXHIBIT E

SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC   1308

Please make payment payable to **Business Law Group, P.A.** and send to the above address. If available please include a copy of the Warranty Deed.

A check payable to Solaire at The Plaza equal to two months of assessments is due at closing for Capital Contributions.

The association reserves the right to demand additional funds before or subsequent to the release of lien to correct any error or omission in these figures made in good faith, whether mathematical, clerical, typographic, or otherwise. The payoff figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this payoff statement.

Sincerely,

Sarah E. Fost

Sarah E. Foster Esq.

Cc:SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC.

## BUSINESS LAW GROUP, P.A.
### ATTORNEYS AT LAW

Solaire at The Plaza - Unit 1308 Owner's Ledger
Physical Address: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

| Account | Amount |
|---|---|
| A/R: Finance Charges | $8,249.67 |
| A/R: Late Fees | $1,500.00 |
| A/R: Legal Fees | $1,550.00 |
| A/R: Lien Costs | $90.00 |
| A/R: Legal Costs | $7.56 |
| A/R: Underwriting | $250.00 |
| A/R: Prior Attorneys Fees | $779.98 |
| A/R: Assessments | $21,473.04 |
| A/R: Other Association Costs | $810.26 |
| TOTAL | $34,710.51 |

| Type | Description | Date | Amount | Balance |
|---|---|---|---|---|
| Invoice | Assessments - BEG BAL | 03/08/2010 | $173.52 | $173.52 |
| Invoice | Other Association Costs - COLL COST | 03/17/2010 | $5.00 | $178.52 |
| Invoice | Assessments | 04/01/2010 | $358.55 | $537.07 |
| Invoice | Finance Charges | 04/01/2010 | $1.71 | $538.78 |
| Invoice | Late Fees - For: BEG. BAL. 3/8/2010 | 04/01/2010 | $25.00 | $563.78 |
| Invoice | Other Association Costs - COLL COST | 04/22/2010 | $5.00 | $568.78 |
| Invoice | Assessments | 05/01/2010 | $358.55 | $927.33 |
| Invoice | Finance Charges | 05/01/2010 | $6.56 | $933.89 |
| Invoice | Late Fees - For: Assess 4/1/2010 | 05/01/2010 | $25.00 | $958.89 |
| Invoice | Other Association Costs - COLL COST | 05/18/2010 | $25.00 | $983.89 |
| Invoice | Assessments | 06/01/2010 | $358.55 | $1,342.44 |
| Invoice | Finance Charges | 06/01/2010 | $11.35 | $1,353.79 |
| Invoice | Late Fees - For: Assess 5/1/2010 | 06/01/2010 | $25.00 | $1,378.79 |
| Invoice | Other Association Costs - COLL COST | 06/14/2010 | $50.00 | $1,428.79 |
| Invoice | Assessments | 07/01/2010 | $358.55 | $1,787.34 |
| Invoice | Finance Charges | 07/01/2010 | $15.40 | $1,802.74 |
| Invoice | Late Fees - For: Assess 6/1/2010 | 07/01/2010 | $25.00 | $1,827.74 |
| Invoice | Assessments | 08/01/2010 | $358.55 | $2,186.29 |
| Invoice | Finance Charges | 08/01/2010 | $20.48 | $2,206.77 |
| Invoice | Late Fees - For: Assess 7/1/2010 | 08/01/2010 | $25.00 | $2,231.77 |
| Invoice | Assessments | 09/01/2010 | $358.55 | $2,590.32 |
| Invoice | Finance Charges | 09/01/2010 | $25.05 | $2,615.37 |
| Invoice | Late Fees - For: Assess 8/1/2010 | 09/01/2010 | $25.00 | $2,640.37 |
| Invoice | Assessments | 10/01/2010 | $358.55 | $2,998.92 |
| Invoice | Finance Charges | 10/01/2010 | $28.66 | $3,027.58 |
| Invoice | Late Fees - For: Assess 9/1/2010 | 10/01/2010 | $25.00 | $3,052.58 |
| Invoice | Assessments | 11/01/2010 | $358.55 | $3,411.13 |
| Invoice | Finance Charges | 11/01/2010 | $34.19 | $3,445.32 |
| Invoice | Late Fees - For: Assess 10/1/2010 | 11/01/2010 | $25.00 | $3,470.32 |
| Invoice | Assessments | 12/01/2010 | $358.55 | $3,828.87 |
| Invoice | Finance Charges | 12/01/2010 | $37.50 | $3,866.37 |
| Invoice | Late Fees - For: Assess 11/1/2010 | 12/01/2010 | $25.00 | $3,891.37 |
| Invoice | Assessments | 01/01/2011 | $356.13 | $4,247.50 |
| Invoice | Finance Charges | 01/01/2011 | $43.32 | $4,290.82 |
| Invoice | Late Fees - For: Assess 12/1/2010 | 01/01/2011 | $25.00 | $4,315.82 |
| Invoice | Assessments | 02/01/2011 | $356.13 | $4,671.95 |
| Invoice | Finance Charges | 02/01/2011 | $47.86 | $4,719.81 |
| Invoice | Late Fees - For: Assess 1/1/2011 | 02/01/2011 | $25.00 | $4,744.81 |

| Type | Description | Date | Amount | Balance |
|------|-------------|------|--------|---------|
| Invoice | Assessments | 03/01/2011 | $356.13 | $5,100.94 |
| Invoice | Finance Charges | 03/01/2011 | $47.32 | $5,148.26 |
| Invoice | Late Fees - For: Assess 2/1/2011 | 03/01/2011 | $25.00 | $5,173.26 |
| Invoice | Assessments | 04/01/2011 | $356.13 | $5,529.39 |
| Invoice | Finance Charges | 04/01/2011 | $56.93 | $5,586.32 |
| Invoice | Late Fees - For: Assess 3/1/2011 | 04/01/2011 | $25.00 | $5,611.32 |
| Invoice | Assessments | 05/01/2011 | $356.13 | $5,967.45 |
| Invoice | Finance Charges | 05/01/2011 | $59.49 | $6,026.94 |
| Invoice | Late Fees - For: Assess 4/1/2011 | 05/01/2011 | $25.00 | $6,051.94 |
| Invoice | Assessments | 06/01/2011 | $356.13 | $6,408.07 |
| Invoice | Finance Charges | 06/01/2011 | $66.01 | $6,474.08 |
| Invoice | Late Fees - For: Assess 5/1/2011 | 06/01/2011 | $25.00 | $6,499.08 |
| Invoice | Assessments | 07/01/2011 | $356.13 | $6,855.21 |
| Invoice | Finance Charges | 07/01/2011 | $68.27 | $6,923.48 |
| Invoice | Late Fees - For: Assess 6/1/2011 | 07/01/2011 | $25.00 | $6,948.48 |
| Invoice | Assessments | 08/01/2011 | $356.13 | $7,304.61 |
| Invoice | Finance Charges | 08/01/2011 | $75.08 | $7,379.69 |
| Invoice | Late Fees - For: Assess 7/1/2011 | 08/01/2011 | $25.00 | $7,404.69 |
| Invoice | Assessments | 09/01/2011 | $356.13 | $7,760.82 |
| Invoice | Finance Charges | 09/01/2011 | $79.62 | $7,840.44 |
| Invoice | Late Fees - For: Assess 8/1/2011 | 09/01/2011 | $25.00 | $7,865.44 |
| Adjustment | Legal Fees - Move Prior Legal Fees To New Account | 10/01/2011 | $-779.98 | $7,085.46 |
| Adjustment | Prior Attorneys Fees - Move Prior Legal Fees To New Account | 10/01/2011 | $779.98 | $7,865.44 |
| Invoice | Assessments | 10/01/2011 | $356.13 | $8,221.57 |
| Invoice | Finance Charges | 10/01/2011 | $81.44 | $8,303.01 |
| Invoice | Late Fees - For: Assess 9/1/2011 | 10/01/2011 | $25.00 | $8,328.01 |
| Invoice | Legal Fees | 10/01/2011 | $779.98 | $9,107.99 |
| Invoice | Underwriting - Underwriting Cost | 10/01/2011 | $125.00 | $9,232.99 |
| Payment | | 10/26/2011 | $-600.00 | $8,632.99 |
| Invoice | Assessments | 11/01/2011 | $356.13 | $8,989.12 |
| Invoice | Finance Charges | 11/01/2011 | $88.69 | $9,077.81 |
| Invoice | Late Fees | 11/01/2011 | $25.00 | $9,102.81 |
| Invoice | Lien Costs | 11/02/2011 | $10.00 | $9,112.81 |
| Invoice | Legal Fees | 11/02/2011 | $180.00 | $9,292.81 |
| Invoice | Assessments | 12/01/2011 | $356.13 | $9,648.94 |
| Invoice | Finance Charges | 12/01/2011 | $90.22 | $9,739.16 |
| Invoice | Late Fees | 12/01/2011 | $25.00 | $9,764.16 |
| Invoice | Assessments - Batch Corrected Assessment To 2012 Values | 01/01/2012 | $3,872.11 | $13,636.27 |
| Invoice | Assessments - Batch Corrected Assessment To 2012 Values | 01/01/2012 | $352.01 | $13,988.28 |
| Invoice | Finance Charges | 01/01/2012 | $97.77 | $14,086.05 |
| Invoice | Late Fees | 01/01/2012 | $25.00 | $14,111.05 |
| Invoice | Finance Charges | 02/01/2012 | $151.58 | $14,262.63 |
| Invoice | Late Fees | 02/01/2012 | $25.00 | $14,287.63 |
| Invoice | Legal Fees | 02/28/2012 | $180.00 | $14,467.63 |
| Invoice | Lien Costs | 02/28/2012 | $20.00 | $14,487.63 |
| Invoice | Finance Charges | 03/01/2012 | $141.80 | $14,629.43 |
| Invoice | Late Fees | 03/01/2012 | $25.00 | $14,654.43 |
| Invoice | Finance Charges | 04/01/2012 | $151.58 | $14,806.01 |
| Invoice | Late Fees | 04/01/2012 | $25.00 | $14,831.01 |
| Invoice | Finance Charges | 05/01/2012 | $146.69 | $14,977.70 |
| Invoice | Late Fees | 05/01/2012 | $25.00 | $15,002.70 |
| Invoice | Finance Charges | 06/01/2012 | $151.58 | $15,154.28 |
| Invoice | Late Fees | 06/01/2012 | $25.00 | $15,179.28 |
| Invoice | Finance Charges | 07/01/2012 | $146.69 | $15,325.97 |

| Type | Description | Date | Amount | Balance |
|---|---|---|---|---|
| Invoice | Late Fees | 07/01/2012 | $25.00 | $15,350.97 |
| Invoice | Finance Charges | 08/01/2012 | $151.58 | $15,502.55 |
| Invoice | Late Fees | 08/01/2012 | $25.00 | $15,527.55 |
| Invoice | Finance Charges | 09/01/2012 | $151.58 | $15,679.13 |
| Invoice | Late Fees | 09/01/2012 | $25.00 | $15,704.13 |
| Invoice | Finance Charges | 10/01/2012 | $146.69 | $15,850.82 |
| Invoice | Late Fees | 10/01/2012 | $25.00 | $15,875.82 |
| Invoice | Finance Charges | 11/01/2012 | $151.58 | $16,027.40 |
| Invoice | Late Fees | 11/01/2012 | $25.00 | $16,052.40 |
| Invoice | Finance Charges | 12/01/2012 | $146.69 | $16,199.09 |
| Invoice | Late Fees | 12/01/2012 | $25.00 | $16,224.09 |
| Invoice | Finance Charges | 01/01/2013 | $151.58 | $16,375.67 |
| Invoice | Late Fees | 01/01/2013 | $25.00 | $16,400.67 |
| Invoice | Assessments | 01/02/2013 | $4,224.12 | $20,624.79 |
| Invoice | Finance Charges | 02/01/2013 | $205.39 | $20,830.18 |
| Invoice | Late Fees | 02/01/2013 | $25.00 | $20,855.18 |
| Invoice | Legal Fees | 02/12/2013 | $180.00 | $21,035.18 |
| Invoice | Lien Costs | 02/12/2013 | $20.00 | $21,055.18 |
| Invoice | Finance Charges | 03/01/2013 | $185.52 | $21,240.70 |
| Invoice | Late Fees | 03/01/2013 | $25.00 | $21,265.70 |
| Invoice | Finance Charges | 04/01/2013 | $205.39 | $21,471.09 |
| Invoice | Late Fees | 04/01/2013 | $25.00 | $21,496.09 |
| Invoice | Finance Charges | 05/01/2013 | $198.77 | $21,694.86 |
| Invoice | Late Fees | 05/01/2013 | $25.00 | $21,719.86 |
| Invoice | Finance Charges | 06/01/2013 | $205.39 | $21,925.25 |
| Invoice | Late Fees | 06/01/2013 | $25.00 | $21,950.25 |
| Invoice | Finance Charges | 07/01/2013 | $198.77 | $22,149.02 |
| Invoice | Late Fees | 07/01/2013 | $25.00 | $22,174.02 |
| Invoice | Finance Charges | 08/01/2013 | $205.39 | $22,379.41 |
| Invoice | Late Fees | 08/01/2013 | $25.00 | $22,404.41 |
| Invoice | Finance Charges | 09/01/2013 | $205.39 | $22,609.80 |
| Invoice | Late Fees | 09/01/2013 | $25.00 | $22,634.80 |
| Invoice | Finance Charges | 10/01/2013 | $198.77 | $22,833.57 |
| Invoice | Late Fees | 10/01/2013 | $25.00 | $22,858.57 |
| Invoice | Finance Charges | 11/01/2013 | $205.39 | $23,063.96 |
| Invoice | Late Fees | 11/01/2013 | $25.00 | $23,088.96 |
| Invoice | Finance Charges | 12/01/2013 | $198.77 | $23,287.73 |
| Invoice | Late Fees | 12/01/2013 | $25.00 | $23,312.73 |
| Invoice | Assessments | 01/01/2014 | $355.24 | $23,667.97 |
| Invoice | Finance Charges | 01/01/2014 | $205.39 | $23,873.36 |
| Invoice | Late Fees | 01/01/2014 | $25.00 | $23,898.36 |
| Invoice | Assessments | 01/07/2014 | $3,907.64 | $27,806.00 |
| Invoice | Legal Fees | 01/29/2014 | $190.00 | $27,996.00 |
| Invoice | Lien Costs | 01/29/2014 | $20.00 | $28,016.00 |
| Invoice | Finance Charges | 02/01/2014 | $259.07 | $28,275.07 |
| Invoice | Late Fees | 02/01/2014 | $25.00 | $28,300.07 |
| Invoice | Finance Charges | 03/01/2014 | $234.00 | $28,534.07 |
| Invoice | Late Fees | 03/01/2014 | $25.00 | $28,559.07 |
| Invoice | Finance Charges | 04/01/2014 | $259.07 | $28,818.14 |
| Invoice | Late Fees | 04/01/2014 | $25.00 | $28,843.14 |
| Invoice | Finance Charges | 05/01/2014 | $250.71 | $29,093.85 |
| Invoice | Late Fees | 05/01/2014 | $25.00 | $29,118.85 |
| Invoice | Finance Charges | 06/01/2014 | $259.07 | $29,377.92 |
| Invoice | Late Fees | 06/01/2014 | $25.00 | $29,402.92 |
| Invoice | Finance Charges | 07/01/2014 | $250.71 | $29,653.63 |
| Invoice | Late Fees | 07/01/2014 | $25.00 | $29,678.63 |
| Invoice | Finance Charges | 08/01/2014 | $259.07 | $29,937.70 |

| Type | Description | Date | Amount | Balance |
|------|-------------|------|--------|---------|
| Invoice | Late Fees | 08/01/2014 | $25.00 | $29,962.70 |
| Invoice | Finance Charges | 09/01/2014 | $259.07 | $30,221.77 |
| Invoice | Late Fees | 09/01/2014 | $25.00 | $30,246.77 |
| Invoice | Finance Charges | 10/01/2014 | $250.71 | $30,497.48 |
| Invoice | Late Fees | 10/01/2014 | $25.00 | $30,522.48 |
| Invoice | Finance Charges | 11/01/2014 | $259.00 | $30,781.55 |
| Invoice | Late Fees | 11/01/2014 | $25.00 | $30,806.55 |
| Invoice | Finance Charges - Finance Charges | 12/01/2014 | $251.32 | $31,057.87 |
| Invoice | Late Fees - Late Fees | 12/01/2014 | $25.00 | $31,082.87 |
| Invoice | Legal Fees - Attorney Review | 12/08/2014 | $250.00 | $31,332.87 |
| Invoice | Underwriting - Underwriting Cost | 12/08/2014 | $125.00 | $31,457.87 |
| Invoice | Legal Fees - Charge For Generating A 30 Day Letter | 12/10/2014 | $190.00 | $31,647.87 |
| Invoice | Legal Costs - Certified Postage Fee | 12/10/2014 | $3.78 | $31,651.65 |
| Invoice | Assessments - Regular Recurring Assessments | 01/01/2015 | $362.63 | $32,014.28 |
| Invoice | Finance Charges - Finance Charges | 01/01/2015 | $259.70 | $32,273.98 |
| Invoice | Late Fees - Late Fees | 01/01/2015 | $25.00 | $32,298.98 |
| Invoice | Lien Costs - Lien Fees | 01/26/2015 | $20.00 | $32,318.98 |
| Invoice | Legal Fees - BLG Legal Fee Lien | 01/26/2015 | $190.00 | $32,508.98 |
| Invoice | Legal Fees - Charge For NFA | 01/26/2015 | $190.00 | $32,698.98 |
| Invoice | Legal Costs - Certified Postage Fee | 01/26/2015 | $3.78 | $32,702.76 |
| Invoice | Assessments - Regular Recurring Assessments | 02/01/2015 | $362.63 | $33,065.39 |
| Invoice | Finance Charges - Finance Charges | 02/01/2015 | $264.32 | $33,329.71 |
| Invoice | Late Fees - Late Fees | 02/01/2015 | $25.00 | $33,354.71 |
| Invoice | A/R: Legal Fees - Estoppels Preparation Fee | 02/24/2015 | $325.00 | $33,679.71 |
| Payment | (Prepaid Estoppel Fee) | 02/24/2015 | $-325.00 | $33,354.71 |
| Invoice | A/R: Other Association Costs - Capital Contribution | 02/24/2015 | $725.26 | $34,079.97 |
| Invoice | Assessments - Upcoming Charges | 03/01/2015 | $362.63 | $34,442.60 |
| Invoice | Finance Charges - Upcoming Charges | 03/01/2015 | $242.91 | $34,685.51 |
| Invoice | Late Fees - Upcoming Charges | 03/01/2015 | $25.00 | $34,710.51 |

 BLG BUSINESS LAW GROUP P.A

Business Law Group, P.A.
301 W. Platt St. #375
Tampa, FL 33606

Charles Gifford

September 16, 2015

Re: Estoppel Request – SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC. #1308

Property: 155 S COURT AVE UNIT 1308 ORLANDO, FL 32801

Pursuant to your recent request, the following amounts are due in order to satisfy the lien on Unit Number 1308.

Upon payment in full of all amounts due hereunder to Business Law Group, P.A. association accepts the Payor's payment as satisfaction of debts hereby sought and Payor forever releases association of all claims related to this transaction. Florida Please be advised that if payment is made under protest or with rights reserved, any payment made pursuant to this estoppel letter will be applied pursuant to Florida Statute §718.116(3).

The following amounts are valid through 09/30/2015 contingent on no further fees or charges being incurred subsequent to the date of this letter.

FOR SETTLEMENT PURPOSES ONLY: $4,981.90

Please make payment payable to Business Law Group, P.A. and send to the above address. If available please include a copy of the Warranty Deed.

A check payable to Solaire at The Plaza equal to two months of assessments is due at closing for Capital Contributions.

The association reserves the right to demand additional funds before or subsequent to the release of lien to correct any error or omission in these figures made in good faith, whether mathematical, clerical, typographic, or otherwise. The payoff figures are also subject to change to reflect any transactions that may occur on or subsequent to the date of this payoff statement.

Sincerely,

Sarah E. Fast

Sarah Foster Albani, Esq.

Cc:SOLAIRE AT THE PLAZA CONDOMINIUM ASSOCIATION, INC.

# EXHIBIT F

| Form **W-9**<br>(Rev. December 2014)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer**<br>**Identification Number and Certification** | Give Form to the<br>requester. Do not<br>send to the IRS. |
| --- | --- | --- |

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**Business Law Group**

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification; check only one of the following seven boxes:

☐ Individual/sole proprietor or single-member LLC  ☐ C Corporation  ☑ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ►

Note. For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.

☐ Other (see instructions) ►

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3).

Exempt payee code (if any)

Exemption from FATCA reporting code (if any)

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.)

**301 West Platt Street #375**

Requester's name and address (optional)

**6** City, state, and ZIP code

**Tampa, FL 33606**

**7** List account number(s) here (optional)

*Print or type.*
*See Specific Instructions on page 2.*

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Social security number

| | | | – | | | – | | | | |

or

Employer identification number

| 3 | 5 | – | 2 | 2 | 1 | 1 | 9 | 3 | 7 |

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. citizen or other U.S. person (defined below); and

4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

| Sign<br>Here | Signature of<br>U.S. person ► | | Date ► 2 / 19 / 15 |
| --- | --- | --- | --- |

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

Future developments. Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at www.irs.gov/fw9.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding.* See *What is backup withholding?* on page 2.

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

Cat. No. 10231X                    Form **W-9** (Rev. 12-2014)

# IBERIABANK

## DOMESTIC INCOMING WIRING INSTRUCTIONS

### Effective Monday, March 16, 2015

Beneficiary Bank:

Bank Name:                IBERIABANK

City, State:              Lafayette, LA

Routing Number (ABA):     265270413

Beneficiary Information:

Customer Acct #:          159653501

Customer Name:            Business Law Group Trust Account

*All Wires must include:  Association Name and Unit Number*

Please note that our cut off time for incoming wires is 5:00 p.m. (EST)