UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILMINGTON SAVINGS FUND
SOCIETY, FSB,

    Plaintiff,

vs

BUSINESS LAW GROUP, P.A., *et. al.*,

    Defendants.
_____/

Case No.: 8:15-cv-02831-T-36TGW

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO SEAL DEPOSITION TRANSCRIPT**

Plaintiff, individually and on behalf of those similarly situated, opposes the Motion to Seal the Deposition Transcript of Joshua Donham, as Corporate Representative of LM Funding, LLC and Business Law Group, P.A. and Confidential Exhibits (Doc. 88; the "Motion to Seal") because Defendants, LM Funding, LLC ("LMF"), Business Law Group, P.A. ("BLG"), and Bruce Rogers, failed to provide the Court with any evidence that the materials they want filed are confidential. Consequently, without any such evidence, the Court must deny the Motion to Seal.

**SUMMARY OF ARGUMENT**

In the trial courts of the Eleventh Circuit, when a party seeks to seal a document in the court record that will be filed in connection with a substantive pretrial motion that requires a judicial resolution of the merits – such as a motion for class certification, as is the case here – **the moving party must overcome the common law right of access to judicial proceedings with a showing of good cause** supporting the seal. In the Middle District of Florida, when a party seeks to seal a document, in addition to overcoming the common law right of access to judicial proceedings, it must also satisfy the requirements of Local Rule 1.09.

If the moving party requests a seal over documents that it asserts contain confidential, proprietary, or trade secret information, **if the moving party does not file any evidence supporting these assertions, it fails to demonstrate good cause**. Consequently, in such a situation, the motion to seal must be denied.

That is the situation that the Court is presented with here. In the Motion to Seal, Defendants request that the Court permit the filing of the entire transcript of the deposition of their corporate representative and two exhibits attached to the deposition. Defendants argue that the testimony and the documents contain confidential and proprietary information. While Defendants attempt to satisfy Local Rule 1.09, they failed to overcome the common law right of access to judicial proceedings **because they filed no evidence supporting its conclusory assertions that the transcript and the exhibits are confidential, proprietary, and contain trade secrets**.

Furthermore, Defendants have failed to take reasonable efforts to maintain and protect some of the documents they now claim are confidential. Many of the same, similar documents at issue here, such as the Delinquent Assessment Proceeds Purchase Agreement discussed below, have been filed in the public record in other ongoing litigation, without any effort by Defendants to protect them. These documents are already generally known or readily accessible to third parties. Therefore, the Court must deny the Motion to Seal.

## BACKGROUND RELEVANT TO THE MOTION TO SEAL

Plaintiff and Defendants are parties to a Confidentiality Agreement to (1) expedite discovery and (2) protect the parties' confidential information. *See* **Exhibit 1**. The Confidentiality Agreement permits a party to designate documents produced in discovery and deposition testimony as "confidential." *See id*. at ¶¶ 3-4. Before making a confidentiality

designation, the designating party must "believe in good faith" that the material is confidential. *See id*. at ¶ 1. Depositions are deemed confidential for the first 14 days after the transcript is received. *See id*. at ¶ 3. The Confidentiality Agreement includes a specific procedure governing the filing of discovery materials that have been designated as confidential:

> Any party wishing to file with the Court deposition exhibits, produced materials, answers to interrogatories or requests for admissions, pleadings, and other documents that have been duly designated by any of the parties as "Confidential" or "Highly Confidential" or pleadings and memoranda purporting to reproduce, quote, summarize, paraphrase, or otherwise disclose such confidential information, **shall provide seven (7) calendar days written notice to the designating party of the information or documents to be disclosed and the particularized need to file said material to allow the designating party to seek entry of an order prohibiting the filing or permitting the filing only under seal**, and shall not file such materials until seven (7) calendar days have passed without the designating party filing its motion, or if such motion is filed, until three (3) business days after the Court has ruled on the motion, unless the Court has permitted filing under seal. No party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

*See id*. at ¶ 5 (emphasis supplied).

Therefore, under the Confidentiality Agreement, if the party producing a document or testimony designates it confidential, and the receiving party wishes to file the purportedly confidential material, the receiving party must notify the designating party. At that point, the burden is on the party designating the information as confidential to file a motion to seal if it wishes to maintain the confidentiality designation. This procedure makes practical sense because, as the party designating material confidential, it presumably understands why the material is confidential and can articulate that to the court in the motion to seal. Otherwise, the party receiving confidential material may be put in the awkward position of having to file a motion to seal a document that it knows nothing about, including why it has been designated confidential. *See* L.R. 1.09 (describing the burden that must be met by a party requesting that a document be filed under seal); *Capsmith, Inc v. Wysopal*, No. 6:07-cv-1572-Orl-22KRS, 2009

WL 277075, *1 (M.D. Fla. Feb. 5, 2009) ("It is, however, the burden of the party asserting the protection to establish that a document should be filed under seal, not the opposing party who wishes to rely on the document.").

On June 29, 2016, Plaintiff took the deposition of Defendants' corporate representative, Joshua Donham. During the deposition, Defendants designated all of Mr. Donham's testimony as confidential under the Confidentiality Agreement.

In a July 27, 2016 email, Plaintiff gave notice to Defendants that in connection with Plaintiff's forthcoming motions to compel and supplementing the record on the pending Motion for Class Certification (Doc. 32), it intended to file the transcript of Mr. Donham's deposition and two exhibits marked at the deposition (a Delinquent Assessment Proceeds Purchase Agreement and an Owner List). *See* **Exhibit 2**. Consequently, under the terms of the Confidentiality Agreement, Defendants had 7 days in which to file a motion to seal Mr. Donham's deposition transcript and the exhibits if they wished to maintain their confidentiality designations.

In a response email dated July 27, 2016, Defendants designated portions of Mr. Donham's testimony as confidential based on their assertions that the testimony discussed confidential documents, internal business practices, or a sensitive proprietary database. *See* **Exhibit 3**. Defendants offered nothing to support these cryptic descriptions of Mr. Donham's purportedly confidential testimony. Defendants also took the position that the Delinquent Assessment Proceeds Purchase Agreement and the Owner List were confidential. *See* **Exhibit 4**.

Thereafter, Plaintiff filed two motions to compel (Docs. 86 and 87) that rely, in part, on Mr. Donham's testimony and the exhibits. Because Defendants had designated these materials confidential, Plaintiff could not file them with the motions to compel. *See* Doc. 86 at Exh. 5;

4

Doc. 87 at Exh. 3.  In addition, under the current case management deadlines, Plaintiff has a deadline of August 29, 2016 in which to supplement its Motion for Class Certification.  *See* Endorsed Order at Doc. 77.  At that time, because Plaintiff will rely on Mr. Donham's testimony to support its Motion for Class Certification, Plaintiff intends to file the transcript at that time (under seal if required, not under seal if the Motion to Seal is denied).

On August 3, 2016, Defendants filed the Motion to Seal.  Defendants did so timely under the Confidentiality Agreement.  Surprisingly, although Defendants only designated portions of Mr. Donham's testimony as confidential, *see* Exh. 3, in the Motion to Seal, Defendants ask the Court to permit them to file the **entire transcript** under seal – without articulating which portions of the transcript they consider confidential.  Defendants request that the transcript be sealed because "**confidential information** regarding LMF and BLG's business practices, proprietary software, **trade secrets**, and non-party clients will be disclosed to not only competitors in the niche market that Defendants serve, but also to adverse non-party debtors." Motion to Seal at p. 5 (emphasis supplied).  Defendants argue that the Delinquent Assessment Proceeds Purchase Agreement "must be sealed because, if publicly filed, confidential information going to the heart of LMF's business practices will be made publicly available," and argue that the Owner List "represents confidential information obtained from a law firm regarding debtors to whom BLG has sent correspondence."  *See id.* at pp. 5-6.

Notably, however, although Defendants quote Local Rule 1.09, they provide **<u>no evidence to support its cryptic and conclusory assertions that the deposition testimony and the exhibits are "confidential."</u>**  Without such evidence, the Court has no way to determine whether there is good cause to seal the documents because doing so would limit the common law right of access to judicial proceedings.  Therefore, the Court must deny the Motion to Seal.

5

**LEGAL STANDARD**

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Comm'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Id*. The common law right of access applies to "material filed in connection with pretrial motions that require judicial resolution of the merits." *Id*. at 1312. This includes motions for class certification. *See, e.g., Schojan v. Papa John's Int'l, Inc.*, No. 8:14-cv-1218-T-33MAP, 2014 WL 4674340, *1 (M.D. Fla. Sept. 18, 2014) (denying motion to seal motion for class certification based on the common law right of access to judicial proceedings).

The common law right of access is not absolute, however, and may be overcome based on a showing of good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). To determine if there is good cause, a court must balance the asserted right of public access against the opposing party's interest in keeping the information confidential. *Id*. at 1246. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id*.

With respect to motions to seal, it "is the burden of the party seeking the protection to establish that the document should be filed under seal." *F.T.C. v. Alcoholism Cure Corp.*, No. 3:10-cv-266-J-34TEM, 2010 WL 4840046, *4 (M.D. Fla. Nov. 23, 2010).

Importantly, a motion to seal asserting that documents should be sealed because they are confidential must include evidence supporting those assertions. Without such evidence, a motion to seal must be denied. *Diaz-Granados v. Wright Med. Tech., Inc.*, 6:14-cv-1953-Orl-28TBS, 2016 WL 1090060, *3 (M.D. Fla. March 21, 2016) ("Defendant has not presented any evidence to support its general claim that the information in the deposition transcripts is confidential. Consequently, the good cause requirement has not been satisfied and the motion to seal is DENIED."); *Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, *3 (M.D. Fla. Oct. 8, 2015); *Capsmith*, 2009 WL 277075 at *1; *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-cv-1703-Orl-19KRS, 2007 WL 1753066, *2 (M.D. Fla. June 16, 2007).

With respect to purported "trade secrets," the burden of demonstrating the elements of a trade secret is on the party seeking to protect the information. *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (*citing* § 688.002(4), Fla. Stat.). "Information that is generally known or readily accessible to third parties cannot qualify for trade secret protection." *Id.*; *see also Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, **his property right is extinguished**.") (citations omitted; emphasis added).

In *American Red Cross,* in attempting to establish that a customer list was a trade secret, the court concluded that the plaintiff was not "particularly careful to protect the secrecy of its lists of names" and that the employment agreements did not protect the identities of its donors.

7

*American Red Cross*, 143 F.3d at 1410. Similarly, in *GPS Indus., LLC v. Lewis*, 691 F. Supp. 2d 1327, 1335 (M.D. Fla. 2010), the court concluded that the plaintiff's business plans were not trade secrets because it failed to show that they derive economic value from not being readily ascertainable by others, or that they were the subject of reasonable efforts to maintain their secrecy.

Moreover, sharing information with others is evidence of a failure to take reasonable efforts to maintain secrecy. *See Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1287 (M.D. Fla. 2001) ("because of the public nature of the information contained in the park list and park data file, Plaintiffs cannot contend that this information was the subject of secrecy" because "Plaintiffs shared their park list and park data file with others"; "As such, Plaintiffs cannot maintain that they took reasonable efforts to protect the secrecy of their park list and park data file.").

Further, the failure to identify a document as "confidential" on its face is further evidence of a failure to take reasonable efforts to maintain its secrecy. *See Sepro Corp. v. Florida Dept. of Envtl. Prot.*, 839 So. 2d 781, 784 (Fla. 1st DCA 2003); *In re Maxxim Med. Group, Inc.*, 434 B.R. 660, 691-692 (Bankr. M.D. Fla. 2010) ("neither the trays nor the bills of material were ever marked confidential and there were no restrictions placed on the hospital's distribution of trays or bills of material"; "The fact that Maxxim took no measures to protect this alleged secret demonstrates that Maxxim never had such a belief and that Maxxim never considered this information to be 'secret.'")

Further, Rule 1.09 of the Local Rules for the Middle District of Florida provides that a party seeking to file a motion under seal must include in the motion (1) why filing the item is necessary, (2) why the seal is necessary, (3) why a means other than sealing is unavailable or

8

unsatisfactory to preserve the moving party's interest in the seal, (4) the proposed duration of the seal, and (5) a memorandum of legal authority supporting the seal. L.R. 1.09(a).

When ruling on a motion to seal, in addition to determining whether the party has complied with Local Rule 1.09(a), the Court must consider the common law right of the public to access judicial records. *See Barkley*, 2015 WL 5915817 at *2 (*citing In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)); *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 6611006, *2 (M.D. Fla. Nov. 21, 2014) ("In addition to the technical requirements of the Court's Local Rules, the law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings.").

Finally, although the parties may have a confidentiality agreement, such an agreement does not by itself authorize a motion to seal documents designated confidential. *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, No. 3:03-cv-800-J-99TEM, 2005 WL 2063785, *7 (M.D. Fla. Aug. 18, 2005) ("whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential"); *RES Dev. Corp. v. Momentive Performance Materials, Inc.*, No. 5:09-cv-491-Oc-32JBT, 2011 WL 2618895, *2 (M.D. Fla. July 1, 2011) ("While the Court recognizes that the parties agreed to the Stipulated Protective Order. . . , the Court reminds the parties that whether documents may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential."); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010) ("The parties' stipulation to seal the [compromise] agreement (and the absence of a third-party objection to the sealing the compromise agreement) fails to justify a seal.").

## ARGUMENT

In the Motion to Seal, Defendants argue that Mr. Donham's testimony deals with "sensitive issues such as the internal business practices of LMF and BLG, proprietary software developed to support these practices, and documents containing information related to non-party debtors." Motion to Seal at p. 2. Defendants also argue that Mr. Donham's testimony contains "confidential information regarding LMF and BLG's business practices, proprietary software, trade secrets." *Id*. at p. 5. Defendants argue that because the Delinquent Assessment Proceeds Purchase Agreement "is a customized document going to the heart of LMF's business operations" and the Owner List "contains debtor information gleaned from a collecting law firm's files," the documents are "highly sensitive." *Id*. at p. 2.

Defendants acknowledge that the common law right of access applies here, and that they must overcome that right by showing good cause. *Id*. at p. 9.[1] Defendants argue, however, that they have established good cause based on their bare assertions that the transcript, the Delinquent Assessment Proceeds Purchase Agreement, and the Owner List contain confidential information.

They have not because, significantly, Defendants filed **no evidence** to support their arguments that these materials are confidential, are proprietary, or contain trade secrets. Because Defendants have merely offered general and conclusory statements that the transcript, Delinquent Assessment Proceeds Purchase Agreement, and Owner List contain "confidential

---

[1] Although Defendants argue that the common law right of access would not apply to the Motion to Seal with respect to Plaintiff's request to file the transcript, Delinquent Assessment Proceeds Purchase Agreement, and Owner List in connection with its Motions to Compel, *see* Motion to Seal at 8, because Plaintiff also seeks to file the transcript, Delinquent Assessment Proceeds Purchase Agreement, and Owner List in support of its Motion for Class Certification, this distinction is irrelevant and a moot point. Because Plaintiff seeks to file these materials in support of its Motion for Class Certification, the common law right of access to judicial proceedings applies here, which Defendants cannot overcome without demonstrating good cause. *See Schojan*, 2014 WL 4674340 at * 2.

information," Defendants have not demonstrated the good cause necessary to overcome the common law right of access to judicial records. *See Diaz-Granados*, 2016 WL 1090060 at *3 (denying motion to seal because the defendant did not presented any evidence that deposition transcripts were confidential); *see also Barkley*, 2015 WL 5915817 at *3; *Capsmith*, 2009 WL 277075 at *1; *Horowitch*, 2007 WL 1753066 at *2. In addition, the fact that Plaintiff and Defendants have a confidentiality agreement does not warrant a seal. *See Johnson & Johnson Vision Care*, 2005 WL 2063785 at *7; *RES Development Corp.*, 2011 WL 2618895 at *2; *Dees*, 706 F. Supp. 2d at 1246.

Specifically, with respect to Defendants' argument that Mr. Donham's testimony contains "confidential" information about Defendants' "business practices, proprietary software, [and] trade secrets," Defendants supplied no evidence to support these bare assertions. When seeking protection for confidential records and purported trade secrets, as the Eleventh Circuit has made clear, the burden was on Defendants to demonstrate that these materials constitute trade secrets and are confidential. *See American Red Cross*, 143 F.3d at 1410. By filing no evidence whatsoever to support its conclusory assertions, Defendants have not met their burden. Therefore, the Court must deny the Motion to Seal.

Furthermore, with respect to the Delinquent Assessment Proceeds Purchase Agreement, on at least 4 separate occasions, substantially similar purchase agreements that LMF has entered into that relate to other properties have been filed in the public records of Florida's state and federal courts – apparently without any attempts by Defendants to maintain their confidentiality or file them under seal.

**First**, in *Solaris at Brickell Bay Condo Associations, Inc. v. LM Funding, LLC*, No. 2014-20043-CA-01 (40) (Fla. 11th Jud. Cir. Ct.), a class action case pending in Miami-Dade County,

Florida, the Second Amended Class Action Complaint, dated April 29, 2015, attached a "Delinquent Assessment Proceeds Purchase Agreement" as an exhibit. Notably, this "Delinquent Assessment Proceeds Purchase Agreement" is substantially similar to the agreement claimed confidential here in the Motion to Seal. *See* **Exhibit 5** (Second Amended Complaint at ¶ 78 and Exh. B ["LM Funding, LLC Delinquent Assessment Proceeds Purchase Agreement," dated August 4, 2011]).

**Second**, in an action pending in Pasco County, Florida, *Glendale Villas Condominium Association, Inc. v. AGM Investors, LLC*, No. 51-2012-CA-003687 (Fla. 6th Jud. Cir. Ct.), an affidavit was filed in the case that attaches a substantially similar "Delinquent Assets Purchase Agreement," yet no motion to seal appears to have been filed. *See* **Exhibit 6** (Affidavit of Anthony Marsella at ¶ 6 and Exh. C ["LM Funding, LLC Delinquent Assessment Proceeds Purchase Agreement," dated November 19, 2008]).

**Third**, in *The Grand Reserve Condominiums Association at Tampa, Inc. v. LM Funding, LLC*, No. 8:13-ap-00720-CPM (Bankr. M.D. Fla.), the Notice of Filing Affidavit of Sean D. Galaris, dated September 26, 2013, attaches a substantially similar "Delinquent Assessments Proceeds Purchase Agreement" without any corresponding motion to seal. Mr. Galaris testified that he is the president of LMF. *See* PACER case docket at Docs. 13 and 13-1 (Affidavit of Sean D. Galaris at ¶¶ 3-6 and Exh. A ["LM Funding, LLC Delinquent Assessment Proceeds Purchase Agreement," dated January 22, 2009]). This same Delinquent Assessment Proceeds Purchase Agreement regarding the Grand Reserve Condominiums property was also filed in the corresponding bankruptcy action, *In re The Grand Reserve Condominiums Association at Tampa, Inc.*, No. 8:13-bk-07406-CPM (Bankr. M.D. Fla.), as an exhibit to a motion called "Debtor's Motion for Authority to Reject Executory Contracts with LM Funding, LLC," dated

June 5, 2013, again without any corresponding motion to seal. *See* PACER case docket at Doc. 8 (Debtor's Motion for Authority to Reject Executory Contracts with LM Funding, LLC at ¶ 6(a) and Exh. A ["LM Funding, LLC Delinquent Assessment Proceeds Purchase Agreement," dated January 22, 2009]).

**Fourth**, in an action pending before this Court, *Kamra v. Business Law Group, P.A.*, No. 8:16-cv-786-T-36TBM, the Class Action Complaint and Demand for Jury Trial, dated March 31, 2016, attaches a substantially similar "Purchase Agreement," yet no motion to seal was filed in that case. *See* PACER case docket at Doc. 2 (Class Action Complaint and Demand for Jury Trial at ¶ 29 and Exh. B ["LM Funding, LLC Delinquent Assessment Proceeds Purchase Agreement," dated November 18, 2011]).

Notably, in each of these cases, Defendants failed to take any action to protect this purportedly confidential Delinquent Assessment Proceeds Purchase Agreement which, Defendants argued in the Motion to Seal, would cause "significant financial harm" if it were publicly available. As is clear, documents substantially similar to the Delinquent Assessment Proceeds Purchase Agreement that Defendants are attempting to seal are generally known or readily accessible to third parties because they have been publicly disseminated in court filings in other cases. Therefore, Defendants have not engaged in reasonable efforts to maintain their secrecy, which contravenes their arguments that the Delinquent Assessment Proceeds Purchase Agreement is confidential.

In sum, it was Defendants' burden to establish that these materials should be filed under seal. Because they failed to demonstrate the necessary good cause, the Court must deny the Motion to Seal.

## CONCLUSION

Defendants have not supplied the Court with any evidence to support its bare arguments that the Donham transcript, the Delinquent Assessment Proceeds Purchase Agreement, and the Owner List are confidential and must be sealed. Consequently, the Court should deny the Motion to Seal.

**[Attorney's signature appears on the following page.]**

Respectfully submitted,

Kenneth G. Turkel, Esq.     FBN 867233
Email: kturkel@bajocuva.com
Brad F. Barrios, Esq.     FBN 35293
Email: bbarrios@bajocuva.com
**BAJO | CUVA | COHEN | TURKEL**
100 North Tampa Street, Suite 1900
Tampa, Florida 33602
(813) 443-2199 (telephone)
(813) 443-2193 (facsimile)

  /s/ *J. Daniel Clark*
J. Daniel Clark, Esq.     FBN 0106471
Email: dclark@clarkmartino.com
Matthew A. Crist, Esq.     FBN 0035539
Email:  mcrist@clarkmartino.com
**CLARK & MARTINO, P.A.**
3407 W. Kennedy Boulevard
Tampa, FL 33609
(813) 879-0700 (telephone)
(813) 879-5498 (facsimile)

**Counsel for Plaintiff**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 22, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

               */s/ J. Daniel Clark*
               Attorney