**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND I TRUST, individually
and on behalf of those similarly situated,

   Plaintiff,        Case No. 8:15-cv-2831-T36-TGW

vs.

BUSINESS LAW GROUP, P.A.
LM FUNDING, LLC and
BRUCE RODGERS,

   Defendants
_____/

**DEFENDANTS BUSINESS LAW GROUP, P.A.,
LM FUNDING, LLC, AND BRUCE RODGERS' ANSWER AND DEFENSES TO
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

   Defendants, Business Law Group, P.A. ("BLG"), LM Funding, LLC ("LMF"), and

Bruce Rodgers (collectively, "Defendants"), hereby file their Answer and Defenses to

Plaintiff's Class Action Complaint and Demand for Jury Trial (the "Complaint"), and answer

each numbered paragraph of the Complaint as follows:

**Parties, Jurisdiction, and Venue**

   1.  Denied.

   2.  Denied.

   3.  Defendants are without knowledge and therefore deny the allegations in this

paragraph.

   4.  Admitted.

5.      Admitted.

6.      Admitted.

## Introduction

7.      Denied.

8.      Denied.

9.      The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10.      The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.      Denied.

12.      Denied.

13.      Denied.

14.      Denied.

## Community Associations

15.      Without knowledge and therefore denied.

16.      Without knowledge and therefore denied.

17.      The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18.      Admitted that Fla. Stat. § 718.103(1) defines assessment. To the extent a response to this allegation is otherwise required, denied.

19.      Admitted that Fla. Stat. § 720.301(1) defines assessment. To the extent a response to this allegation is otherwise required, denied.

20.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21.     Without knowledge and therefore denied.

22.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

25.     Defendants admit that there are times when an Association member defaults on his or her assessment obligations. Defendants also admit that Association members are at times subject to mortgage foreclosure actions. Defendants are without knowledge and therefore deny the other allegations of this paragraph.

26.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent that any response is required, the allegations are denied.

27.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent that any response is required, the allegations are denied.

28.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

29.     Defendants are without knowledge and therefore deny the allegations of this paragraph.

30.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

### The Defendants and Their Knowledge of the Condo and HOA Statutes

31.     Denied.

32.     Denied.

33.     Defendants admit that LMF and BLG are located on the same floor of an office building. Defendants deny that LMF and BLG share common expenses.

34.     Defendants admit that LMF is a wholly-owned subsidiary of LM Funding America, Inc. which filed a public offering with the Securities and Exchange Commission. The allegations of this paragraph referencing contents of a Form S-1 require no response. Defendants deny all other allegations in this paragraph.

35.     Admitted.

36.     Denied.

37.     Admitted that LMF has entered into contracts with Associations known as Delinquent Assessment Proceeds Purchase Agreements ("Purchase Agreements"). Denied as to the remainder.

38.     The allegations of this paragraph relate to the contents of documents which are not attached to the Complaint and require no response; therefore, denied.

39.     The allegations of this paragraph relate to the contents of documents which are not attached to the Complaint and require no response; therefore, denied.

40.     The allegations of this paragraph relate to the contents of documents which are not attached to the Complaint and require no response; therefore, denied.

41.     Denied.

42.     Denied.

43.     Defendants admit that they know of Fla. Stat. §§ 720.3085(2)(c) and 718.116(b)(1). Otherwise, denied.

44.     The allegations of this paragraph relate to the contents of documents which are not attached to the Complaint and require no response; therefore, denied.

45.     The allegations of this paragraph relate to the contents of documents which are not attached to the Complaint and require no response; therefore, denied.

46.     Defendants admit that LMF's Association clients have been sued in declaratory judgment actions; Defendants otherwise deny the allegations in this paragraph.

47.     The allegations in this paragraph contain legal conclusions to which no response is required. Defendants deny that every Court interpreting the Statutes has found that BLG, on behalf of an Association client, is not entitled to amounts in excess of the "safe harbor" amount. To the extent that any further response is required, Defendants deny the allegations.

48.     The allegations of this paragraph relate to the contents of documents which require no response from Defendants. To the extent a response is required, the allegations are denied.

49.     Denied.

## The Statutes Adversely Affect Defendants' Business Model

50.     Denied.

51.     The allegations of this paragraph relate to the contents of documents and therefore no response is required. To the extent a response is required, the allegations are denied.

52.     The allegations of this paragraph relate to the contents of documents and therefore no response is required. To the extent a response is required, the allegations are denied.

53.     Denied.

54.     The allegations of this paragraph contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

55.     The allegations of this paragraph relate to the contents of documents and therefore no response is required. To the extent a response is required, the allegations are denied.

56.     Denied.

### The Defendants' Routine Practice in Violation of the Statutes

57.     Denied.

58.     Defendants admit that the Association is BLG's client. Otherwise, denied.

59.     Denied.

60.     Defendants are without knowledge and therefore deny the allegations of this paragraph.

61.     Denied.

62.     Denied.

63.     Denied.

64. Denied.

65. Defendants are without knowledge and therefore deny the allegations of this paragraph.

66. Defendants are without knowledge and therefore deny the allegations of this paragraph.

### Plaintiff's Encounters With Defendants

67. Defendants are without knowledge and therefore deny the allegations of this paragraph.

68. Defendants admit that Plaintiff has been involved in foreclosure actions against LMF and BLG Association clients in the past. Defendants are otherwise without knowledge and therefore deny the remaining allegations of this paragraph.

69. Without knowledge and therefore denied.

70. Denied.

71. Admitted.

72. Without knowledge and therefore denied.

73. Without knowledge and therefore denied.

74. Denied.

75. The allegations of this paragraph relate to the contents of documents and therefore do not require a response. Defendants admit that the document attached as Exhibit C to the Complaint is a true and correct copy of an estoppel certificate sent by BLG. LMF and Mr. Rodgers are without knowledge as to the allegations in this paragraph, therefore denied. Defendants deny all other allegations.

76.     Denied.

77.     Defendants are without knowledge as to whether the persons contacting BLG were actually Plaintiff's representatives, therefore the related allegations of this paragraph are denied. The further allegations of this paragraph relate to the contents of documents which require no response. BLG admits that the document attached as Exhibit D to the Complaint is a true and correct copy of an estoppel certificate sent by BLG. LMF and Mr. Rodgers are without knowledge as to the allegations in this paragraph, therefore denied. Defendants deny all other allegations.

78.     Defendants are without knowledge as to whether the persons contacting BLG were actually Plaintiff's representatives, therefore the related allegations of this paragraph are denied. The further allegations of this paragraph relate to the contents of documents which require no response. BLG admits that the document attached as Exhibit E to the Complaint is a true and correct copy of an estoppel certificate sent by BLG. LMF and Mr. Rodgers are without knowledge as to the allegations in this paragraph, therefore denied. Defendants deny all other allegations.

79.     Defendants are without knowledge as to whether the persons contacting BLG were actually Plaintiff's representatives, therefore the related allegations of this paragraph are denied. BLG admits that BLG received correspondence related to Solaire Unit 1308 on March 26, 2015. LMF and Mr. Rodgers are without knowledge as to the allegations in this paragraph, therefore denied. Defendants otherwise deny the allegations of this paragraph.

80.     BLG admits that BLG offered to settle the matter and that BLG defended the referenced lawsuit on behalf of its client. LMF and Mr. Rodgers are without knowledge as to

the allegations in this paragraph, therefore denied. Defendants otherwise deny the allegations of this paragraph.

81.     Defendants admit that the document attached as Exhibit F to the Complaint is a true and correct copy of an estoppel certificate sent by BLG. The further allegations of this paragraph relate to the contents of documents which require no response. Defendants deny all other allegations.

82.     This paragraph consists of conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

83.     Defendants are without knowledge and therefore deny the allegations in this paragraph.

## CLASS REPRESENTATION ALLEGATIONS

84.     Denied.

85.     Denied.

86.     Defendants are without knowledge as to the number of members of the proposed Plaintiff class and therefore deny this paragraph's allegations. Defendants deny that the identities of the members of the proposed Plaintiff class "are within the knowledge of and can be ascertained from the records of Defendants."

87.     Defendants are without knowledge and therefore deny the allegations of this paragraph.

88.     Denied.

89.     Denied.

90.     Denied.

    a.    Denied.

    b.    Denied.

    c.    Denied.

    d.    Denied.

    e.    Denied.

91.    Defendants are without knowledge and therefore deny the allegations of this paragraph.

92.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required; Defendants are without knowledge and therefore deny the allegations of this paragraph.

93.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required; Defendants are without knowledge and therefore deny the allegations of this paragraph.

94.    Denied.

## COUNT I
## DECLARATORY RELIEF

95.    Defendants reallege their responses to paragraphs 1 through 94 above as if reincorporated fully herein.

96.    Denied.

97.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

98.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

99.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Defendants are without knowledge of Plaintiff's position and therefore deny the allegations of this paragraph.

104.    Defendants are without knowledge of Plaintiff's doubts or positions related to the Statutes and therefore deny the allegations of this paragraph.

105.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

106.    Defendants are without knowledge and therefore deny the allegations of this paragraph.

107.    Denied.

108.    Defendants are without knowledge and therefore deny the allegations of this paragraph.

109.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II
## VIOLATION OF THE DECEPTIVE AND
## UNFAIR TRADE PRACTICES ACT – INJUNCTIVE RELIEF

110.    Defendants reallege their responses to paragraphs 1 through 94 above as if reincorporated fully herein.

111.    Denied.

112.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

113.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Defendants are without knowledge as to what Plaintiff is seeking and therefore deny the allegations of this paragraph.


**COUNT III**
**VIOLATION OF THE DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT – INJUNCTIVE RELIEF**

118.    Defendants reallege their responses to paragraphs 1 through 94 above as if reincorporated fully herein.

119.    Denied.

120.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

121.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Defendants are without knowledge as to what Plaintiff is seeking and therefore deny the allegations of this paragraph.

## COUNT IV
## UNJUST ENRICHMENT

127.    Defendants reallege their responses to paragraphs 1 through 94 above as if reincorporated fully herein.

128.    Denied.

129.    Denied.

130.    Denied.

## COUNT V
## CIVIL CONSPIRACY

131.    Defendants reallege their responses to paragraphs 1 through 94 above as if reincorporated fully herein.

132.    Denied.

133.    Defendants admit that BLG sent estoppel certificates to Plaintiff. Denied as to the remainder.

134.    Denied.

## COUNT VI
## RESTITUTION

135.    This claim has been dismissed and no response is required.

136.    This claim has been dismissed and no response is required.

137.    This claim has been dismissed and no response is required.

138.    This claim has been dismissed and no response is required.

139.    This claim has been dismissed and no response is required.

140.    This claim has been dismissed and no response is required.

141.    This claim has been dismissed and no response is required.

**Any allegation in the Complaint, including any allegations in any prayer for relief, which is not expressly and specifically admitted in the foregoing Answer, is hereby denied.**

## DEFENSES

### General Allegations Relating to All Defenses

On information and belief, following a reasonable investigation under the circumstances and without assuming any obligation of pleading or burden of proof beyond that legally required to be borne by Defendants, and pursuant to Federal Rules of Civil Procedure 8(c) and 12(b), Defendants allege the following additional matters in defense of Plaintiff's claims:

A.    Plaintiff settled its claims against Defendants related to Solaire Unit 1308 by accepting a settlement offer made on September 14, 2015.

B.    Plaintiff made a payment of $4,918.90 to BLG with full knowledge of the facts of the claim asserted against it with respect to Solaire Unit 1308.

C.    Plaintiff's payment of $4,918.90 was for the settlement of Plaintiff's claims against the Solaire Association and Defendants with respect to Solaire Unit 1308.

D.    Plaintiff has not named the Solaire Association as a party to this proceeding.

E.    Plaintiff was not entitled to "safe harbor" under Fla. Stat. § 718.116(b)(1) with regard to Solaire Unit 1308.

F.      At all times relevant hereto, Defendant, Bruce Rodgers, was acting within the scope of his employment or position as an officer or director of either with BLG or LM Funding America, Inc.

G.      Many of the members of the proposed class have settled the claims for which Plaintiff seeks damages and injunctive relief.

H.      Plaintiff and most, if not all, of the members of the proposed class have made a voluntary payment.

I.      Plaintiff and many of the members of the proposed class have executed releases, releasing claims asserted in the Complaint.

J.      Plaintiff and many of the members of the proposed class have not suffered any recoverable injury.

K.      Many of the members of the proposed class have had their claims determined in orders which are now final and non-appealable.

Based on the contents of Defendants' Answer to paragraphs 1 through 134 of Plaintiff's Complaint, and the contents of paragraphs A through K (which are pled to provide factual support for Defendants' defenses, and which are incorporated by reference into each of the paragraphs below), and based on such additional matters stated in any party's pleading or revealed in the course of investigation and discovery in this case, Defendants assert that Plaintiff's and the Plaintiff Class' claims are barred, in whole or in part, by the following defenses:

<u>**First Defense**</u>

Plaintiff's claims, and the proposed class claims, are barred due to failure to state a claim upon which relief may be granted.

**Second Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because they have compromised or settled their claims against Defendants.

**Third Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because they have released Defendants from the claims asserted in this lawsuit.

**Fourth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by the voluntary payment doctrine because they have voluntarily made payment to Defendants under a claim of right with full knowledge of the facts.

**Fifth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by the doctrine of waiver. Specifically, Plaintiff and the proposed Plaintiff Class members voluntarily relinquished a known right (i.e., the underlying claims in this lawsuit).

**Sixth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by the doctrine of estoppel. Specifically, Plaintiff and the proposed Plaintiff Class members represented that they would accept and pay the amount at issue, and Defendants reasonably relied and changed their position based on these representations and payment.

**Seventh Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by the doctrine of judicial estoppel in that some of these claims have been determined in final, non-appealable orders.

**Eighth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by res judicata.

**Ninth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because the estoppel certificates sent were correct as a matter of law.

**Tenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by the failure to join an indispensable party to this action. Specifically, Plaintiff has not joined the applicable associations.

**Eleventh Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by the intracorporate conspiracy doctrine because a corporation's and/or professional association's officers, directors, or employees, acting as agents of the corporation or professional association, are incapable of conspiring with the corporation and/or professional association.

**Twelfth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred due to the absence of any underlying tort upon which to base any conspiracy.

**Thirteenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because Defendants do not have the burden of proving entitlement to "safe harbor" status under Florida Statutes §§ 720.3085(2)(c) and 718.116(b)(1).

**Fourteenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred by collateral estoppel.

**Fifteenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because they do not have standing to assert the proposed claims.

**Sixteenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because the alleged conduct falls under the litigation privilege.

**Seventeenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred for the reasons set forth in Defendants' Motion to Dismiss.

**Eighteenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because they were not brought within the applicable statute of limitations.

**Nineteenth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because the conduct alleged is protected by Noerr-Pennington or First Amendment immunity.

**Twentieth Defense**

Plaintiff and members of the proposed Plaintiff Class' claims are barred because the state of the law regarding "safe harbor" under 720.3085(2)(c) and 718.116(b)(1) is unsettled.

Defendants reserve all rights they may have to assert such other and further matters as may exist or appear by way of defense. Defendants note that its investigation and discovery in this action has just commenced and is ongoing, and reserve the right to assert any other and further defenses as may be available.

WHEREFORE, Defendants seek entry of final judgment in their favor and against Plaintiff, and an award of attorneys' fees, costs and expenses incurred in their defense to the extent such an award is authorized under any public or private law, rule of court, or other doctrine or principle applicable to this action, together with such other and further relief as may be available under the circumstances.

/s/ *William A. McBride*
CHARLES M. HARRIS, JR., FBN 967459
charris@trenam.com / gkesinger@trenam.com
JOHN D. GOLDSMITH, FBN 0444278
jgoldsmith@trenam.com / mgarcia@trenam.com
STEPHANIE S. LEUTHAUSER, FBN 0044981
sleuthauser@trenam.com / jamer@trenam.com
WILLIAM A. McBRIDE, FBN 112081
bmcbride@trenam.com / lbehr@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
   FRYE, O'NEILL & MULLIS, P.A.
200 Central Avenue, Suite 1600
St. Petersburg, FL  33701
(727) 896-7171 / (727) 820-0835 (facsimile)
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

/s/ *William A. McBride*
Attorney

11188176v1-152686